UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

FILED

MAR 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THOMAS D. BROWN, SR., )
3162 17TH STREET N.W. )
WASHINGTON, D.C. 20010-2748 )
)
  PLAINTIFF, )
)   Case: 1:07-cv-00509
)   Assigned To : Urbina, Ricardo M.
)   Assign. Date : 03/19/2007
VS. )   Description: BROWN V. HENRY M. PAULSON, JR.
)
)
HENRY M. PAULSON, JR., )
SECRETARY )
UNITED STATES TREASURY )
DEPARTMENT )
1500 PENNSYLVANIA AVENUE, )
NW, WASHINGTON, D.C. 20220 )
)
  DEFENDANT. )
_____)

RECEIVED
FEB 2 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### I.

### INTRODUCTION

1. This is a complaint for injunctive and declaratory relief brought by the Plaintiff, for a violation of his civil rights under the provisions of Title VII. In particular Plaintiffs claim of reprisal arises out of the Defendant's acts of reprisal taken against him for filing a complaint of discrimination with the Office of Equal Employment Opportunity. Plaintiff also brings this action for the Defendant's failure to accommodate his disability in violation of his rights under the Americans with disabilities Act, and the Family Medical Leave Act (FMLA)

II.

## JURISDICTION

2. The jurisdiction of this honorable court is invoiced pursuant to the provisions of:

(a) 28 U.S.C.§ 1331 in that this case rises under the laws and constitution of the United States.

(b) 42 U.S.C.§ 2000e-16 in that this case is brought to preserve Plaintiffs civil rights under the provisions of the 1964 Civil Rights Act and one hundred and eighty days have lapsed since the filing of his EEO Complaint.

(c) 29 U.S.C. sec. in that this action is brought to preserve Plaintiff's civil rights under the provisions of American's with Disabilities Act...

(d) 5 U.S.C.-6381-6387 et seq. The statutory provisions are set fourth Regulations Promulgated 5 U.S. C .-6381 et seq. Regulations Promulgated by OPM. Are set fourth in 5CFR-630. 1201, 1202, 1203, (A)(4) 1205.... (FMLA) Family Medical Leave Act and LMR....

III.

## PARTIES

3. Plaintiff, Thomas D. Brown, Sr., is a black male employee who is employed as a Journeyman Photoengraver in the Engraving and Plating section of the United States Department of the Treasury, Bureau of Engraving and Printing. Plaintiff was SEPERATED from service on June 18, 2004-October 5, 2005

4. Defendant, Henry M. Paulson, Jr., is the Secretary of the Department of the Treasury and in such position is responsible for all administrative and personnel decisions of the Department.

2.

IV.
## **STATEMENT OF FACTS**

5. Plaintiff, Thomas D. Brown, Sr., an employee of the Department of the Treasury, whose position is located in the Photoengraving Branch Office of Engraving in 1999 and in the year 2000 had received ratings for each year of exceed standards but after he filed his EEO Complaint his evaluations were fully satisfactory. As an ongoing Pattern and Practice, on or around November 4, 2003, the Plaintiff was exceeded performance appraisal for the year ending September 30. My counter-partner had exceeded. The summary rating was Achieved Standard, with Achieved Standard rating on three of five critical job elements. The rating officials Was my first line my supervisor Mr. Patrick Reidy, and my second line supervisor Mr. Robert Bishop. In the critical elements Housekeeping is not mention nor is it a critical Element in- part of the Performance rating, this is clearly a form of harassment and retaliation by the supervisors.

6. On or about February 28 or March 1, 2001 Plaintiff had started to work and experienced pain in his lower back as a result of a job related injury. As a result thereof Plaintiff reported to work late. Prior to that date Plaintiff had as early as 1996 Plaintiff began to experience back pain due to an on the job injury. This injury was aggravated by subsequent on the job injuries in 1996 and 2001. As an ongoing Pattern and Practice of Discrimination by the Agency. On March 3, 2004 Complainant was harassed and retaliated against by supervisor (Mr. Patrick Reidy) for an assignment (SD) on March 9, 2004.

7. As a result of his back injuries Plaintiff suffers form constant lower back pain, pain in his back muscles, in his joints and in his legs. He has trouble bending, stooping, standing, pushing, pulling, and sitting for long periods of time with great difficulty. Plaintiff suffers from headaches, high blood pressure, diabetes and blurred vision. He presently on various types of medications for the pain he is presently experiencing.

8. On August 6, 1996 Larry E. Rolufs, Director, Bureau of Engraving and Printing established a Flexible and Compressed Work Schedule Program. This program required that every employee sign a memorandum designating his or her core work hours. Employees were allowed to work before or after their set duty hours, and could earn credit Hours for the time that they worked prior to or after their set duty hours. This system is still in effect and Plaintiff is a Flex-time employee. On or about August 6, 2001, Plaintiff supervisor Patrick Reidy, (Caucasian White male) and Robert W. Bishop, (Caucasian White male) second line supervisor, accused him with fraud on his time and attendance sheets.

8. (a.) On February 17, 2004, similar white's employees were treated better than most African Americans employees in there training request. In retrospect of the February 17, 2004 issue Manaement admitted the facts that the Agency was in violations of his Civil Rights in accordance with disable person under the American disability Act and the Family Medical Leave Act. (FMLA) Please review Investigators File for witnesses and Affidavit (Thomas Jefferson)

8. (b.) Inspite of the per-ponderous of evidence for Medical documentation since 1996 until the separation day from service. (June 18, 2004-October 5, 2005) The Agency continued to subject the Plaintiff to a hostile work environment by supporting and allowing Marjorie freeman on numerous occasions to violate the Plaintiff rights with unwelcome and unwanted behavior. Please refer to the BEP Manual of table of offences for federal employee(s).In or around January of 2004 the Plaintiff reported the incident to Mr. Patrick Reidy, the supervisor responded by saying to him and the shop delegate I don't have anything to do with that issue. Mr. Robert Bishop, second line supervisor responded by giving him a letter of warning and a suspension. They retaliated by giving the Plaintiff a letter of warning. Also, Plaintiff went to the third line supervisor Mr. Morres Manager and Finally the Fourth line supervisor to the Chief of The Office of Engraving Division.

9. However, although Plaintiff was on flex-time, on or about March 20, 2001 he was repertnanded for being two hours late. Moreover, it was not until April 18, 2001, that Plaintiff received a proposed notice that he was to be considered AWOL and docked for the time he was not at work. Plaintiff had no prior notice of any intention to place him on AWOL for his late arrival. Plaintiff thereafter filed an informal EEO complaint challenging the proposed Notice. On May 1, 2001, Robert Bishop, forty four days after the issuance of AWOL, issued a memorandum which rescinded the Notice of April 18, 2001. On the same date Plaintiff met with Mr. Bishop and informed him that he would not sign the document, and shook hands with him believing that the matter had been resolved. However, the Plaintiff was still charged with being AWOL allegedly because he would not sign the May 1, 2001 Memorandum. Also, on December 15, 2003 he was charged with AWOL. Ex.

10. On April 18, 2001 Plaintiff was given a notice of Proposed Suspension for three calendar days. The basis for the suspension was contained in three specifications of charges (1) Leaving the Section without Notifying the Supervisor; (2) Unavailable for work at the start of the shift; and (3.) Failure to Follow Instructions in a timely manner.

11. The charge that Plaintiff was not in the section on March 7, 2001 and had left without the supervisor's permission is without merit since Plaintiff at the time in question had been on the job assignment and completed it then returned back to his work station. It later came to lite that Management pull the time sheet tapes only to find out that the Plaintiff was correct for the time in question. When the investigator question Mr. Robert W. Bishop about the issue of time and failure to follow instructions in a timely manner was again without merit because Management decided to drop the charge of Unavailable for work at the start of the shift and failure to follow instruction in a timely manner. Please refer to the Investigators File on time and attendance. The agency decided to contra-verse the Plaintiff compensation case. Therefore by rescinding the 1/25/02 injury.

12. The charge that Plaintiff was unavailable for work at the start of the shift, was not supported by the agency's record Plaintiff had reported to work at 6:58 am and was requested as to assist Mr. Robert Babel to down load information from a disk onto his computer. Plaintiff had stopped eating his breakfast, to assist Mr. Babel. When he finished assisting Mr. Babel he returned to his work station and had resumed eating his breakfast when Mr. Bishop encountered him.

13. The third and final charge in the Notice of Proposed Suspension was that Plaintiff refused to meet Bishop in his Office and talk to him. In fact Plaintiff informed Mr. Bishop that he had not had an opportunity to eat his breakfast and that he had just taken his pain medication for the pain he was experiencing at that time. As soon as the pain subsided Plaintiff met with Mr. Bishop. As a result, Mr. Robert Bishop told the Plaintiff That he was going to be suspended for three days from his job because he failed to follow proper safety procedures.

14. On July 13, 2001 Plaintiff was given a notice of proposed suspension proposing to suspend him for 14 days. Plaintiff responded to the Notice of Proposed Suspension and on September 6, 2001 he was again suspended for a period of three days. The records of the Agency showed Plaintiff was neither late for work or had left early for the dates in question.

15. On or about December 10, 2001 Plaintiff received an Employee Performance Appraisal of Fully Satisfactory.

16. Prior to Plaintiff receiving the fully satisfactory he had filed three EEO Complaints with the Defendant. TD Number 99-1143, TD Number 96-1084, and TD

Number 96-1300.

17. The evaluation was given to Plaintiff by Mr. Robert Bishop who at the Time was the Acting Forman of the Photolitho section. Mr. Bishop was aware of Plaintiffs prior EEO activity since he testified as a principle witness in the hearing of Plaintiff s EEO complaint No.TD-96-1084.

18. During the period of the annual evaluation for the year 2000-2001 Plaintiff did not receive a mid year evaluation and was not given any indication that his job performance was deficient nor was he advised that he needed to make any improvement in his performance nor was he informed of any areas of performance which would hinder his receiving an outstanding rating. On February 17, 2004 plaintiff requested training, it was denied.

19. After he received an the Fully Satisfactory rating Plaintiff filed an EEO Complaint with his agency on January 28, 2002 and the Report of Investigation was issued on or about October of 2002.

20. As a result of the continued harassment in the form of adverse actions and continued hyper supervision of Plaintiffs work product, he was hospitalized twice once in January of 2002 and again in February of 2003. He was working in hostile working environment. On January 13, 2004 Plaintiff was insulted and threaten by a co-worker. (Marjorie Freeman)

21. Plaintiff filed an EEO Complaint relating to the above incidents to Management did nothing about violation of Marjorie Freeman first and the First line supervisor (Mr. Patrick Reidy) and this suit followed

7.

## VI.

## STATEMENT OF CLAIMS

1.

## REPRISAL

## ( SUSPENSIONS-ADVERSE ACTIONS)

22. Plaintiff incorporates by reference paragraphs 1-21 with Exhibits A-Z1-24 marked by letter herein. February 17, 2004

23. Plaintiff has engaged in prior EEO activity.

24. Plaintiff was subject to adverse action by his supervisor-he was placed on AWOL on March 20,1001 ; suspended for three days on or about May 18, 2001, and suspended again on September 6, 2001, AWOL on November 20, 2003, December 5, 2003 December 15, 2003, and January 13, 2003

25. The supervisors taking action against the Plaintiff were aware of his prior EEO activity. February 17, 2004, denial of training request and violation of medical doctor's orders.

26. The adverse actions occurred during the period of time Plaintiff was involved in a law suite against his employer the Department of the Treasurer in the United States Court for the District of Columbia. Exhibits A-Z1-24Marked by Letter Ex.

2.

## DISCRIMINATION BASED ON RACE

27. Plaintiff incorporates by reference paragraphs 1-21 and with Exhibits marked by letter starting from A-Z1-24though stated fully herein. As part of an ongoing Pattern and Practice of Discrimination by the agency.

28. Plaintiff submits that the decision to charge him AWOL was based on his race and

8.

Since no other similar white employee has been treated in this manner.

29. Plaintiff submits that the decision to suspend him for 3 days was based on his race since no other similar white employee has been treated in this manner.

30. Plaintiff submits that the decision to suspend him for 3 days in September of 2001 was based on his race.

31. Plaintiff submits that Fully Satisfactory Evaluation was given to him because of his race, participation, and coverage under the umbrella of the EEO process.

3.

## **DEFENDANT'S FAILED TO ACCOMMODATE PLAINTIFF'S DISABILITY**

32. Plaintiff incorporates by reference paragraphs 1-21 and with Exhibits marked by letter starting from A- Z1-24 as though fully stated herein.

33. On or about February 28 or March I, 2001 Plaintiff had started to work and experienced pain in his from lower back as a result of a job related injury. As a result thereof Plaintiff reported to work late. Prior to that date Plaintiff had as early as 1996 began to experience back pain due to an on the job injury. This injury was aggravated by subsequent on the job injuries in 1998 and 2001. As an ongoing Pattern and Practice of Discrimination, On December 5, 2003, December 15, 2003 Plaintiff asked for reasonable Medical Accommodations and support from the Agency.

34. As a result of his back injuries Plaintiff suffers form constant lower back pain and pain in his legs. He has trouble bending, stooping, pulling, pushing, standing, and sitting for long periods of time without great difficulty. Plaintiff suffers form headaches and blurred vision. He presently on various types of medications for the pain he is presently experiencing.

Defendants were aware of Plaintiffs disability and failed or refused to accommodate it even though Plaintiff was on Flex-time.

35. Wherefore based on the foregoing Plaintiff submits that he was discriminated against due to his disability.

4.

## HOSTILE WORK ENVIRONMENT

36. Plaintiff incorporates paragraphs 1-21 with Exhibits from A-Z1-24 marked by letter stated herein.

37. Plaintiff since the filing of his EEO complaints has been subject to close supervision by his supervisor.

38. He has been suspended twice although there was no basis for the adverse actions.

39. He has been improperly evaluated, falsely charged with time and attendance violations although unsupported by the time and attendance sheets, and November 20, 2003.

40. As a result of the agency's failure to properly accommodate Plaintiffs disability he has been working in a hostile working environment and has suffered sever physical and Mental Stress.

VII.

## PRAYER FOR RELIEF

Wherefore, based on the foregoing Plaintiff prays that this honorable court enter:

(a) Enter an Order finding that Plaintiff was discriminated against because of his Race, Reprisal, Age, and his Physical Disability,

10.

(b) Enter an Order finding that Plaintiff was subject to various acts of reprisal for

**Engaging in protected activity**

(c) Enter an Order finding that Plaintiff was discriminated against because of his

**Disability.**

(d) Enter an Order enjoining Defendant from any future acts of discrimination due to race or disability and or reprisal in the future.

(e) Enter an Order awarding Plaintiff back pay for the alleged adverse actions.

(e) Enter an Order finding that Plaintiff was subject to a hostile working environment.

(f) enter an Order awarding Plaintiff damages for the aggravation of his disability.

(g) Enter an order awarding Plaintiff reasonable attorney's fees

(h) Enter an order awarding Plaintiff damages in the amount of $300,000. (I) Enter an Order awarding Plaintiff back pay for the denial of his annual, sick leave, and Official time, worker's Compensation Benefits, health care retirement points, and other retroactive benefits of employment, he ask for Compensation Damages, he ask for time and Attendance Damages.

(j) Enter an Order awarding Plaintiff any other relief this honorable court deems Just and proper.

## VIII.

### JURY DEMAND

Plaintiff requests a trail by twelve jurors.

*[signature]*

2-21-2007

11.

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-509
RMU

## I (a) PLAINTIFFS
Thomas D. Brown

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE  (N/P)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS
Henry M. Paulson, Jr.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE T

Case: 1:07-cv-00509
Assigned To : Urbina, Ricardo M.
Assign. Date : 03/19/2007
Description: BROWN V. HENRY M. PAULSON, JR.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

4

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br><br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 2000

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $    Check YES only if demanded in complaint  JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☐ NO   If yes, please complete related case form.

DATE   SIGNATURE OF ATTORNEY OF RECORD
NCD

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips or completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

  I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

  III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

  IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

  VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

  VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.