UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS D. BROWN, Sr. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 1:07CV0509 (RMU) |
| | ) |
| HENRY M. PAULSON, Jr., Secretary | ) |
| United States Department of the Treasury, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**DEFENDANT'S RULE 16.3 REPORT**

Pursuant to Local Civil Rule 16.3 and this Court's Standing Order, on August 20, 2007, counsel for Defendant attempted to contact Plaintiff to confer regarding the issues addressed in Local Civil Rule 16.3, by calling Plaintiff at the telephone number provided in Plaintiff's most recent filing. Counsel for Defendant left a voicemail message at that number, stating the purpose of her call and requesting that Plaintiff contact her. Thereafter, counsel for Defendant wrote a letter to Plaintiff, sent via overnight delivery, requesting that Plaintiff contact her concerning these issues, and enclosed a copy of Local Civil Rule 16.3 with that letter. Counsel for Defendant received no response to the letter or her voicemail message, and therefore has been unable to obtain Plaintiff's position on the Rule 16.3 issues. Accordingly, the following report provides Defendant's proposal, and is not jointly-filed with Plaintiff.

Statement of the Case: Plaintiff in this case is a black male former employee of the United States Department of the Treasury, Bureau of Engraving and Printing, who previously was employed as a journeyman photoengraver. Plaintiff alleges that the Defendant agency discriminated against him on the basis of his race, subjected him to a hostile work environment,

retaliated against him for prior protected activity, and failed to accommodate his alleged disability. Specifically, Plaintiff accuses the Defendant agency of: (1) temporarily suspending Plaintiff; (2) classifying Plaintiff as "AWOL" on five dates between March 2001 and January 2003; (3) denying Plaintiff's request for training; (4) granting Plaintiff a "Fully Satisfactory" performance evaluation; (5) charging Plaintiff with false time and attendance violations; (6) denying unspecified requests for reasonable medical accommodations; and (7) allowing him to be insulted and threatened by a co-worker on January 13, 2004.

Defendant respectfully submits that Plaintiff will be unable to establish a *prima facie* case of race discrimination, hostile work environment, or retaliation. Plaintiff also will be unable to establish that he is an individual with a disability. However, assuming *arguendo* that Plaintiff can prove that he was disabled, the record will not support Plaintiff's claim that he was denied a reasonable accommodation.

With regard to the matters to be included in the parties' 16.3 reports, Defendant states as follows:

1. <u>Dispositive Motions</u>:  There are no pending dispositive motions. However, Defendant believes that several of the issues raised in Plaintiff's complaint can be resolved through a pre-discovery motion for summary judgment, and intends to file such a motion. Any issue that survives Defendant's pre-discovery summary judgment motion can be decided by a motion for summary judgment submitted at the conclusion of discovery.

2. <u>Joinder/Amendment/Narrowing</u>: Defendant does not anticipate the necessity to join third parties, and is aware of no facts that would require Plaintiff to amend the pleadings further. Defendant does not believe that the legal or factual issues can be narrowed at this time.

3. <u>Assignment To Magistrate Judge</u>:  Defendant does not consent to assignment of this case to a magistrate judge for all purposes.

4. <u>Settlement Possibility</u>:  Defendant believes there is little possibility of settling the case at this point.  Defendant will inform the court if the possibility of settlement becomes realistic in the future.

5. <u>Alternative Dispute Procedures</u>: At this time, Defendant does not believe that the case could benefit from the Court's ADR process.

6. <u>Dispositive Motions</u>:  Defendant believes several of the issues raised in Plaintiff's complaint can be resolved through a pre-discovery motion for summary judgment, and that any issue that survives such a motion can be decided by a motion for summary judgment submitted at the conclusion of discovery.

Defendant proposes the following schedule:

**Pre-Discovery Dispositive Motions:** September 25, 2007

**Oppositions**: 30 days after service of dispositive motion

**Replies**: 21 days after service of opposition

**Post-Discovery Dispositive Motions:**  60 days after the close of discovery

**Oppositions:**  30 days after service of the dispositive motion

**Replies**: 21 days after service of opposition

7. <u>Initial Disclosures</u>:  Defendant proposes that the parties agree to dispense with the initial disclosures authorized under Fed. R. Civ.P. 26(a)(1).  However, should Plaintiff wish to exchange initial disclosures, Defendant proposes that initial disclosures be served within 30 days of the Court's initial scheduling order.

8. <u>Discovery</u>:  Defendant proposes that fact discovery be deferred until after the Court rules on Defendant's pre-discovery dispositive motion, and that discovery commence upon issuance of the Court's ruling on Defendant's pre-discovery dispositive motion (if any claim survives that motion).  Defendant proposes that discovery — should any be required — be completed within five (5) months of the Court's issuance of a ruling on Defendant's pre-discovery dispositive motion.  Defendant anticipates standard discovery, <u>i.e.</u>, Interrogatories, Requests for Production of Documents, Requests for Admissions, and depositions.  Defendant agrees to follow the Federal Rules of Civil Procedure in regards to the limits on discovery.

9. <u>Experts</u>:  Defendant proposes that Plaintiff's expert(s) be designated no later than 60 days after the commencement of discovery, and that Defendant's experts be designated no later than 30 days thereafter.  Defendant further proposes that Plaintiff's expert disclosures be served at least 60 days prior to close of discovery.  Defendant proposes that Defendant's expert disclosures should be served within 30 days after service of Plaintiff's expert disclosures.  Defendant proposes that the expert disclosures shall, in accordance with Federal Rule of Civil Procedure 26(a)(2), include a written expert witness report.

10. <u>Class Action Procedures</u>:  Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>:  Defendant does not see any need for bifurcation.

12. <u>Proposed Date For Pretrial Conference</u>:   Defendant proposes that the pretrial conference date be set within 60 days after Court rules on post-discovery dispositive motions.

13. <u>Trial Date</u>:   Should a trial be necessary in this case, Defendant proposes setting the trial date at the pretrial conference.

14. <u>Other Matters:</u>  None.

Dated: September 4, 2007		Respectfully submitted,


		     /s/ Jeffrey A. Taylor (by MJ)            .
		JEFFREY A. TAYLOR, D.C. BAR # 498610
		United States Attorney


		         /s/ Rudolph Contreras (by MJ)        .
		RUDOLPH CONTRERAS, D.C. BAR #434122
		Assistant United States Attorney

		             /s/ Robin M. Meriweather          .
		ROBIN M. MERIWEATHER, D.C. Bar. # 490114
		Assistant United States Attorney
		555 Fourth St., N.W.
		Washington, D.C.  20530
		Phone: (202) 514-7198  Fax: (202) 514-8780
		Robin.Meriweather2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of September, 2007, I caused the foregoing 16.3 Report to be filed via the Court's Electronic Case Filing system, and to be served upon Plaintiff by first-class mail, postage prepaid, addressed as follows:

THOMAS D. BROWN, SR.
3162 17th Street, NW Washington, DC 20010-2748


/s/  Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar # 490114

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS D. BROWN, Sr. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:07CV0509 (RMU) |
| | ) |
| HENRY M. PAULSON, Jr., Secretary | ) |
| United States Department of the Treasury, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**DEFENDANT'S PROPOSED SCHEDULING ORDER**

UPON CONSIDERATION of Defendant's Rule 16.3 Report, the following deadlines are hereby set in this case:

- The parties shall submit pre-discovery dispositive motions by September 25, 2007.

- Oppositions to pre-discovery dispositive motions shall be filed within 30 days after service of the dispositive motion.

- Replies in support of pre-discovery dispositive motions shall be filed within 21 days after service of the opposition.

- Discovery shall commence upon the Court's issuance of an Order resolving the parties' pre-discovery dispositive motion, and shall co ntinue for five months thereafter.

- Post-discovery dispositive motions shall be filed no later than 60 days after the close of discovery.

- Oppositions to post-discovery dispositive motions shall be filed within 30 days after service of the motions.

2

- Replies regarding post-discovery dispositive motions shall be filed within 21 days of service of the oppositions.

SO ORDERED, this _____ day of _____, 2007.

_____
United States District Judge