UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS D. BROWN, SR., PHOTOENGRAVER ) <br> UNIITED STATES DEPARTMENT OF TREAUSURY ) <br> ) <br> PLAINTIFF, ) <br> VS. ) <br> ) <br> HENRY M. PAULSON, JR., *SECRETARY* ) <br> UNIITED STATES DEPARTMENT OF TREAUSURY ) <br> ) <br> ) <br> DEFENDANT. ) <br> _____ ) | CASE NUMBER: 07-CV0509 (RMU) <br> Tuesday, September 25, 2007 |

## PLAINTIFF'S RULE 16.3 AND THE FMLA ACT/LMR 5U.S. C.-6381 OPM REPORT

Pursuant to Local Civil Rule 16.3 and this Court's Standing Order, on August 20, 2007, counsel for Plaintiff attempted to contact Defendant to confer regarding the issues addressed in Local Civil Rule 16.3, and the statues of 5USC 6381 of Civil Procedures by calling Defendant USDA Ms. Robin M. Meriweather at (202-514-7198), Also, by Faxing her a letter of my proposed Court order on 8-23-07 to the USDA in the above reference captured matter by the telephone number provided in Plaintiff's most recent filing. Counsel for Defendant left a voicemail message at that number, stating the purpose of her call and requesting that Plaintiff to contact her. Thereafter, counsel for Plaintiff wrote a letter to Defendant, sent via overnight delivery, requesting that Defendant contact him concerning these issues, and enclosed a copy of Local Civil Rule 16.3 with that letter. Counsel for Plaintiff received no response to the letter or his voicemail message, and therefore has been unable to obtain Defendant's position on the Rule 16.3 issues. Accordingly, the following report provides Plaintiff's proposal, and is not jointly-filed with the Defendant.

Statement of the Case: Plaintiff in this case is a black male former employee of the United States Department of the Treasury, Bureau of Engraving and Printing, who previously was employed as a journeyman photoengraver. Plaintiff alleges that the Defendant agency discriminated against him on the basis of his race, subjected him to a hostile work environment,

RECEIVED SEP 20 2007 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

_/s/ Thomas D. Brown_   Date: September 21, 2007

Thomas D. Brown, Sr., Disable and Retired
Photoengraver/ IPS
Independent Paralegal Specialist
3162 17th Street North West,
Washington, District of Columbia, 20010-2748
(301) 627-3419
(301) 237-1590

Retaliated against him for prior protected activity, and failed to accommodate his permanent disability. Specifically, Plaintiff accuses the Defendant agency of: (1) temporarily suspending Plaintiff; (2) classifying Plaintiff as "AWOL" on five dates between March 2001 and January 2003; (3) denying Plaintiff's request for training; (4) granting Plaintiff a "Fully Satisfactory" performance evaluation; (5) charging Plaintiff with false time and attendance violations; (6) denying unspecified requests for reasonable medical accommodations; by firings him on August 18, 2004 for unsatisfied Medical Documentation and (7) allowing him to be insulted and threatened by a co-worker on January 13, 2004.

Plaintiff respectfully submits that Defendant will be unable to establish *a true and hornets answer for not following proper procedures* for the ongoing pattern and practice of Discrimination on the plaintiff. Base on racial discrimination, hostile work environment, retaliation, Plaintiff also will be able to establish that he is an individual with a disability. However, Plaintiff can prove that he was disabled, the record will support Plaintiff's claim that he was denied a reasonable accommodation.

With regard to the matters to be included in the parties' 16.3 reports, Plaintiff states as follows:

    1. <u>Dispositive Motions:</u> There are pending dispositive motions. However, Plaintiff believes that several of the issues raised in hiss complaint can be resolved through a pre-discovery motion to file such a motion. Any issue that did not survives Plaintiff's pre-discovery motion can be decided by a motion for summary judgment submitted at the conclusion of discovery.

    2. <u>Joiner/Amendment/Narrowing:</u> Plaintiff anticipates the necessity to join third parties, and is aware of the facts that would require Plaintiff have motion the court to amend the pleadings further. Plaintiff believes that the legal or factual issues can be narrowed at this time.

3. <u>Assignment to Magistrate Judge:</u> Plaintiff does not consent to assignment of this case to a magistrate judge for all purposes.

4. <u>Settlement Possibility:</u> Plaintiff believes there is a great possibility of settling the case in the near future at that point and time. Plaintiff will inform the court if the possibility of settlement becomes realistic in the future.

5. <u>Alternative Dispute Procedures:</u> At this time, Plaintiff does not believe that the case could benefit from the Court's ADR process. Maybe, his complaint can be resolved through a pre-discovery motion, and that any issue that are not dissolved such a motion can be decided by the chosen jurors

Plaintiff proposes the following schedule:

**Pre-Discovery Dispositive Motions:** September 25, 2007

**Oppositions:** 30 days after service of dispositive motion

**Replies:** 21 days after service of opposition

**Post-Discovery Dispositive Motions:** 30 days after the close of discovery

**Oppositions:** 30 days after service of the dispositive motion

**Replies:** 21 days after service of opposition

6. <u>Initial Disclosures:</u> Plaintiff proposes that the parties agree to dispense with the initial disclosures authorized under Fed. R. Cit. 26(a) (1) and The Statutory provisions are set forth Regulations promulgated 5U.S.C.-6381et sag. Regulations Promulgated by OPM. Are set forth in 5CFR-630. 1201, 1202, 1203, (A) (4) 1205… (FMLA) Family Medical Leave Act and LMR. However, should Defendant wish to exchange initial disclosures, Plaintiff propose that initial disclosures be served within 60 days of the Court's initial scheduling order?

7. <u>Discovery</u> Plaintiff proposes that fact discovery will proceed as ordered by the Court until after the Court rules on Plaintiff's discovery, and that discovery commence upon issuance of the Court's ruling on Plaintiff-discovery Defendant proposes that discovery — should be required — be completed within five (6) months of the Court's issuance of a ruling on Defendant's pre-discovery dispositive motion. Defendant anticipates standard discovery, i.e., Interrogatories, Requests for Production of Documents, Requests for Admissions, and depositions. Defendant agrees to follow the Federal Rules of Civil Procedure in regards to the limits on discovery.

8. <u>Experts</u>:  Plaintiff proposes that Defendant's expert(s) be designated no later than 60 days after the commencement of discovery, and that Plaintiff's experts be designated no later than 60 days thereafter. Plaintiff further proposes that Defendant's expert disclosures be served at least 60 days prior to close of discovery. Plaintiff proposes that Plaintiff's expert disclosures should be served within 60 days after service of Plaintiff's expert disclosures. Plaintiff proposes that the expert disclosures shall be in accordance with Federal Rule of Civil Procedure 26(a) (2) and 5U.S.C.6381/5CFR-630 (FMLA)...., include a written expert witness report, with exhibits.

9. <u>Class Action Procedures:</u> Not applicable.

10. <u>Bifurcation of Discovery or Trial:</u> Plaintiff does not see any need for bifurcation.

11. <u>Proposed Date for Pretrial Conference:</u> Plaintiff proposes that the pretrial conference date be set within 60 days after Court rules on post-discovery dispositive motions.

12. <u>Trial Date:</u> Should a trial be necessary in this case, Plaintiff proposes setting the trial date at the pretrial conference.

## **CERTIFICATE OF SERVICE**

I(Thomas D. Brown, Sr). hereby certify that on this 24 day of August, 2007, I caused the foregoing Motion for Leave of Court to Consent by obtaining a password for Electronic Filing and Training of 'Plaintiff' Complains was sent, Fax, served and Delivered to the Defendant by hand delivery and Certified Mail to Robin M. Meriweather, Assistant United States Attorney at 555 Fourth Street, N.W. Washington, D.C. 20530, at The United States Court for the District of Columbia at 333 Constitution Avenue, N.W. Washington D.C. 2003. Phone: 202-514-7198, Fax: 202-514-8780 and 202-354-3000

Respectfully submitted,

_____ Date: _____
Thomas D. Brown, Sr. Photoengraver, 301-2371590 or 301-627-3419
Email address: toobadblessingred@yahoo.com
3162 17th Street, North West Washington, District of Columbia, 20010-2748

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THOMAS D. BROWN, SR., *PHOTOENGRAVER* )<br>UNIITED STATES DEPARTMENT OF TREAUSURY )<br>)<br>PLAINTIFF, )<br>VS. )<br>)<br>HENRY M. PAULSON, JR., *SECRETARY* )<br>UNIITED STATES DEPARTMENT OF TREAUSURY )<br>)<br>)<br>DEFENDANT. )<br>_____) | CASE NUMBER: 07-CV0509 (RMU)<br>Tuesday, September 25, 2007 |

**PLAINTIFF'S PROPOSED SCHEDULING ORDER**

UPON CONSIDERATION of Plaintiff's Rule 16.3 and 5USC-6381/5CFR-630 FMLA Civil Procedures Report, the following deadlines are hereby set in this case:

- ❖ The parties shall submit pre-discovery dispositive motions by September 25, 2007.
- ❖ Oppositions to pre-discovery dispositive motions shall be filed within 30 days after service of the dispositive motion.
- ❖ Replies in support of pre-discovery dispositive motions shall be filed within 21 days after service of the opposition.
- ❖ Discovery shall commence upon the Court's issuance of an Order resolving the parties' pre-discovery dispositive motion, and shall continue for six months thereafter.
- ❖ Post-discovery dispositive motions shall be filed no later than 60 days after the close of discovery.

Oppositions to post-discovery dispositive motions shall be filed within 30 days after service of the motions.

- ❖ Replies regarding post-discovery diapositive motions shall be filed within:

21 days of service of the oppositions.

**SO ORDERED**, On this_ Day of _____, 2007.

_____
United States District

2