UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
OCT - 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| THOMAS D. BROWN, SR., *PHOTOENGRAVER* ) <br> UNIITED STATES DEPARTMENT OF TREAUSURY ) <br> ) <br> PLAINTIFF, ) <br> VS. ) <br> ) <br> HENRY M. PAULSON, JR., *SECRETARY* ) <br> UNIITED STATES DEPARTMENT OF TREAUSURY ) <br> ) <br> ) <br> DEFENDANT. ) <br> ) | CASE NUMBER: 07-CV0509 (RMU) <br> MODAY, OCTOBER 1, 2007 |

### PLAINTIFF'S MOTION TO STAY THE OPPOSITION DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

#### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

To:

Comes now the Plaintiff, hereinafter referred to as T.D. Brown, Sr., or The Plaintiff, pursuant to 5 C.F.R. Section 120172 ( c ) and requests that the Agency and or its representative produce the following requests for Production of Documents. This request for production of documents is considered to be continuing in nature and is to be answered by you within 20 days of receipt thereof as stated in the Acknowledgment Order of Local Rule 56 of the Federal Rule of Civil Procedures. Plaintiff requests that the Agency answer, produce the dockets requested in accordance with the provisions of the applicable Rules of Discovery as stated in the Code of Federal Regulations.

These Requests for Production of Documents are to be considered continuing nature and are to be seasonally renewed from time to time as may be required from as this situation permits whatever, information, knowledge, or belief he now has concerning the unanswered portions.

If the Court Please take notice that you are required to answer each interrogatory separately in writing and under oath and to serve a copy of your answers upon counsel for the Plaintiff with thirty days after service of these interrogatories upon you.

II

If the Agency claims any privilege as to any facts or documents, please state the basis of the privilege and identify specifically the time; place, and all participants in any privileged conversations and the title, author, recipients, and general subject of all privileged documents.

## DEFINITIONS

1. "Document" or "Documents" means the original or any copy regardless of location, of any writing or record of any tapes or description, including but not limited a, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, minutes, inter-office or intra-office communications, handwritten or other notes, papers, applications, tapes, discs, recordings, or any other written, printed, typewritten, recorded, transcribed, filed, or graphic matter, however produced or reproduced, to which Agency has or has had access.

2. "Identify" means, when used in reference to:

   (a) full name;

   (b) present or last known home and business address
   (Including street number and name, city or town, state, and zip code)
   And telephone number; and

   (c) Present or last known employer, position, job title, and job description.

III

## **GENERAL INSTRUCTIONS**

Each of the following Request for Production is intended to be continuing nature and the Plaintiff demands that the Defendant promptly and seasonally amend his answers to these interrogatories if at any later date it obtains any additional facts or obtains or makes any assumptions or contentions, or reasons, any conclusions, or makes any conclusions or opinions that are different form those provided in the answers to these interrogatories. Amended answers should set forth fully such different facts, assumptions, conclusions, opinions, or contentions.

Whenever, a Request for Production of Documents requests identification of a document no longer in the Defendant's possession, custody, or control, the answer should state, with respect to each particular document; when the document was most recently in Agency's possession, custody or control, the disposition made of the document, and the identity of the person currently in possession of such document. If the document has been destroyed, the Agency should state the reason for the destruction, the identity of the person who destroyed the document, and the identity of the person who directed that the document be destroyed.

In answering these interrogatories, Agency must furnish <u>all</u> information that is known to him or his agents, employees, and attorneys. If any of these interrogatories cannot be answer in full, or if Agency objects to some part of the interrogatory, the Agency, must furnish all information that is known to him or his agents, employees, and attorneys. If any of these interrogatories cannot be answered in full, or if Agency objects to some part of the interrogatory, Agency must answer them to fullest extent possible, specifying the reasons for its inability or refusal to answer the remainder and stating the progression of the documents.

IV.

### REQUEST FOR PRODUCTION OF DOCUMENTS REQUEST NO.1

Please provide a copy of Plaintiff's complete Official personnel folder; please provide any and all exhibits and Medical documentation from the agency decision.

### REQUEST NO. 2

Please provide a copy of any and all documents relating to the Notice of Proposed Removal dated May 5, 2004, and for time attendance fraud.

### REQUEST NO.3

Please provide a copy of any and all documents which supported the determination to remove the Plaintiff from the position of Photo Engraver in the Office of Engraving WE - 4425 level II for not providing and producing Medical documentation

### REQUEST NO.4

Please provide a copy of any and all documents which support the statements in Charge Number 1, November 20, 2003 Performance Appraisal and mid-year performance rating.

### REQUEST NO. 5

Please provide a copy of any all of the personnel regulations and or manual for denial of the December 5, 2003 request for reasonable accommodations for his medical condition. Before and after the Plaintiff's medical injuries from 1996 thru 2004 work related injuries.

### REQUEST NO.6

Please provide a copy of any and all documents relating to Charge 3, the Agency's charged the Plaintiff on December 15, 2003 for an unofficial AWOL by his supervisor.

### REQUEST NO.7

Please provide a copy of any and all documents and or regulations governing or Relating to the agency's claim relating to the letter of warning for the AWOL. January 13, 2004 from his supervisor in charge 4 of the Agency decision.

**REQUEST NO.8**

Please provide a copy of any and <u>all</u> documents and or regulations governing or relating to the agency's claim that the Plaintiff had CONTACTED Management and the office of EEO on January 13, 2003, along with shop delegate notes by Phillip Powell.

**REQUEST NO.9**

Please provide a copy of any and all documents and or regulations which supported the agency's decision to harassed and retaliated on the Plaintiff by permitting unwelcome and unwanted conduct by Ms. Marjorie Freeman, when she insulted and threaten The Plaintiff on numerous occasions; Also, on (January 13, 2004) by violating the BEP Manual, table of Offence(s). `No' action was taken by the Agency in four stages of Management because they aloud (Unwarranted Behavior) and conduct by Ms. Marjorie Freeman and witnessed by Ms. Linda Gunter co-worker. Also, talked to Thomas Jefferson ( shop delegate/2002) for advice on the matter of January13-04 about Ms. Marjorie Freeman behavior before the incident Of January 13, 2004.

**REQUEST NO.10**

Please provide a copy of any and all documents relating to the Agency's policy concerning the Plaintiff request for training denied on February 17, 2004. This training includes Caucasian, White Employees and Black African Americans Black employees

**REQUEST NO.11**

Please provide a copy of any and all documents relating to the Agency's policy Concerning light and limited duties.

**REQUEST NO.12**

Please provide a copy of any and all documents which would support the Agency's decision to harassment and retaliation on the Plaintiff. On March 3, 2004, December when appellant was subjected to harassment and retaliation by his

supervisor forgot completing a job assignment Inspite of his disability High blood Pressure, Sugar Diabetes, Low Back Pain, Physical and Mental Stress.

**REQUEST NO.13**

Please provide a copy of any and all documents which would support the agency's directive that the proper doctor to evaluate the Plaintiff's vision was Dr. Coffins.

**REQUEST NO.14**

Please provide a copy of any and all documents which would support the reason for requiring the Plaintiff to submit to a Fitness for Duty Examination.

**REQUEST NO.15**

Please provide any all doctors' reports which would support the determination to require the Plaintiff to submit to a fitness for duty examination.

Respectfully submitted

_____ Date: October 2, 2007

Thomas D. Brown, Sr., (IPS)
Independent  Paralegal  Specialist
Disable and Retired, Photoengraver
3162 17th Street NW
Washington,  20010-
(202) 627-3419
(301) 237-1590

Subscribed and Sworn before me this_____ 2007

## CERTIFICATE OF SERVICE

I( Thomas D. Brown, Sr.) hereby certify that on this 1st day of October, 2007, I caused the foregoing Motion to stay Defendant Motion for Summary Judgment to be filed via First class Mail Receipt Case Filing Number 07- cv0509 (RMU), For Plaintiff Request for Production of Documents from the defendant according to Local Rule 56 of the federal Rule of Civil Procedures and to be served upon Defendant, Robin M. Mariwather, Assistant United States District of Attorney at 555 Fourth Street N.W. Washington D.C. 20530 D.C. Bar # 490114 and Nicole Jenkins, Washington, Attorney at Bureau of Engraving and Printing 14th C Street S. W. 4th floor room 419A Washington, D.C. by first-class mail, postage prepaid mail.

_____  Date: October 3, 2007
Thomas D. Brown, Sr.,
3162 17th Street N.W.
Washington, D.C. 20010-2748