UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS D. BROWN, SR., | ) |
| | ) |
| | ) Civil Action 07-0509 (RMU) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HENRY M. PAULSON, JR., Secretary, | ) |
| Department of the Treasury, | ) |
| | ) |
| Defendant. | ) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendant seeks dismissal of the case in part or, in the alternative, partial summary judgment, for four reasons. First, several of the claims raised in the complaint duplicate claims that were addressed in Plaintiff's prior suit against Defendant. Those claims are barred by res judicata and collateral estoppel, and therefore should be dismissed pursuant to Rule 12(b)(6). Second, Plaintiff has not plead facts sufficient to support a claim of age discrimination, and instead alleges that Defendant's actions were based on Plaintiff's race and alleged disability. Third, Plaintiff has not established that he was an "individual with a disability" for purposes of the Rehabilitation Act, or that Defendant denied a reasonable accommodation of his alleged disability. Finally, Plaintiff's receipt of an "achieved standards" performance rating was not an adverse action sufficient to support a prima facie case of retaliation or race discrimination.

Plaintiff appears to have misapprehended the scope and nature of Defendant's motion, and the bulk of the opposition memorandum addresses arguments that Defendant has not raised. For example, the opposition does not discuss the res judicata and collateral estoppel effect of this Court's award of summary judgment to Defendant in the prior employment discrimination

case Plaintiff filed. Instead, it discusses the merits of those claims, as well as exhaustion and other theories for relief that Defendant has not yet briefed.[1] To the extent the opposition does discuss the issues Defendant has raised, it fails to present arguments or evidence sufficient to defeat Defendant's motion. Accordingly, Defendant requests that the Court dismiss the complaint in part and enter partial summary judgment for Defendant.

## ARGUMENT

**I.  THE FINAL JUDGMENT ENTERED IN PLAINTIFF'S PRIOR SUIT AGAINST DEFENDANT BARS MANY OF THE CLAIMS RAISED IN THE INSTANT COMPLAINT.**

This is not the first employment discrimination suit Plaintiff has filed against Defendant. Two and a half years ago, this Court entered summary judgment in favor of Defendant in a case in which Plaintiff accused Defendant of retaliation, subjecting him to a hostile work environment, and failing to accommodate his disability. See Brown v. Snow, 407 F. Supp. 2d 61 (D.D.C. 2005). It is well settled that Plaintiff cannot relitigate claims that were or could have been litigated in that action, or issues actually decided by this Court. Any such claim would be barred by the doctrines of claim preclusion (res judicata) and issue preclusion (collateral estoppel) respectively. See, e.g., Apotex, Inc. v. Food and Drug Admin., 393 F.3d 210, 217-18 (D.C. Cir. 2004) (discussing claim preclusion); Yamaha Corp. of Amer. v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992). Nonetheless, Plaintiff's complaint raises some of the same discrimination claims he unsuccessfully presented in the prior case --- namely those concerning allegedly discriminatory and retaliatory acts that occurred in or prior to 2001. See Def. MTD/MSJ at 7-8. Plaintiff is precluded from relitigating those claims and issues in this case, and all such claims should be dismissed from the complaint. See Def. MTD/MSJ at 7-11.

---

[1] Defendant will address those issues and others in its post-discovery dispositive motion.

2

Plaintiff's opposition fails to address the fact that the allegations which he continues to assert mirror those at issue in his prior case. Instead, Plaintiff presents legal arguments that were rejected in the prior action, namely that the incidents from 2001 and prior years constituted intentional discrimination. See Dkt. Entry 19. Plaintiff's merits analysis focuses on allegations including, but not limited to the specific instances where: (1) on March 20, 2001, he was charged with being AWOL; (2) in May 2001 and September 2001 he was suspended for three days; (3) he suffered from "lower back pain and pain in his legs" and Defendant did not accommodate his disability; (4) Defendant accused him of altering his time and attendance sheets; and (5) Defendant discriminated against him by issuing a negative performance rating in December 2001. See id. at 16-25. However, he cannot re-brief those issues in this case, because they either were or could have been raised in the prior litigation.

## II.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR AGE DISCRIMINATION.

The prayer for relief seeks *inter alia*, a ruling that Plaintiff was discriminated against because of his age. See Compl. at 10. However, neither the Complaint nor Plaintiff's opposition memorandum includes any facts that would support a claim pursuant to the Age Discrimination in Employment Act ("ADEA"). Plaintiff does not state his age, has not alleged that his age motivated the conduct of which he complains, and does not contend that younger employees were treated more favorably. It follows that he has not plead "enough facts to state a claim for relief that is plausible on its face," and that any ADEA claim Plaintiff purports to have raised must be dismissed. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007); see Def. MTD/MSJ at 11-12.

### III. THE COURT SHOULD ENTER SUMMARY JUDGMENT FOR DEFENDANT ON PLAINTIFF'S CLAIMS ALLEGING FAILURE TO ACCOMMODATE A DISABILITY AND DISABILITY DISCRIMINATION.

The Rehabilitation Act protects federal employees who are "otherwise qualified individual[s] with a disability" from being subjected to discrimination "solely by reason of his or her disability." 29 U.S.C. § 794(a). Plaintiff raises two types of disability discrimination claims in this action. First, he alleges that Defendant denied him a reasonable accommodation of his disability. See Compl. at 1, ¶ 33. Second, he appears to contend that Defendant subjected him to a hostile work environment because of his disability. See id. ¶ 40. To the extent any claim under either theory is based on events that allegedly transpired in or before 2001, res judicata and/or collateral estoppel require that the claim be dismissed. See Part I., supra. Thus the hostile work environment claims premised on alleged suspensions and other incidents from 2001 cannot be reviewed on the merits. That leaves only Plaintiff's claim concerning the denial of his December 2003 request for a modified work schedule, and any hostile work environment claim arising out of events that transpired after 2001.

#### A. Plaintiff Was Not An "Individual With a Disability" At the Time the Discrimination Allegedly Occurred.

Plaintiff has not made the threshold showing that he was an "otherwise qualified individual with a disability" at the time of the alleged discrimination. He must establish that he had an impairment that substantially "limits a major life activity." Toyota, 534 U.S. at 195; see Haynes v. Williams, 392 F.3d 478, 481-82 (D.C. Cir. 2004). To qualify as "substantial," "the impairment's impact must also be permanent or long-term." Toyota, 534 U.S. at 198; see also Paegle v. Dep't of the Interior, 813 F. Supp. 61, 64 (D.D.C. 1993), aff'd, 24 F.3d 1464 (D.C. Cir. 1994) ("The [Rehabilitation] Act identifies a handicap as a severe disability of a permanent nature"). The Supreme Court has articulated a three-step test for ascertaining whether a person

4

has such an impairment. First, the court must determine whether the individual's condition constituted a physical or mental impairment. Bragdon v. Abbott, 524 U.S. 624, 631 (1998). Second, the court must "identify the life activity" that allegedly was limited, and determine whether it constitutes a major life activity. Id.; see also Haynes, 392 F.3d at 481-82. And third, the court must determine whether the physical or mental impairment "substantially limited" the major life activity in question. Bragdon, 524 U.S. at 631.

      The materials submitted as exhibits to Plaintiff's opposition memorandum do not establish that Plaintiff had an impairment that substantially limited a major life activity at the time of the alleged discrimination. The medical records discuss back pain and other symptoms for which Plaintiff was treated in December 1998, April, July, and September 2003, and a summary from an orthopedist dated April 28, 2004. See Dkt. Entry 19 at Exhs. 22-25. However, the records do not indicate that those health issues were permanent or long-term, or that the symptoms could not be controlled by mitigating measures like medication. For example, Exhibit 22 indicates that Plaintiff should be on "partial incapacitated basis" for approximately one month, and then resume work, and recommends physical therapy. See Dkt. Entry 19 at Exh. 22. Impairments that are temporary, or controllable with medication and other treatment, do not qualify as disabilities for purposes of the Rehabilitation Act. See, e.g. Sutton v. United Airlines, Inc., 527 U.S. 471, 482-83 (1999); Adams v. Rice, 484 F. Supp. 2d 15, 20 (D.D.C. 2007); Def. MTD/MSJ at 13-15.

      Further, the conditions discussed in the records Plaintiff has submitted do not substantially limit a major life activity, and therefore do not meet the "demanding standard for qualifying as disabled." Toyota, 122 S. Ct. at 1691. The evidence establishes, at most, that Plaintiff should perform 'light duty' tasks. However, those types of restrictions are not severe

enough to qualify as a substantial impairment.  See, e.g., Baker v. Potter, 294 F. Supp. 2d 33, 45-46 (D.D.C. 2003) (concluding that plaintiff who was authorized to return to work and perform light duties had not established that one of her substantial life activities was limited at that time); Siragy v. Georgetwon Univ., 1999 WL 767831, a *3-*4 (D.D.C. Aug. 20, 1999) (restrictions on plaintiff's ability to lift heavy items did not limit a substantial life activity); Grist v. Frank, 1990 WL 503647, at *6 (D.D.C. Dec. 24, 1990) (concluding evidence did not establish that plaintiff who alleged he could perform only light duty work was disabled for purposes of the Rehabilitation Act ).  Moreover, Defendant's physician testified that Plaintiff could perform the duties listed in his job description, which included "prolonged walking and standing, intermittent light to moderate lifting and ability, . . . [and] good eyesight."  Def. MTD/MSJ at Exhs. 6-7.  Accordingly, Plaintiff's Rehabilitation Act claims fail as a matter of law.

### B.  The Reasonable Accommodation Claim Also Is Legally and Factually Deficient.

Even if Plaintiff could establish that he is a qualified individual with a disability, he would be unable to state a prima facie case of denial of a reasonable accommodation of the disability concerning the denial of his request for a revised work schedule in December 2003. Plaintiff must establish that Defendant had notice of the disability, that he could perform the essential functions of his job with or without a reasonable accommodation, and that Defendant refused to reasonably accommodate his disability.  See Norden v. Samper, __ F. Supp. 2d __, 2007 WL 2219312, at * 8 (D.D.C. Aug. 3, 2007).  As explained in Defendant's motion for summary judgment, there are three deficiencies in Plaintiff's reasonable accommodation claim: (1) Plaintiff has not demonstrated that Defendant had notice of the disability; (2) the evidence does not support Plaintiff's claim that a revised work schedule would be a reasonable

accommodation of the disability; and (3) Defendant proposed an alternative means of accommodating Plaintiff's needs.  See Def. MTD/MSJ at 15-18.

      Plaintiff's opposition does not address Defendant's arguments concerning the deficiencies of Plaintiff's reasonable accommodation claim, or make any substantive merits arguments concerning the December 2003 request for a revised work schedule.  Instead, Plaintiff discusses events that allegedly transpired between 1999 and 2001, all of which concern discrimination claims that are barred by res judicata and collateral estoppel, and makes the conclusory allegation that Defendant failed to provide a reasonable accommodation "from the period of 1996 to 2004."  Dkt. Entry 19 at 14; see also id. at 14-22.  Plaintiff also has not cited any exhibits that would contradict or rebut the testimony Defendant has submitted concerning Plaintiff's failure to give Defendant medical documentation that substantiated his alleged need for a revised work schedule.  The exhibits Plaintiff has submitted discuss some of the physical conditions Plaintiff claims to have suffered, but none indicate that those conditions would require that Plaintiff's work shift be adjusted.  See Dkt. Entry 19 at Exhs. 22-25.  Accordingly, no reasonable jury could find that Defendant's denial of Plaintiff's request for a modified work schedule was a denial of a reasonable accommodation of Plaintiff's disabilities, and summary judgment  should be entered in favor of Defendant.  See Flemmings v. Howard Univ., 198 F.3d 857, 862 (D.C. Cir. 1999) (remanding for entry of summary judgment because Plaintiff had not provided documentation of a disability); Coleman-Adebayo v. Leavitt, 326 F. Supp. 2d 132, 143 (D.D.C. 2004) (granting summary judgment to defendant because plaintiff failed to establish that telecommuting would accommodate her physical impairments); Def. MTD/MSJ at 16-18 (citing additional cases).

7

**IV.   PLAINTIFF'S RECEIPT OF AN "ACHIEVED STANDARDS" PERFORMANCE EVALUATION WAS NOT AN ADVERSE ACTION AND PLAINTIFF CANNOT STATE A PRIMA FACIE CASE OF RETALIATION OR DISPARATE TREATMENT BASED ON THAT PERFORMANCE EVALUATION.**

To state a prima facie case of retaliation or race discrimination, Plaintiff must establish that he suffered an adverse action as a result of Defendant's retaliatory or otherwise discriminatory conduct. To be "adverse" for purposes of a retaliation claim, the challenged action must be likely to dissuade a reasonable employee from engaging in protected activity. Burlington N. & Santa Fe Ry. Co. v. White, 126 S. Ct. 205, 2415 (2006). To be adverse for purposes of the race discrimination claim, the employment action must cause "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Patterson v. Johnson, __ F.3d __, 2007 WL 3145350, at * 1 (D.C. Cir. Oct. 30, 2007). Receiving a performance evaluation indicating that the employee has "achieved standards" is not an adverse action under either formulation of the test.

"[I]n most circumstances performance evaluations alone at the satisfactory level or above should not be considered adverse employment actions." Russell v. Principi, 257 F.3d 815, 819 (D.C. Cir. 2001). Thus, the race discrimination claim based on this performance rating fails as a matter of law unless Plaintiff submits evidence indicating that this review tangibly impacted the terms and conditions of his employment, and the retaliation claim fails unless Plaintiff shows that a neutral employment evaluation had a materially adverse effect. See Weber v. Batista, 494 F.3d 179, 184-85 (D.C. Cir. 2007); Burke v. Gould, 286 F.3d 513, 522 (D.C. Cir. 2002). Plaintiff's opposition memorandum does not discuss this performance evaluation, and instead focuses on the alleged adversity of employment actions that were not addressed in Defendant's

8

summary judgment motion.[2]  Thus he has not introduced any evidence that would create a question of fact on this issue, and Defendant should be awarded summary judgment.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (explaining that once the moving party shows an absence of evidence the non-movant must proffer specific facts showing that a genuine issue exists for trial); Def. MTD/MSJ at 20-22 (discussing lack of evidence establishing adversity of employment action).

## CONCLUSION

For the foregoing reasons and those set forth in the memorandum supporting Defendant's motion to dismiss in part and for partial summary judgment, Defendant requests that the court GRANT Defendant's motion, and dismiss Plaintiff's complaint in part with prejudice and award Defendant partial summary judgment.

Dated: November 2, 2007        Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/   Robin M. Meriweather        .
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198  Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

---

[2] This is likely because Plaintiff misconstrues Defendant's motion as a request for summary judgment on all of Plaintiff's claims at this stage, rather than seeking partial summary judgment for those claims which can clearly be resolved prior to discovery.

**Of Counsel:**

NICHOLE JENKINS WASHINGTON
Office of the Chief Counsel
Department of the Treasury
Bureau Of Engraving and Printing

Case 1:07-cv-00509-RMU   Document 21   Filed 11/02/2007   Page 10 of 11

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused a copy of the foregoing to be served upon pro se plaintiff via the Court's ECF system or, should I receive notice that e-service failed, via first class mail, postage prepaid addressed as follows:

THOMAS D. BROWN, SR.,
3162 17th Street, N.W.
Washington, DC  20010-2748


                                           /s/ *Robin M. Meriweather*
                                           Robin M. Meriweather