UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS D. BROWN, SR., <br> 3162 17TH Street N.W. <br> Washington, D.C. 20010-2748 <br><br> PLAINTIFF, <br> VS. <br><br> HENRY M. PAULSON, JR., SECRETARY <br> UNIITED STATES DEPARTMENT OF TREAUSURY <br><br> DEFENDANT. | CASE NUMBER: 07-CV0509 (RMU) |

## PLAINTIFF'S ANSWER FOR HIS MEMORANDUM IN CONJUCTION OF DEFENDANT'S MOTION TO DISMISS FOR PARTIAL SUMMARY JUDGMENT

Defendant seeks dismissal of the case in part or, in the alternative, partial summary judgment, for four reasons. However, First of all, in retrospect to the Defendants position on several of the claims raised in the previous Law suit claims that were not litigated and addressed in Plaintiff's prior suit against Defendant. It would truly be unconstitutional in accord with Local Rule 12(b)(6). Also, Plaintiff addressed only the submitted issues by Agency final decision, not Age discrimination those claims are should not be barred by res judicata and collateral estoppel, because they are synonymous meaning that they are similar but not the same. the Defendant has not met its burden of proof. and therefore should not be dismissed pursuant to Rule 12(b)(6). Second, Plaintiff has pleaded facts in his clams sufficient to support a claim of Discrimination., and instead alleges that Defendant's actions were based on Plaintiff's race and proven disability. Third, by a preponderance of evidence and from the United States Office of Personnel Management approval of his( Plaintiff) disability as of October 5, 2005 Ex.4 and 5. Plaintiff has established that he is an "individual with a disability" for purposes of the Rehabilitation Act, and that Defendant denied him of several reasonable accommodations of his disability, since 1996-2005. Finally, Plaintiff's receipt of an "achieved standards" performance rating was a indirect and adverse action sufficient to support a prima facie case of retaliation or race discrimination. Because of the suspensions and negative mid year rating the Plaintiff was fired on June 18, 2004.

1

In the final review with the EEO Counselor Mrs. Annette Robinson told me (Plaintiff) that Mr. Robert W. Bishop and Mr. Patrick Reidy plan to fire you through the Performance Improvement Plan (PIP) on January 13, 2004. Also, in Mr. Robert Bishop's and Mr. Patrick Reidy comments when *they lied* and said, 'That the Plaintiff agreed to those working hours. I request and demand the agency to produce this critical document/sign off sheet of time and hours. Please See Ex. 3 on page 6 regarding the January 13, 2004 AWOL, Plaintiff never change or agreed to any other hours. His working hours since yr,99 from 7:15am – 3:15pm Defendant appears to have misapprehended the scope and nature of Plaintiff's motion, and the bulk of the opposition memorandum addresses arguments that Defendant has not raised the proper issues. For example, the Defendant's Opposition does not discuss in detail the Time and Attendance even though it is a timely claim that discusses events that were contra verse by the Agency in the year 2003 <u>Physical and Mental Disparate Treatment</u> it had on the Plaintiff that would persuade this Court's award of summary judgment to Plaintiff . However, defendant have misapprehended the real and true scope and nature of Plaintiff motion, defendant has no legitimate case nor argument in reference to Local rule of Civil Procedures, or law, that would favor and support defendant's position in this Court. Defendant has not raised, present arguments or evidence sufficient to defeat Plaintiff's motion. Accordingly, Defendant requests that the Court dismiss the complaint in part and enter partial summary judgment for defendant.. Defendants' motion simply restates the unsubstantiated and often self serving claims of Plaintiffs supervisors who have an interest in the outcome of the litigation.

      However, in the instance case of Discrimination by the Defendant based on his 'Plaintiff'(1) Disability and, (2.) failure to accommodate reasonable accommodations, and (3.) Retaliation, and (4.) Subjecting, Plaintiff to work in a Hostile working environment and (5) AWOL CHARGES of Annual, Sick, Administrative, Workman Compensation- Continuous Pay, Official Time, and Flexi- Time. Also, the Age Discrimination claim was not an issue with the Plaintiff, it was fabricated by the (Agency) Defendant. Please refer to the Counselor's report and the Agency Final Decision on what matters and issues of concern that Plaintiff responded to. (Ex. 2 ,3,14,15, 16, and 32)

I

## STANDARDS OF REVIEW

A.

## STANDARDS FOR AN AWARD OF SUMMARY JUDGMENT

Under the provisions of Rule 56 of the Federal Rules of Civil Procedure the moving party bears the burden of establishing the absence of any genuine issue of material fact and the evidence must be viewed in the light most favorable to the non-moving party. <u>Celotex Corp v. Catrett,</u> 477 U.S. 317, 323 (1986). In the instant case defendant have not to meet its burden of proof under the provisions of Rule 56(c) of the Federal Rules of Civil Procedure. Defendant's motion does not establish the absence of any genuine issues of material fact as required by Rule 56 Of the Federal Rules of Civil Procedure. Defendants' motion simply restates the unsubstantiated and often self serving claims of Plaintiffs supervisors who have an interest in the outcome of the litigation.

In <u>Sartor v. Arkansas Gas Co.,</u> 321 U.S. 62o (1944) the United States Supreme Court stated the following concerning the use of opinion evidence:

> The rule has been stated "that if the court admits the testimony, when it is for the jury to decide whether any, and if any, what, weight is to be given to the testimony.... the jury, even if such testimony be uncontradicted, may exercise their independent judgment" ..."the mere fact that the witness is interested in the result of the suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury. 321 U.S. at 628.

In the instant case the supervisors and agency personnel have an interest in the result of this suit and their testimony should be heard by the jury. In <u>Anderson v. Liberty Lobby, Inc.,</u> 477 U.S. 242 (1985) the United States Supreme Court reached the conclusion that opinion evidence should be heard by a jury stating : should be taken into account in ruling on summary judgment motions does not denigrate the role of the jury. It by no means authorizes trial on affidavits. Credibility determinations, the weighing of evidence, the drawing of inferences from the facts are jury functions, not those of a judge whether he his ruling on a motion for summary judgment or for a directed verdict. The evidence of the non moving party is to be believed, and all 'justifiable inferences are to be drawn in his favor, Adickles, 398 U.S. at 158-159. Neither do we suggest that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial. 477 U. S. at 235-255 (Emphasis added). Plaintiff's opposition address the fact that the allegations which he continues to assert mirror those at issue in his prior case. although, Plaintiff presents legal arguments that were not litigated by the Plaintiff in the prior action, namely that the incidents from 2001 and prior years constituted intentional discrimination.(***Back ground information***) Plaintiff's merits analysis focuses on allegations including, but not limited to the specific instances to show the court, the pattern and practice of Discrimination by the Agency who constantly practice this Discrimination since early1996 through late October of 2005. (1) on March 20, 2001, he was charged with being AWOL; (2) in May 2001 and September 2001 he was suspended for three days; (3) he suffered from "lower back pain and pain in his legs" and Defendant did not accommodate his disability; (4) Defendant accused him of altering his time and attendance sheets; and (5) Defendant discriminated against him by issuing a negative performance rating in December 2001. See id. at 16-25. However, he did brief those issues in this case, because they either were used only f background information and prior litigations to show the pattern and practice of Discrimination by the Agency. Based on his Disability……..
Once again in the timeliness claim of Plaintiff prior case were not submitted, because the Court said, 'the 5th , the six, and the 7th issue(s) were not accepted for litigations by the Court. See Ex. 2 and 3 of Plaintiff Opposition.

Plaintiff's opposition address the fact that the allegations which he continues to assert mirror those at issue in his prior case. although, Plaintiff presents legal arguments that were not litigated by the Plaintiff in the prior action, namely that the incidents from 2001 and prior years constituted intentional discrimination.(**_Back ground information_**) Plaintiff's merits analysis focuses on allegations including, but not limited to the specific instances to show the court, the pattern and practice of Discrimination by the Agency who constantly practice this Discrimination since early1996 through late October of 2005.  (1) on March 20, 2001, he was charged with being AWOL; (2) in May 2001 and September 2001 he was suspended for three days; (3) he suffered from "lower back pain and pain in his legs" and Defendant did not accommodate his disability; (4) Defendant accused him of altering his time and attendance sheets; and (5) Defendant discriminated against him by issuing a negative performance rating in December 2001. See id. at 16-25. However, he can re-brief those issues in this case, because they either were in litigation and were not accepted by the Court.

## 11

## ARGUMENT

## B

## PLAINTIFF SUBMITTS THAT HE WAS SUBJECTED TO REPRIZAL BY THE AGENCY

In the instant case the Defendant claims that the Plaintiff can not establish a prima facie case of reprisal under the provision of Title VII of the Federal Rules of Civil Procedures. Once again the Defendant's claim that Plaintiff Wasn't treated differently than other similarly situated white employees). In <u>Texas Dept. of Community Affairs v. Burdine,</u> 450 U.S. 248 (1981) the United States Supreme Court stated the following concerning the shifting burden of proof in a disparate treatment case under Title VII:

> First the plaintiff has the burden of proving by the preponderance of the evidence of a prima facie case of discrimination. Second, if the plaintiff succeeds in proving a prima facie case, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection". Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that legitimate reasons offered by the defendant were not its true reasons, but a pretext for discrimination. The nature of the burden that shifts to the defendant should be understood in light of the plaintiffs ultimate burden of persuading the Trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff ... The burden that shifts to the defendant.... is to rebut the presumption of discrimination by introducing evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate non-discriminatory reason... To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence the reasons for the plaintiff's rejection. The reason given must be legally sufficient to justify a judgment for the defendant.45o U.S. at 235-255.

Defendant in its motion seeks partial summary judgment on some of Plaintiff s causes of action. As a basis for summary judgment defendant claims that he can not prove that in any instance he was discriminated against by it. However, it is the defendant who has the burden of proving the absence of any genuine issue of fact and that it is entitled to summary judgment as a matter of law. In order to do so the defendant must show that it did not intentionally discriminate against him. Plaintiff submits that the defendant's motion for summary judgment is not legally sufficient to justify an award of summary judgment, Furthermore, in order for Plaintiff to make out a prima facie case of retaliation under Title VII she must show: (1) protected participation or opposition under Title VII known by the alleged retaliator; (2) An adverse employment action by his employer; and (3) Proof of a causal connection between the protected activity and the adverse employment <u>action. Grant v. Bethlehem Steel Corp.,</u> 622 F.2d 43, 46 (2d Cir. 1980). Proof of the causal connection may be established indirectly by showing that the protected activity was followed closely by discriminatory treatment or directly through evidence of retaliatory animus directed against the plaintiff by defendant. <u>Davis v. State University of New York,</u> 802 F.2d 638, 642 (2d. Cir. 1986); <u>Hochstadt v. Worcester Foundation for Experimental Biology Inc.,</u> 425 F. Supp. 318, 328-329 (S.D. Ohio 1983).

Evidence of a retaliatory animus can be established by showing that the defendant did not comply with its polices and procedures. Sorrells v. Veterans Admin. 576 F. Supp 1264, 1265 (S.D. Ohio 1983). Moreover, an adverse personnel action taken after learning of the protected activities, to the extent that it varies from stated

procedures violate section 704(a) of Title VII. EEOC v. Locals 1

U. 0 eiflg,, 438 F. Supp. 876, 884 ($^1$977); Frances v. American Tele$^P$hone 86 Tel. Co., Long Lines DePt., 55 F.R.D. 202, 207 (D.D.C. 1972). In the instant case the Agency and its representatives does not establish the facts that they should be entitled to judgment as a matter law. Furthermore, in order for Plaintiff to make out a prima facie case of retaliation under Title VII she must show: (1) protected participation or opposition under Title VII known by the alleged retaliator; (2) An adverse employment action by his employer; and (3) Proof of a causal connection between the protected activity and the adverse employment action.Grant v. Bethlehem Steel Corp., 622 F.2d 43, 46 (2d Cir. 1980). Proof of the causal connection may be established indirectly by showing that the protected activity was followed closely by discriminatory treatment or directly through evidence of retaliatory animus directed against the plaintiff by defendant. Davis v. State University of New York, 802 F.2d 638, 642 (2d. Cir. 1986); Hochstadt v. Worcester Foundation for Experimental Biology Inc., 425 F. Supp. 318, 328-329 (S.D. Ohio 1983). Furthermore, in order for Plaintiff to make out a prima facie case of retaliation under Title VII she must show: (1) protected participation or opposition under Title VII known by the alleged retaliator; (2) An adverse employment action by his employer; and (3) Proof of a causal connection between the protected activity and the adverse employment actionGrant v. Bethlehem Steel Corp., 622 F.2d 43, 46 (2d Cir. 1980). Proof of the causal connection may be established indirectly by showing that the protected activity was followed closely by discriminatory treatment or directly through evidence of retaliatory animus directed against the plaintiff by defendant.

Plaintiff claims that he was retaliated against by the defendant when he was evaluated as fully satisfactory in 2001/02 and in the rating year of 2002/03. In order to establish a prima <u>facie</u> case of retaliation, the plaintiff must show by a preponderance of evidence (1) that he engaged in protected activity; (2) that he was subject to an adverse action by his employer, and (3) that there is a causal connection between the adverse action and the protected conduct. <u>McKenna v. Weinberger,</u> 729 F.2d 783, 790 (D.C. Cir. 1984). Therefore defendant's motion should be denied.

## C
## **STANDARDS FOR A MOTION TO DISMISS**

Defendant also seeks to have this court dismiss the complaint under the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure in that it allegedly fails to state a cause of action upon which relief can be granted. However, under Rule 12(b)(6) a complaint can be dismissed for failure to state a claim for relief only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief <u>Conley v. Gibson,</u> 355 U.S. 41, 45-46 (1957). Furthermore it is recognized that the factual allegations of the complaint must be presumed true and liberally construed in favor of the Plaintiff. <u>Shear v. National Rifle Ass'n of Am.,</u> 606 F.2d 1251, 1253, (1979)

## D
## **STANDARDS OF PROOF UNDER THE**
## **REHABILITATION ACT**

In order for the Plaintiff to establish a prima facie case under the Rehabilitation Act (ADA) he must show the following:

In order for the Plaintiff to establish a prima facie case under the Rehabilitation Act (ADA) he must show the following: (1) he has a disability whose limitations are known to the Agency; (2) He is qualified to perform the essential functions of his position with or without accommodation; (3) he experienced an adverse job action and (4) the circumstances surrounding the adverse job action indicate that it is more likely than not that his disability was the reason for the adverse action.

### III.

### ARGUMENT

### 1.

### THE AGENCY'S TIMELESS CLAIM IS WITHOUT MERITS

Defendant claims, in its Motion to Dismiss and for Summary Judgment, that the Plaintiff did not raise the issues of failure to accommodate or being falsely charged with the time and attendance fraud.(See Defendant's Motion at pg. 4). Defendant claims that it is entitled to dismissal of Plaintiffs fifth, sixth and seventh claims of his complaint.' The basis for this claim is that Plaintiff did not timely raise these issues with

---

'Plaintiff s complaint laid out only four claims discrimination because of race, discrimination because of disability, hostile work environment and reprisal. Defendant has enlarged these claims to seven claims. Under the Defendant's system Plaintiffs fifth claim is that he was discriminated against on the basis of his disability and that the agency discriminated against him because of his race and subjected him to a hostile environment. Plaintiff's sixth claim is that he was subjected to Gloss supervision by his supervisor since the filing of his EEO complaint and his seventh claim is that he was falsely charged with time and attendance fraud. However, in the instant case there are only three claims discrimination based upon Plaintiffs disability, retaliation, and hostile work environment based on disability. Plaintiff concedes his claim of race discrimination as well as any issue relating to the annual evaluations of 1999 and 2000. (See Plaintiffs Complaint at pgs. 8-10)

---

the agency or file the claims with the Office of EEO prior to initiating this complaint.

9

However, to show the pattern and practice of Discrimination, Plaintiff Amended his complaints please note the Defendants position is without merit. On or around January 14, 2003 the Plaintiff filed his informal EEO Complaint with the Agency alleging that he had been discriminated against on the basis of his disability. (See Ex.5 and 6). On or around January 26, 2004, Plaintiff filed his formal complaint of discrimination. See Ex.3 and 7 In fact Plaintiffs EEO complaint raised the issue of his disability and the issue of attendance fraud, please note on or around December 15, 2003. First of all Plaintiff raised the issue of his disability in his EEOC complaint stating that he had been discriminated due to his disability See Ex.3 In during the time Plaintiff filed his EEO Complaint , the Defendant by issued a Memorandum dated March 24, 2004 30 days suspension in which it was rescinded and dismissed by the Manager Mr. Ross Moress See Ex.8 then I was removed 5/5/04 by Judith D. Myers, Chief, of Engraving Division See Ex.10 and the Allegations of insufficient Medical Documentation See Ex.7,14and fitness for duty examine See.Ex.9 That led to his suspension and removal from Fed. Service on June 17, 2004 (See Ex.10 This Report served as the basis for the recommendation that disciplinary action be taken against the Plaintiff. On or around May 5, 2004 the Agency issued a Memorandum recommending that Plaintiff be subject to disciplinary action in the form of a 30 day suspension and removal. On or around May 26, 2004 Plaintiff answered, please refer to the answer by Attorney Karl w. Carter to the agency See Ex.11. Agency issued Plaintiff a Notice of Proposed Suspension and removal. On August 18, 2004 the agency disrespected, and humiliated the Plaintiff in front of all Management and friends of the Plaintiff, took his badge then they terminated him on August 18, 2004 and escorted him out of the building by two Police Officers like he was a convicted criminal. Thus, the claim that the Agency did not have notice of Plaintiffs claim relating to Medical Documentation is without merit.(See Ex.14, 15pg.1-17

10

2

## **In Part of Back Ground Information**

Thus, in Title VII case the plaintiff must set forth specific facts showing there is a genuine issue for trial. Skelton v. Acton, 668 F. Supp. 25, 29 (D.D.C. 1987). The establishment of a prima facie case helps the judge determine whether the litigants have created an issue of fact to be determined by the jury. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 255 n.8. Thus, Plaintiff submits that the evidence will show not only are there questions of material fact which should be decided by a jury, but also if the evidence is viewed in the light most favorable to the plaintiff, it would show that the defendant discriminated against him. Plaintiff claims that he was retaliated against by the defendant when he was evaluated as fully satisfactory in 2001/02, 2002/03 ( See Ex.4 and Ex. 6 Civil Case No. 98-2318(JR). In order to establish a prima facie case of retaliation, the plaintiff must show by a preponderance of evidence that he engaged in protected activity; (2) that he was subject to an adverse action by his employer, and (3) that there is a causal connection between the adverse action and the protected conduct. McKenna v. Weinberger, 729 F.2d 783, 790 (D.C. Cir. 1984). Therefore defendant's motion should be denied

## **TITLE VII STANDARD OF PROOF**

This is a case arising under Title VII of the 1994 Civil Rights Act. Plaintiffs case is based upon the disparate treatment theory under Title VII (i.e., that he was discriminated against by the Agency 1964 Civil Rights when he was subject to the following adverse personnel actions by the Defendant: When he was placed on AWOL on December15, 2003; (2) When he was suspended for three days on December 11, 203: and (3) When he was suspended for three days on January 13, 20031.

11

## **CONCLUSION**

I, the (plaintiff) hereby submits this Complaint for the foregoing reasons and those set forth in the memorandum supporting Plaintiff's motion to dismiss Defendant's partial motion because Defendant did not raise any claims of Law relating to the Laws pursuant Title v11 of the Plaintiffs complaint of the Federal Rules of Civil Procedures 12(b) (6) and for partial summary Judgment pursuant to Rule 56.Plaintiffr request that the court GRANT Plaintiff's motion, and dismiss Defendant's complaint with out prejudice and award Plaintiff a Summary Judgment.

Date: November 12, 2007

Respectfully, Submitted,

_____ Date: November 13, 2007

Thomas D. Brown, Sr. Photoengraver, 301-237-1590

3162 17th Street N. W. Washington, District of Columbia, 20010

Email Address Toobadblessingred@Yahoo.com

FILING DEPARTMENT
2007 NOV 13 PM 2:15
UNITED STATES
[illegible stamp]

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing to be served upon United States District Attorney Robin M. Meriweather Defendant by Certified Mail Receipt, Fax or Delivery, at 555 4th Street N.W. Washington D.C 20530   Civil Division

Respectfully, Submitted,

_____ Date: November 13, 2007

_____ Date: November 13, 2007

Thomas D. Brown, Sr., Disable and Retired

Photoengraver/ IPS

Independent Paralegal Specialist

3162 17th Street North West,

Washington, District of Columbia, 20010-2748

(202) 518-5553

(301) 237-1590

FILING DEPOSITORY

2007 NOV 13 PM 5:15

U.S. COURT OF APPEALS
RECEIVED