## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                       )

|  |  |  |
|---|---|---|
| Thomas D. Brown, Sr., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number 07-0509 (RMU) |
| | ) | |
| Henry M. Paulson, Secretary, | ) | |
| Department of the Treasury, | ) | |
|     Defendant. | ) | |
| | ) | |
| _____ | ) | |

### AMENDED ANSWER

Defendant Henry Paulson, Secretary of the United States Department of the Treasury (the "Department" or the "Agency"), by and through his undersigned counsel, hereby answers Plaintiff's Complaint and Demand for Jury Trial as follows:

### AFFIRMATIVE DEFENSES

#### First Defense

Plaintiff fails to state a claim upon which relief may be granted.

#### Second Defense

Plaintiff has failed to exhaust his administrative remedies.

#### Third Defense

With respect to Plaintiff's hostile work environment claim, Defendant exercised reasonable care to prevent and correct promptly any hostile behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or otherwise to avoid harm.

**Fourth Defense**

Plaintiff seeks to litigate issues that were or could have been raised in his prior federal court employment discrimination action, <u>Brown v. Snow</u>, 407 F. Supp. 2d 61 (D.D.C. 2005). This is precluded by the doctrine of res judicata (claim preclusion).

**Fifth Defense**

Plaintiff seeks to litigate issues that were actually and necessarily determined by the court in <u>Brown</u>, 407 F. Supp. 2d at 61.  This is precluded by the doctrine of collateral estoppel (issue preclusion).

Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged.

**SPECIFIC RESPONSES**

Defendant responds to the separately numbered paragraphs and prayer for relief, utilizing the same paragraph numbering as Plaintiff's complaint, as follows:

**I.**

**INTRODUCTION**

1.  This paragraph contains Plaintiff's characterization of his action, to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 1.

**II.**

**JURISDICTION AND VENUE**

2.  Defendant admits that the Court has jurisdiction over the Title VII claims.  To the extent the remaining allegations of Paragraph 2 purport to characterize federal statutes or

2

regulations, Defendant respectfully refers the Court to the relevant provisions for a true and complete statement of their requirements, and denies all contrary allegations.

## III.

## PARTIES

3.   Defendant admits that Plaintiff is a black male and that he was employed at the Defendant Bureau as a Journeyman Photoengraver.  Defendant admits that Plaintiff voluntarily retired from the Bureau June 18, 2004.  Defendant denies the remaining allegations of Paragraph 3.

4.   Defendant admits that Henry Paulson, Jr., is the Secretary of the Department of the Treasury.  Defendant denies that Henry Paulson, Jr. is responsible for all administrative and personnel decisions of the Department.

## IV.

## STATEMENT OF FACTS

5.   Defendant admits that Plaintiff was employed at the Defendant Bureau.  Defendant admits that Plaintiff received an Achieved Standards on his performance appraisal for the rating period October 1, 2002 to September 30, 2003.  Defendant admits that Plaintiff's rating official was Robert Bishop and that Plaintiff's reviewing official was Ross Morres.  Defendant admits that Plaintiff has filed previous EEO complaints.  Defendant denies that the Defendant Agency discriminated against, retaliated against, or harassed the Plaintiff.  Defendant denies the remaining allegations of Paragraph 5.

6.   Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in the first sentence of Paragraph 6, and therefore denies them.  Defendant

admits that on or about March 20, 2001, Plaintiff reported to work late. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in the third and fourth sentences of Paragraph 6. Defendant denies that the Defendant Agency discriminated against Plaintiff, harassed him, or retaliated against him. Defendant admits that on or about March 4, 2004, Patrick Reidy inquired about the status of an assignment that had been given to Plaintiff. Defendant denies the remaining allegations of Paragraph 6.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 7, and therefore denies them.

8. Defendant admits that for a period of time Plaintiff, along with other employees, was on an alternative work schedule and/or flexible work schedule. Defendant admits that due to several factors, including the reduction in staff in Plaintiff's work area, increase in operating costs, and security requirements of the work area, photoengravers were notified on or about September 10, 2003 that one work schedule was going to be established to which all employees needed to adhere. Defendant denies the remaining allegations of Paragraph 8.

8. (a) Defendant denies the allegations of Paragraph 8(a).

8. (b) Defendant denies that the Agency discriminated against Plaintiff. Defendant denies that the Agency subjected Plaintiff to a hostile work environment. Defendant denies that the Agency retaliated against Plaintiff. Defendant denies that Plaintiff was issued a letter of warning and suspension for reporting unwelcome behavior by a co-worker. Defendant admits that Plaintiff reported the unwelcome behavior to his supervisor. Defendant admits that the supervisor addressed the issue with both the co-worker and Plaintiff and that Plaintiff did not want to go to alternative dispute resolution because he did not wish to take the issue further.

Defendant denies the remaining allegations of Paragraph 8(b).

9.  Defendant admits that on or about March 20, 2001, Plaintiff was charged with AWOL (absence without leave).  Defendant admits that the AWOL was rescinded with the understanding that Plaintiff would follow the call-in procedures in accordance with Defendant's regulations.  Defendant admits that while Plaintiff refused to sign the letter rescinding the AWOL, Defendant proceeded with the rescission.  Defendant admits that on or about December 15, 2003, Plaintiff was charged with AWOL for a quarter of an hour because he neither accurately reflected his time in his leave slip, nor submitted a corrected time card upon request. Defendant denies the remaining allegations of Paragraph 9.

10.  Defendant admits the allegations of Paragraph 10.

11.  Defendant denies the first, second, and third sentences of Paragraph 11.  Defendant admits that the Defendant Agency controverted Plaintiff's worker's compensation claim, and that the claim was subsequently denied.  Defendant denies the remaining allegations of Paragraph 11.

12.  Defendant denies the first sentence of Paragraph 12.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in the remainder of Paragraph 12, and therefore denies them.

13.  Defendant admits the first sentence of Paragraph 13.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in the remainder of Paragraph 13, and therefore denies them.

14.  Defendant admits that on or about July 13, 2001, Plaintiff received a notice of proposed suspension for 14 days.  Defendant admits that after receiving Plaintiff's response to

the proposal, the Defendant Agency mitigated the suspension to 3 days.  Defendant denies the

remaining allegations of Paragraph 14.

15.  Defendant admits the allegations of Paragraph 15.

16.  Defendant admits that Plaintiff filed EEO complaints prior to December 2001.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the

averments in the remainder of Paragraph 16, and therefore denies them.

17.  Defendant admits that Robert Bishop rated Plaintiff for the period October 1, 2000 to

September 30, 2001.  Defendant is without sufficient knowledge or information to form a belief

as to the truth of the averments in the remainder of Paragraph 17, and therefore denies them.

18.  Defendant denies the first sentence of Paragraph 18.  Defendant admits the second

sentence of Paragraph 18.

19.  Defendant admits that on January 18, 2002, Plaintiff was issued a Notice of Right to

File a Discrimination Complaint.  Defendant admits that on January 28, 2002, Plaintiff filed a

formal EEO complaint with the Department of the Treasury, Washington Regional Complaint

Center.  Defendant admits that the case was dismissed for insufficient evidence and closed on

June 2, 2002.  Defendant admits that Plaintiff was notified of the dismissal on or about

September 12, 2002.  Defendant denies the remaining allegations of Paragraph 19.

20.  Defendant denies the first and second sentences of Paragraph 20.  Defendant admits

that on or about January 13, 2004, Plaintiff was insulted by a co-worker.  Defendant is without

sufficient knowledge or information to form a belief as to the truth of the averments in the

remainder of the third sentence of Paragraph 20, and therefore denies them.

21.  Defendant denies that the Defendant did nothing pertaining to Plaintiff's co-worker

insulting him.  Defendant admits that Plaintiff filed an EEO complaint addressing his co-worker

Marjorie Freeman's conduct.  Defendant admits that Plaintiff filed this suit.

## VI.

## STATEMENT OF CLAIMS

## 1.

## REPRISAL

## (SUSPENSIONS – ADVERSE ACTIONS)

22.  Defendant restates and incorporates by reference each and every response set forth in Paragraphs 1-21 as though fully set forth herein.

23.  Defendant admits the allegations of Paragraph 23.

24.  Defendant denies that AWOL is an adverse action.  Defendant admits that Plaintiff was suspended for three days on or about May 18, 2001 and September 6, 2001.  Defendant admits that Plaintiff was charged with AWOL on or about November 20, 2003, December 5, 2003, December 15, 2003, and January 13, 2004.

25.  Defendant admits that some of Plaintiff's supervisors were aware of his EEO activity.  Defendant admits that Plaintiff's training was denied on or about February 17, 2004. Defendant denies that any medical doctor's orders were violated.

26.  Defendant admits that Plaintiff was involved in a lawsuit from May 22, 2003 through April 27, 2005.  Defendant denies the remaining allegations of Paragraph 26.

**2.**

**DISCRIMINATION BASED ON RACE**

27.  Defendant restates and incorporates by reference each and every response as set forth in Paragraphs 1-26 as though fully set forth herein.

28.  Defendant denies the allegations of Paragraph 28.

29.  Defendant denies the allegations of Paragraph 29.

30.  Defendant denies the allegations of Paragraph 30.

31.  Defendant denies the allegations of Paragraph 31.

**3.**

**DEFENDANT FAILED TO ACCOMMODATE PLAINTIFF'S DISABILITY**

32.  Defendant restates and incorporates by reference each and every response set forth in Paragraphs 1-31 as though fully set forth herein.

33.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in the first sentence of Paragraph 33, and therefore denies them. Defendant admits that on or about March 20, 2001, Plaintiff reported to work late.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in the third and fourth sentences of Paragraph 33, and therefore denies them.  Defendant denies that the Defendant Agency discriminated against Plaintiff.  Defendant admits that on or about December 15, 2003, Plaintiff sought to change his work hours.  Defendant denies the remaining allegations of Paragraph 33.

34.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments in the first four sentences of Paragraph 34, and therefore denies them.

Defendant denies that Defendant Agency was aware of a disability.  Defendant denies that the

Agency did not accommodate Plaintiff.

35.  Defendant denies the allegations of Paragraph 35.

## 4.

## HOSTILE WORK ENVIRONMENT

36.  Defendant restates and incorporates by reference each and every response set forth in

Paragraphs 1-35 as though fully set forth herein.

37.  Defendant denies the allegations of Paragraph 37.

38.  Defendant denies the allegations of Paragraph 38.

39.  Defendant denies the allegations of Paragraph 39.

40.  Defendant denies the allegations of Paragraph 40.

## VII.

## PRAYER FOR RELIEF

(a)    This is Plaintiff's prayer for relief, to which no response is required.  To the extent a

response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any

relief whatsoever.

(b).    This is Plaintiff's prayer for relief, to which no response is required.  To the extent a

response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any

relief whatsoever.

**Engaging in protected activity**

(c )    This is Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**Disability**

(d)    This is Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

(e)    This is Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

(f)    This is Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever, and avers that any damages award would be subject to and limited by 42 U.S.C. § 1981a.

(g)    This is Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

(h)     This is Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

(i)    This is Plaintiff's prayer for relief, to which no response is required.  To the extent a

response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

(j)       This is Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## VIII.

## JURY TRIAL DEMAND

This paragraph contains Plaintiff's request for a jury trial, to which no response is required.  To the extent a response is required, Defendant denies the allegations of this Paragraph.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint and Demand for Jury Trial.

11

WHEREFORE, Defendant requests the Court enter judgment in its favor and against

Plaintiff, that the complaint be dismissed in its entirety with prejudice, that Defendant recover its

costs in this action, and for such other relief as may be appropriate.


Dated: December 3, 2007                    Respectfully submitted,


                                            _____/s/_____
                                            JEFFREY A. TAYLOR, D.C. BAR # 498610
                                            United States Attorney


                                            _____/s/_____
                                            RUDOLPH CONTRERAS, D.C. BAR #434122
                                            Assistant United States Attorney


                                            _____/s/ Christopher B. Harwood_____
                                            CHRISTOPHER B. HARWOOD
                                            Assistant United States Attorney
                                            555 Fourth St., N.W.
                                            Washington, D.C.  20530
                                            Phone: (202) 307-0372  Fax: (202) 514-8780
                                            Christopher.Harwood@usdoj.gov