UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS D. BROWN, SR.,<br>3162 17TH STREET N.W.<br>WASHINGTON, D. C. 20010-2748<br><br>PLAINTIFF,<br>VS.<br><br>HENRY M. PAULSON, JR., SECRETARY OF THE<br>UNIITED STATES DEPARTMENT OF TREAUSURY<br><br>DEFENDANT. | CASE NUMBER: 07-CV0509 (RMU) |

RECEIVED
MAY - 6 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION FOR LEAVE OF COURT, AND TO PRECEDE WITH DISCOVERY ON THE ABOVE CAPTURED MATTER, BY AMENDING THE FMLA RULE, AND PLAINTIFF'S REQEST FOR PRODUCTION OF DUCUMENTS

Thomas D. Brown, Sr., Disable Journeyman, Photoengraver, Referred to as 'Plaintiff' for The United States Department of Treasury ("DOT"), hereby respectfully moves for an leave of Court of 30 days, up to and including, or the Discovery period in which to move, answer or otherwise respond to Defendant's request, and seeks leave of this Court to submit this motion days prior to the current Motion for Defendant's answer or other responsive pleading. Defendant's response would otherwise be due. Although the terms of Local Rule 7(m) do not require consultation with <u>pro se</u> parties, Plaintiff attempted to contact Defendant to seek his position on this enlargement and for production of Documents motion. However, the Defendant, and the undersigned Plaintiff therefore was unable to confer with Defendant. In support of this motion, 'Plaintiff' states as follows:

This is an employment discrimination action, filed by The Plaintiff an employee of the Department of the Treasury. Plaintiff raises claims of Disability, retaliation and race, and disability discrimination Retaliation under the umbrella of title 7 and the Family Medical Leave Act (FMLA)

The undersigned Assistant United States Attorney recently learned that Defendant's prior understanding of the relevant facts was partially incorrect, and that the agency counsel therefore would be unable to provide the information and materials necessary to submit Defendant's responsive pleading on the current deadline of April 30, 2008, and May 12, 2008.There are pending deadlines or court dates that this request for enlargement would affect. Granting Plaintiff an add Petitioner for Review Mr. Thomas D. Brown Sr. submits this appeal, through his attorney. He requests a Petition for Review, and a hearing. This appeal is served both by facsimile and first class Certified mail.

A.     **Introduction.**

The *"Plaintiff"* Mr. Thomas D. Brown, Sr. was Retaliated against, and Subjected to work in a Hostile work environment by his supervisors that resolved to an adverse action by the agency when he was removed effectively on June 17, 2004 from the Bureau of Engraving and Printing (BEP) for providing insufficient Medical documentation/leave (AWOL) and not submitting adequate documentation for his Disability. The agency again subjected him to an adverse action. A copy of the June 17, 2004-dated notice of removal is attached from The United States Merit Protection Board. Attachment will be incorporated by request

During the pertinent AWOL period 3/10/03 to 3/14/03, from 2/14/04 thru 4/07/04 sick leave and OWCP leave Mr. Brown, Sr., who now has severe back problems and suffers from high blood pressure, diabetes, had related health problems, including hospitalization. Mr. Brown's. provided documentation to the agency of these two events. He also regularly telephoned the agency concerning the situation although there is a dispute of fact how often. Irrespective, he was first suspended then fired on or around June 18, 2004.

B.     **Jurisdictional and Other Preliminary Information.**

Timeliness, Subject Matter, and Career Status. The appeal is timely, being filed within thirty-days of the September 17 2004-effective date of removal. An adverse action is being appealed over which the Board has jurisdiction. Mr. Brown, Sr. is a Journeyman Photoengraver WE-4425 for the Department of Treasury (Bureau of Engraving and Printing) Photo Engraver, permanent, competitive service employee.

He was neither on probation nor serving a trial period when he was fired. He is in his thirty fourth year at the Department of Treasury Bureau of Engraving and Printing. He is too young to retire.

*Other Filings.* The "Plaintiff" Mr. Thomas D. Brown, Sr., has not had a chance to file a grievance or EEO complaint concerning the removal and other at hand issue here because he was not aloud on the premises.

*Name and Address of the Parties.* The "Plaintiff's name and address are Thomas D. Brown, Sr. at 3162 17th Street N.W. Washington D.C. Social security number 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. Home telephone 202-265-5629 or cell#. He signs this letter to confirm the undersigned as his representative. *Acting/Pro-se at present.*

*The representative* is fourth coming, an alternant counsel attorney may be given as well, and name will follow. At present The "Plaintiff" is acting Pro-se, Please forward a copy of all documents to Mr. Thomas D. Brown Sr., the Plaintiff, at the address, 3162 17th Street N. W. Washington D.C. 20010 and fax number 202-518-5553 and home cell#301-237-1590

*The agency* address is Department of the Treasury, Bureau of Engraving & Printing, 14th and C Streets, SW, Washington, D.C. 20228. On information and belief, Labor Relations address is Phillip Boyer, Labor Relations Division, and Room 648-A, Department of the Treasury, Bureau of Engraving & Printing, and Washington, D.C. 20228. The telephone number is 202-874-2562.

**C.    Issues and Defenses before the Board and the Federal Court**

*Lack of Misconduct.* 'According to the records and hearing examiner said,' 'No' Misconduct will be presumed' the *"Plaintiff"* did not commit misconduct nor have relevant intent for misconduct. He disputes that he did not provide sufficient documentation when out of the office concerning his circumstance and reasons for his absence. He disputes the iteration of when he did telephone concerning his absences. Additionally, whether or not Mr. T. Brown, met all agency demands for daily telephone calls, for example, the agency was aware or should have been aware of his illness and that he was incapacitated from 2/14/04 thru April 7,2004, he was in a critical stage according to his health care provider.(Family members) The agency knew or should have known that Mr. T. Brown Sr. was legitimately absent and not penalize him for such absences on March 10,11,12,13,and the last week of March 29 2003, also, on April 1,2,3,4, of 2003, March 12,13, charged on AWOL

***FMLA Violations.***  By statute and regulation, the federal Government has implemented Family and Medical Leave Act (FMLA) procedures and mandates on federal agencies, including the agency i.e. 6381 through 6387 of title 5, United States Code; Part 630, title 5, Code of Federal Regulations. The Board will consider and apply the FMLA without shifting the burden of proof to the "Plaintiff". The agency must show compliance with the FMLA. ***E.g., Ellshoff v. Department of the Interior, 76 M.S.P.R. 54 (1997).*** Further information about FMLA violations is set forth later in this Appeal. The ***FMLA violations*** alone are reason to **reverse this removal.**

***Mitigation.***  If there was any misconduct (and the Plaintiff denies any misconduct or intent), the removal is too severe. , Prior to this removal, the agency suspended Mr. Thomas D. . .Brown Sr., a total of 40 days when he was absent due to complications from his Low Back Pain, High Blood Pressure, and Sugar diabetes. When he was out on OWCP/sick LEAVE, Mr. T. Brown, explained the circumstances and submitted corroborating information. He also confirmed his hospitalization, back and diabetes related problems. Removal should be mitigated for this employee who has no past discipline or issues on his record. Removal should be mitigated for this employee who has no past discipline or issues on his record.

***Due Process and Procedural Error.***  The June 17, 2004-dated letter of removal failed to provide notice of Mr. Thomas D. Brown's., right to grieve his removal. 5 C.F.R. §1201.21. A constitutional, not harmful procedural error, analysis applies. An employee's property of employment may not be removed without appropriate due process. Notice of removal is part of that due process.

**Multiplicity.**  The agency Retaliated and suspended Mr. T. Brown, Sr. 30 days immediately before the absences for which it proposed his removal. He returned to work from that suspension, his back got worse and he took ill, and his diabetic complications resumed. The agency's FMLA violations, complained of herein, also were committed before suspending Mr. T. Brown, Sr. for 30 days. The absences that lead to the 30-day suspension were part and parcel of the absences caused by the low back, high blood pressure and diabetic complications that lead to the removal. On information and belief, the agency improperly considered the 30-day suspension as a separate offense in determining the penalty instead of considering it as the same offense raised by the proposal to remove.

***Rehabilitation Act.*** Mr. T. Brown, Sr. is a qualified individual with a disability because of his low back pain, high blood Pressure, and diabetes. The impacts of life activities of the disease include work but also his ability to drive. He has been denied a driver's license because of diabetes related impairment. He was hospitalized during part of the period when he was absent. His qualifications for the position in question are confirmed by his years of BEP service.

***The agency*** treated him adversely both in response to the back, high blood Pressure, and Sugar diabetes related absences (disparate treatment and disparate impact) and *failed to accommodate* the impact of that disease during the period in question and regarding the absences in question. ***FMLA Applies.*** Family and medical leave means an employee is entitled to 12 administrative workweeks of unpaid leave for certain family and medical needs. According to the agency, Mr. T. Brown, Sr., was absent less than 12 workweeks.

***Incapacity" means*** the inability to work, attend school, or perform other regular daily activities because of a serious health condition or treatment for or recovery from a serious health condition." Section 630.1202. His medical problems were severe, and he almost died at the end of the pertinent AWOL period around 2/14/03 thru 4/07/03 witness by Mrs. Edna Jenkins (mother in-law and Pamela E. Taylor (sister in-law). The incapacity noted by the Hearing examiner's claim of proof corroborates agency knowledge of the serious health condition and the veracity of Mr. T. Brown, Sr.'s reason for being absent. Mr. T. Brown, Sr. also provided to the employer Agency's Medical Center Discharge Information for March 10, 11, 12, 13, 14, of 2003 to April 1,2,3,4 of 2003 in and out of hospital. But it was not accepted. He documented interim visits with health care professionals concerning his work related injury, such as for February 14th thru April of 2003 and January 23rd. and the 24th day of January.

Mr. T. Brown, Sr., continued to suffered severe health problems of himself including back, high blood, and sugar diabetes vision problems due to uncontrolled diabetes. He provided a written letter from the treating physician confirming the medical problems, but nevertheless, he was retaliated against at the hospital his condition having been aggravated by the stress and anxiety of the ongoing stress, and work related injuries.

***The Medical Certificates and Agency Leave Mandates.*** In proposing to fire Mr. T. Brown, Sr., his supervisor noted when Mr. T. Brown, Sr. had telephoned the agency during the period of his absence. The agency position was that the medical documentation wasn't sufficient. This alleged failure to comply and insubordination. (Mr. T. Brown, Sr. disputes several dates when he said the Medical documentation) was a reason for proposing removal. In the proposal to remove and the removal letter, the agency also alleged Mr. T. Brown, Sr., did not provide "acceptable documentation," without specifying what would be acceptable. On April 1 of, 2004, the supervisor logs him AWOL for those days. Mr. T. Brown's. Was ordered to return to duty, against Dr. Laura Welch's prescribed Orders, and Dr. Denish Joshie from Kaiser Permanente, and other supporting Physicians. These reasons were considered and sustained as grounds for removal.

***The agency*** did not inform Mr. T. Brown, Sr. of his rights under ***FMLA. 5 C.F.R. Sections 630.1203(g).*** It treated Mr T. Brown, Sr. as it may treat persons who request leave for other reasons, such as demanding that Mart. Brown, Sr. telephone daily about his whereabouts. The agency only should have requested confirmation the situation once, or revisited the issue once every thirty-days, not daily. It should have provided him the full FMLA period and not demanded a return to work on April 7, 2003 only to mark him by AWOL. In Mr. Thomas D. Brown Sr. whole 34 year tenure at the Bureau of Engraving and Printing he never participated in no kind of leave restrictions. Agency Requests for Documentation. An agency may require medical certifications from the health care provider of the mother or the employee. ***5 C.F.R. sections 630.1207(a).*** Specific criteria shall be ***requested. Section 1607(b).*** The agency is obligated to inform an employee of his rights and responsibilities under the FMLA.

***The agency failed*** to ask Mr. T. Brown, Sr. To give it information concerning his High Blood and Sugar diabetes. He submitted documentation unilaterally. The agency did ask Mr. T. Brown, Sr. for documents that would support the reasons he was absent, and he complied.

*The agency*, however, did not specify what information should be addressed by this documentation, although regulation requires such specificity. The agency then terminated Mr. T. Brown, Sr. for "inadequate documentation." Agency Leave Mandates is Illegal. As said, Mr T. Brown, Sr. submitted medical documentation to the agency concerning him and other relating work related problems. Each document was signed by a health care provider. If an employee submits a health care provider signed documentation, the agency may not request new information from the health provider. Section 630.1207(c). It may clarify the information using an agency physician contacting the health care provider. If doubt remains about the situation, at its own expense the agency may obtain a second opinion. Section 630.1207(d). After not requesting the specific information contemplated by the FMLA, the agency received medical documentation and asked for supporting documentation, before it fired Mr. Brown, Sr.,. It did not comply with FMLA regulation here.

*The agency* also placed all burden on the employee to justify absences, without providing FMLA mandated directions and specifics. It gave him leave mandates instead of complying with FMLA regulation. It vaguely asked for supporting documentation and then declared such documentation inadequate. The agency did not meet its obligation to clarify the situation, medically, and appropriately advise the employee to achieve this end.

*The agency otherwise did not comply with FMLA mandates.*

D.    **Settlement.**

The removal letter indicates that the agency wanted more documentation from Mr. T. Brown, Sr. it also is apparent that the agency did not apply FMLA procedures, which is unseal and has lead to some regulatory clarification since the events at issue here. If the agency is willing to discuss restoration of Mr. T. Brown, Sr. to the federal services and other means to make him whole, then he is willing to consent to a stay of Board proceedings to permit resolution.

E.   Petition for Review a under Applicable Laws and Regulation

F.   Hearing. Mr. Thomas D. Brown, Sr. requests hearing.

G.   Requested Relief.

*The "Plaintiff"* Mr. Thomas D. Brown, Sr. requests retroactive restoration to the federal service with back pay, Schedule award, Annual Leave, Sick Leave, Workers Compensation benefits, health care retirement points, and other retroactive benefits of employment. He asks for an award of *"Paralegal"* fees. He requests compensatory damages. He asks for such further or other relief justified by the facts and law, and appropriate from the Court.

H.   Conclusion.

Please contact me if you need further information at 202-265-5629H or 301-237-1590. Mr. Brown's signature is below or on the next page.

Sincerely, submitted

_____ Date: 5-6-2008
Mr. Thomas Darnell Brown, Sr.,
3162 17th Street N.W. Washington, D.C. 20010
toobadbblessingred@Yahoo.com
301-237-1590

**I DO SOLEMLY DECLARE AND AFFIRM on this May 6, 2008,** under the penalties of perjury that the contents of the foregoing Petition/Motion for Leave of Court, Discovery, and Request for Production of Documents are true and correct to the best of my knowledge, information and belief

_____ Date: 5-6-2008
Mr. Thomas D. Brown, Sr., at
3162 17th Street North West,
Washington, District of Columbia
(301) 237-1590

**Sincerely, submitted**

_____ Date: 5-6-2008
By the "Plaintiff" Mr. Thomas D. Brown, Sr. at
3162 17th Street North West,
Washington, District of Columbia
(301) 237-1590

### CERTIFICATE OF SERVICES

I (Mr. Thomas D. Brow, Sr..) hereby certify that a copy of the foregoing Motion was sent certified, Faxed, for Petition/Motion for Leave of Court for Discovery and Request for production; was mailed, posted prepaid, on this Wednesday of May 6, 2008 to the Defendant/USDA at 555 4th Street, N. W. Washington, D.C. 20530

**Respectfully, Submitted,**

_____ Date: 5-6-2008
Mr Thomas D. Brown, Sr. at
3162 17th Street North West,
Washington, District of Columbia
(301) 237-1590

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS D. BROWN, SR.,<br>3162 17TH STREET N.W.<br>WASHINGTON, D. C. 20010-2748 )<br><br>           PLAINTIFF,        :<br><br>VS.                           )<br><br>HENRY M. PAULSON, JR., SECRETARY OF THE   :<br>UNIITED STATES DEPARTMENT OF TREAUSURY<br><br>           DEFENDANT.<br>_____ ) | CASE NUMBER: 07-CV0509 (RMU) |

## **COURT ORDER**

Upon consideration of Plaintiff's Motion/Leave of Court for Extension of Time and conducting Discovery by Amending his Complaint to File Answer or Otherwise Respond to Defendant's answer, it is on this _____ day of _____, 2008,

ORDERED that Plaintiff's Motion for Extension of Time and conducting Discovery by Amending of his Complaints to File Answer or Otherwise Respond to Defendant's USDA Answer be and is hereby GRANTED.

It is further ORDERED that Plaintiff shall submit an Answer or otherwise respond to Defendant's Answer by end of the Discovery period of June 2, 2008.

SO ORDERED BY JUDGE:

_____
United States District Judge