UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————————
                                            )
THOMAS D. BROWN, SR.,                        )
                                            )
        Plaintiff,                           )
                                            )
        v.                                   )        Civil Action 07-0509 (RMU)
                                            )
HENRY M. PAULSON, JR., Secretary,            )
Department of the Treasury,                  )
                                            )
        Defendant.                           )
———————————————————————————)

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MAY 6, 2008 MOTION

Defendant Henry M. Paulson, Jr., Secretary, Department of the Treasury, by and through

the undersigned counsel, respectfully submits this response to Plaintiff's May 6, 2008 motion.[1]

Plaintiff's motion is difficult to follow, and it is not at all clear what relief he is seeking.  As best

Defendant can tell, Plaintiff is seeking:  (1) an extension to the discovery period; (2) an order

requiring Defendant to produce documents; and (3) leave to file an amended complaint.  For the

reasons set forth below, Plaintiff is not entitled to any of the relief that he appears to be seeking.

A.      **At this Time, there is No Need to Extend the Discovery Period.**

Pursuant to this Court's September 10, 2007 Scheduling Order, discovery in this case was

supposed to have closed on May 12, 2008.  However, in late April, it became clear to the

undersigned counsel that he would not be able to get Plaintiff to appear for his deposition (which

_____

[1] In his motion, Plaintiff represents that he attempted to contact the undersigned counsel
to discuss the substance of the motion before filing it.  (Pl.'s Mot. at 1.)  However, Plaintiff is
silent as to the methods he used to try to contact the undersigned counsel.  If Plaintiff tried to call
the undersigned counsel, he did not leave a voicemail message.  Nor did Plaintiff send the
undersigned counsel an email message.  Moreover, Plaintiff's assertion that the duty to confer
does not apply to him because he is appearing pro se (see id.) is incorrect.  (See Local Civ.
R. 7(m).)

the undersigned counsel had noticed for April 30, 2008 on March 19, 2008) or to respond to

Defendant's written discovery requests (which the undersigned counsel had mailed and emailed

to Plaintiff on March 19, 2008) prior to May 12, 2008.  Thus, on April 30, 2008, the undersigned

counsel moved this Court to extend the discovery period to allow Defendant to take Plaintiff's

deposition and obtain responses to its written discovery requests.  (See Docket No. 32.)  By

Minute Order dated May 1, 2008, this Court granted that motion and extended the discovery

period to June 2, 2008.  Thus, at this time, there is no need for a further extension to the

discovery period.  A further extension to the discovery period would be warranted only if

Plaintiff continues to refuse to appear for his deposition or respond to Defendant's March 2008

written discovery requests.  And, in that case, any extension should be for the sole purpose of

allowing Defendant to depose Plaintiff and obtain responses to its written discovery requests.[2]

---

[2] Unfortunately, it appears as though Plaintiff is going to continue to refuse to engage
Defendant in discovery.  On May 7, 2008, the undersigned counsel left Plaintiff a voicemail
message asking Plaintiff to call him back so that they could, inter alia, select a date for Plaintiff's
deposition.  That same day, the undersigned counsel sent Plaintiff an email inquiring whether
Plaintiff was available for his deposition on either May 22, 2008 or May 23, 2008.  (See Ex. A.)
As of the time of this filing, Plaintiff has not responded to those communications.  Nor has
Plaintiff responded to Defendant's March 2008 written discovery requests.
    On May 9, 2008, the undersigned counsel sent Plaintiff a notice of deposition (by first
class mail and email PDF), which set Plaintiff's deposition for May 22, 2008.  (See Ex. B.)  In a
letter that accompanied the notice of deposition, the undersigned counsel informed Plaintiff that
he could also make himself available to take Plaintiff's deposition on May 21, 2008, May 23,
2008 or May 26, 2008.  (See id.)  The undersigned counsel also stated that if Plaintiff does "not
contact [him] by the close of business on May 14, 2008 to agree to an alternative date for [his]
deposition, [the undersigned counsel] will expect [Plaintiff] to appear for [his] deposition at 9:30
a.m. on May 22, 2008 at 501 Third Street, N.W., Fourth Floor, Washington, D.C. 20530."  (Id.)
As of the time of this filing, Plaintiff has not responded to the undersigned counsel's May 9,
2008 letter.
    Notably, on May 9, 2008, Plaintiff neglected to appear for a settlement conference before
the Honorable John M. Facciola.  As a result, Judge Facciola entered a Minute Order requiring
Plaintiff to show cause on or before May 16, 2008 why he should not be sanctioned for his
failure to appear.  On May 14, 2008, Plaintiff managed to file what appears to be a response to
the show cause order.  (See Docket No. 34.)  Thus, Plaintiff is clearly capable of responding to
the undersigned counsel's discovery-related communications; he is simply choosing not to do so.

**B.    Plaintiff is Not Entitled to an Order Requiring Defendant to Produce Documents.**

During an April 23, 2008 telephone call with the undersigned counsel and in an April 25, 2008 email to the undersigned counsel,[3] Plaintiff stated that he would not respond to Defendant's written discovery requests until after Defendant had responded to his request for "production of certain documents." (See Ex. C.) However, as the undersigned counsel represented to Plaintiff during their April 23, 2008 telephone call and in a number of subsequent emails and letters (see, e.g., Ex. B; Ex. D; Ex. E), prior to April 23, 2008, the undersigned counsel had not received any written discovery requests from Plaintiff. Notably, in response to the undersigned counsel's representations, Plaintiff has made no attempt to produce documentation showing that he in fact served written discovery requests prior to April 23, 2008.[4] Instead, on May 14, 2008, about three weeks after he was first told that Defendant had not received any written discovery requests from him and about two weeks before the close of the discovery period, Plaintiff served on Defendant a set of document requests dated May 14, 2008. Those document requests are untimely—they were served less than 30 days prior to the close of the discovery period. In light of the foregoing, Plaintiff is not entitled to an order requiring Defendant to produce documents.

---

If Plaintiff continues to refuse to engage Defendant in discovery, Defendant will require this Court's assistance.

[3] To the best of the undersigned counsel's knowledge, the April 25, 2008 email represents the last time that Plaintiff has made any attempt to communicate with the undersigned counsel. Since April 25, 2008, the undersigned counsel has left Plaintiff several voicemail messages (most recently on May 7, 2008), and has sent Plaintiff a number of letters and emails (most recently on May 9, 2008).

[4] During the April 23, 2008 telephone conversation between Plaintiff and the undersigned counsel, Plaintiff stated that he sent the alleged document requests by fax and by certified mail. The undersigned counsel has since inquired whether Plaintiff has the associated fax confirmation report or certified mail receipt. (See Ex. E.) Plaintiff has not responded to those inquiries.

**C.     Plaintiff Should Not Be Granted Leave to Amend His Complaint at this Late Date.**

Plaintiff filed his Complaint more than a year ago—on March 19, 2007.  Since that time, Defendant has:  (1) filed a dispositive motion as to certain claims raised in the Complaint (see Docket No. 16), which this Court recently granted (see Docket No. 31)[5]; and (2) served a comprehensive set of written discovery requests based upon the claims Plaintiff asserted in his Complaint.  Now, after having litigated this case for more than a year and to within weeks of the close of discovery, Plaintiff appears to be seeking leave to amend his complaint to add an entirely new claim relating to Defendant's June 17, 2004 decision to terminate his employment. (See Docket No. 33.)  However, Plaintiff should not be permitted to amend his Complaint at this late date, particularly given that:  (1) he is seeking to add a new claim that relates to an event that occurred in June 2004 and has provided no justification for his failure to raise that claim before now; and (2) adding the new claim would result in the filing of (and the costs and delay associated with) a new motion to dismiss (see infra at 5 (explaining that the proposed amendment is futile)) and, in the unlikely event that the motion to dismiss were denied, the need to conduct additional discovery with respect to the new claim.  See, e.g., Am. Society for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus, 246 F.R.D. 39, 44 (D.D.C. 2007) (denying a motion to amend the complaint where the amendment would "complicate and lengthen" the litigation and where the moving party "could have filed th[e] motion more than seven months ago and . . . failed to provide a reason for waiting until this late date to do so"); Hollinger-Haye v. Harrison Western/Franki-Denys, 130 F.R.D. 1, 2 (D.D.C.

---

[5] On April 1, 2008, this Court held "that Plaintiff is procedurally barred from litigating claims based on events that allegedly occurred prior to May 22, 2003, and that defendant is entitled to judgment as a matter of law on the claims brought under the Rehabilitation Act." (Docket No. 31 at 10.)

1990) (denying a motion to amend the complaint that was filed at the end of the discovery period where (1) the plaintiff sought to add claims based on facts that were known to her long before she filed her motion to amend, (2) the new claims would require the defendants to conduct new discovery and (3) the plaintiff failed to articulate a good reason for her delay in moving to amend).

Moreover, to the extent that Plaintiff is seeking to amend his Complaint through the instant motion, the motion is procedurally improper. Under this Court's local rules, "[a] motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended." (Local Civ. R. 7.) Here, Plaintiff's motion is not accompanied by a "proposed pleading as amended."

Finally, Plaintiff's motion to amend his Complaint to add a claim relating to his June 17, 2004 termination should be denied as futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) (a motion to amend a complaint is appropriately denied where the amendment would be futile). Following his termination, Plaintiff appealed the decision to terminate to the Merit Systems Protections Board. Thereafter, Plaintiff and Defendant entered into a Settlement Agreement pursuant to which Plaintiff agreed to release Defendant from any and all claims relating to his termination. (See Ex. F at ¶¶5, 9.)[6] Thus, the terms of the Settlement Agreement bar Plaintiff from raising a claim relating to his June 17, 2004 termination in this action and render his motion to amend futile.

---

[6] The above-referenced Settlement Agreement expressly states that its specific terms are confidential and are not to be publicized. Thus, Defendant will file a copy of the Settlement Agreement with this Court under seal.

**<u>CONCLUSION</u>**

For the reasons set forth above, this Court should DENY Plaintiff's May 6, 2008 motion.

Dated:  May 19, 2008                          Respectfully submitted,


                                              _____/s/_____
                                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                                              United States Attorney


                                              _____/s/_____
                                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                                              Assistant United States Attorney


                                              _____/s/_____
                                              CHRISTOPHER B. HARWOOD
                                              Assistant United States Attorney
                                              555 Fourth St., N.W.
                                              Washington, D.C.  20530
                                              Phone: (202) 307-0372
                                              Fax: (202) 514-8780
                                              Christopher.Harwood@usdoj.gov


Of Counsel:

Nichole Jenkins Washington
Office of the Chief Counsel
Department of the Treasury
Bureau Of Engraving and Printing

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2008, I caused a copy of the foregoing to be served upon

Plaintiff via the Court's ECF system and via first class mail, postage prepaid, addressed as

follows:

THOMAS D. BROWN, SR.
3162 17th Street, N.W.
Washington, DC  20010-2748


_____/s/_____
Christopher B. Harwood

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

―――――――――――――――――――――――――――

THOMAS D. BROWN, SR.,                          )
                                               )
        Plaintiff,                             )
                                               )
        v.                                     )        Civil Action 07-0509 (RMU)
                                               )
HENRY M. PAULSON, JR., Secretary,              )
Department of the Treasury,                    )
                                               )
        Defendant.                             )
―――――――――――――――――――――――――――)

## **ORDER**

Having considered Defendant's Response to Plaintiff's "Motion for Leave of Court, and to Precede with Discovery on the Above Captured Matter, by Amending the FMLA Rule, and Plaintiff's Request for Production of Documents" (Plaintiff's "May 6, 2008 Motion"), and the entire record herein, it is this _____ day of _____, 2008, hereby

ORDERED that Plaintiff's May 6, 2008 Motion is DENIED.

SO ORDERED.


                                    _____
                                    UNITED STATES DISTRICT JUDGE


Copy to:  ECF Counsel

**Harwood, Christopher (USADC)**

| | |
|---|---|
| **From:** | Harwood, Christopher (USADC) |
| **Sent:** | Wednesday, May 07, 2008 5:40 PM |
| **To:** | 'thomas brown' |
| **Subject:** | Brown v. Paulson, No. 07-0509 |

Dear Mr. Brown:

I am writing to follow up on the voicemail I left you earlier this afternoon. I would like to schedule your deposition and address the other outstanding discovery-related issues in this case. The new end date for discovery is June 2, 2008. Are you available for a deposition on May 22 or May 23? Also, when can I expect to receive your responses to Defendant's written discovery requests (which were due last month).

Sincerely,

Christopher B. Harwood
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372



**Harwood, Christopher (USADC)**

| | |
|---|---|
| **From:** | Harwood, Christopher (USADC) |
| **Sent:** | Friday, May 09, 2008 4:59 PM |
| **To:** | 'thomas brown' |
| **Subject:** | Brown v. Paulson, No. 07-0509 |

Dear Mr. Brown:

Attached please find (1) a letter addressing, among other things, your deposition; and (2) a new notice of deposition, which schedules your deposition for May 22. I am also sending the attached letter and notice of deposition to you via first class mail, postage prepaid.

Sincerely,

Christopher B. Harwood
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

 



5.9.08 Letter re      5.9.08 Notice of
Deposition an...      Deposition.pd...

---

**From:** Harwood, Christopher (USADC)
**Sent:** Wednesday, May 07, 2008 5:40 PM
**To:** 'thomas brown'
**Subject:** Brown v. Paulson, No. 07-0509

Dear Mr. Brown:

I am writing to follow up on the voicemail I left you earlier this afternoon. I would like to schedule your deposition and address the other outstanding discovery-related issues in this case. The new end date for discovery is June 2, 2008. Are you available for a deposition on May 22 or May 23? Also, when can I expect to receive your responses to Defendant's written discovery requests (which were due last month).

Sincerely,

Christopher B. Harwood
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372



GOVERNMENT
EXHIBIT

B



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

May 9, 2008

Thomas D. Brown, Sr.
3162 17th Street, N.W.
Washington, D.C. 20010

Re: Brown v. Paulson
Civil Action No. 07-0509

Dear Mr. Brown:

Last week, the Court extended the discovery period to June 2, 2008, so that, among other things, Defendant would have an opportunity to take your deposition. Enclosed herewith is a new Notice of Deposition. Pursuant to the Notice of Deposition, your deposition has been scheduled for May 22, 2008.[1] If you do not contact me by the close of business on May 14, 2008 to agree to an alternative date for your deposition,[2] I will expect you to appear for your deposition at 9:30 a.m. on May 22, 2008 at 501 Third Street, N.W., Fourth Floor, Washington, D.C. 20530.

In addition, please email me your responses to Defendant's previously-served written discovery requests by the close of business on May 16, 2008. Under the Federal Rules of Civil Procedure, you were to have served your responses last month. As you know from our prior communications, my email address is Christopher.Harwood@usdoj.gov.

You have indicated that you will not respond to Defendant's written discovery requests until Defendant responds to your written discovery requests. However, for the reasons I have articulated previously, that is not a viable position. (See Apr. 28, 2008 Letter; Apr. 25, 2008 Letter.) Moreover, as I have previously represented to you (and the Court), I have never received written discovery requests from you. Notably, in response to those representations, you have not made any attempt to re-serve the written discovery requests that you claim to have

---

[1] On May 7, 2008, I sent you an email inquiring whether you are available for a deposition on either May 22, 2008 or May 23, 2008. You did not respond to that email.

[2] I am also available on May 21, 2008, May 23, 2008 or May 26, 2008.

served previously, much less to provide proof that you in fact served written discovery requests on a prior occasion.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By:      /s/

CHRISTOPHER B. HARWOOD
Assistant United States Attorney
(202) 307-0372

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THOMAS D. BROWN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-0509 (RMU) |
| v. | ) | |
| | ) | |
| HENRY M. PAULSON, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that Defendant in the above-captioned action will take the deposition upon oral examination of Plaintiff, Thomas D. Brown, Sr., as set forth below. The deposition shall be for the purpose of discovery or for any other use permitted by law, including use at trial, and shall be stenographically transcribed. The deposition shall be taken at 501 Third Street, N.W., Fourth Floor, Washington, D.C. 20530, and shall commence at 9:30 a.m. on May 22, 2008.

Respectfully submitted,

_____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0372

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of May, 2008, I caused the foregoing Notice of

Deposition to be served by email pdf and first class mail, postage prepaid, on the following:

Thomas D. Brown, Sr.
3162 17th Street, N.W.
Washington, D.C. 20010

toobadblessingred@yahoo.com

_/s/_

Christopher B. Harwood

2

## Harwood, Christopher (USADC)

| | |
|---|---|
| **From:** | thomas brown [toobadblessingred@yahoo.com] |
| **Sent:** | Friday, April 25, 2008 7:00 AM |
| **To:** | Harwood, Christopher (USADC) |
| **Subject:** | Re: FBrown v. Paulson, No. 07-0509 |

kDear Mr. Hardwood:
I am not Clear on the  the issues at hand, I received your message and responded to it. However, according to
our last conversation on April 22, 2008 I was not satisfied with your responce in reference to my April 30, 2008
Letter of requesting production of certain documents I can't respond until you respond to my request. Then we
can move forward. "No I am not be available on April 30, 2008, and yes I would like to reshedule my
deposition at a later time. Thank you for your time and patience. At this time I would appreciate if you direct
all your responces and calls to my supervising Attorey Karl W. Carter Jr. his telephone number is 202-955-1010
or E-mail address is kcarter44@hotmail.com

*"Harwood, Christopher (USADC)" <Christopher.Harwood@usdoj.gov> wrote:*
Dear Mr. Brown:
I am writing to follow up on several discovery-related matters. (I tried to reach you by phone a few
minutes ago, but got your voicemail. I did leave a message.) According to my records, your responses
to Defendant's written discovery requests were due yesterday. When can I expect to receive your
responses? In addition, I previously noticed your deposition for April 30, 2008, and asked you to
contact me if that date is not convenient for you. Are you available April 30, 2008 or would you like to
schedule your deposition for a different date? Thank you for your attention to these matters.

Sincerely,
Christopher B. Harwood
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

**From:** Harwood, Christopher (USADC)
**Sent:** Monday, April 07, 2008 7:38 PM
**To:** 'Washington Nichole'
**Subject:** FW: Brown v. Paulson, No. 07-0509

**From:** Harwood, Christopher (USADC)
**Sent:** Monday, April 07, 2008 7:37 PM
**To:** 'thomas brown'
**Subject:** Brown v. Paulson, No. 07-0509
Mr. Brown:
Attached please find a letter addressing several discovery matters in the above case. You will also
receive a hard copy of the attached letter via first class mail.
Sincerely,
Christopher B. Harwood
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.

1



Washington, D.C. 20530
(202) 307-0372
<<brown ltrimage.pdf>>

Be a better friend, newshound, and know-it-all with Yahoo! Mobile. Try it now.



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

_____

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

April 25, 2008

Karl W. Carter, Jr.
kcarter44@hotmail.com

Thomas D. Brown, Sr.
3162 17th Street, N.W.
Washington, D.C. 20010
toobadblessingred@yahoo.com

Re: Brown v. Paulson
Civil Action No. 07-0509

Dear Messrs. Carter and Brown:[1]

This letter is in response to an email sent by Mr. Brown to the undersigned Assistant United States Attorney, Christopher B. Harwood (the "AUSA"), on April 25, 2008.

On March 19, 2008, the AUSA sent the following documents to Mr. Brown by email PDF and first class mail: (1) Defendant's first set of interrogatories and requests for production; (2) a Notice of Deposition for Mr. Brown's deposition, which set Mr. Brown's deposition for April 30, 2008; and (3) a letter that stated that "[t]he date listed on the Notice [of Deposition], i.e., April 30, 2008, is a placeholder," that Mr. Brown and the AUSA could "together select a date prior to May 12, 2008"—the discovery cut-off date—"that is convenient for all parties involved," but that if Mr. Brown and the AUSA are "unable to reach agreement on an alternative date, the deposition will proceed on April 30, 2008." A copy of the March 19, 2008 email is attached hereto.

_____

[1] In an email dated April 25, 2008, Mr. Brown stated that the undersigned Assistant United States Attorney should direct all communications to his "supervising Attorney Karl W. Carter Jr." As Mr. Carter has not yet entered an appearance in this case, the undersigned Assistant United States Attorney is directing this letter to both Mr. Brown and Mr. Carter.



GOVERNMENT
EXHIBIT

D

On April 7, 2008, the AUSA sent another letter to Mr. Brown by email PDF and first class mail. The letter: (1) narrowed the scope of Defendant's interrogatories in light of the Court's April 1, 2008 decision dismissing certain of Plaintiff's claims from this case; (2) reminded Mr. Brown that his responses to Defendant's interrogatories and requests for production were due on April 21, 2008; and (3) stated that "in accordance with the Notice of Deposition that Defendant served upon you on March 19, 2008, your deposition is scheduled for 9:30 a.m. on April 30, 2008. If that date is not convenient for you, please let me know and we can select an alternative date. If, however, you do not contact me to arrange an alternative date, I will expect you to appear for your deposition at 9:30 a.m. on April 30, 2008 at 501 Third Street, N.W., Fourth Floor, Washington, D.C. 20530." A copy of the April 7, 2008 email is attached hereto.

Between April 7, 2008 and April 22, 2008, the AUSA was not contacted by Mr. Brown. On April 22, 2008, the AUSA left Mr. Brown a voicemail message and sent Mr. Brown a email in which the AUSA: (1) reminded Mr. Brown that his responses to Defendant's written discovery requests were due on April 21, 2008; (2) asked Mr. Brown when he could expect to receive Mr. Brown's responses to those requests; and (4) reminded Mr. Brown that Mr. Brown's deposition had been noticed for April 30, 2008. The following day, the AUSA received a telephone call from Mr. Brown during which Mr. Brown stated that he had previously served written discovery requests on Defendant and that he would not respond to Defendant's written discovery requests until after Defendant had responded to his written discovery requests. The AUSA informed Mr. Brown that the AUSA had not received any discovery requests from Mr. Brown and that Mr. Brown had an obligation to respond to Defendant's discovery requests. When the AUSA then asked Mr. Brown for details regarding Mr. Brown's purported discovery requests and whether Mr. Brown intended to appear for his deposition on April 30, 2008, Mr. Brown stated that he needed to review his records would call the AUSA back later that day. He did not.

This morning, Mr. Brown sent the AUSA an email indicating that he would not respond to Defendant's discovery requests until Defendant responds to his "April 30, 2008 Letter of [sic] requesting production of certain documents."[2] This position is contrary to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), which provide Plaintiff with 30 days to respond to interrogatories and requests for production. Mr. Brown has a clear obligation to respond to Defendant's discovery requests (which were indisputably served on March 19, 2008). Please confirm that Mr. Brown will respond to Defendant's discovery requests by May 2, 2008. If he refuses to do so, Defendant will be forced to move the Court to compel his response. Furthermore, to date, the AUSA has not received any discovery requests from Mr. Brown. Nor has Mr. Brown come forward with any evidence that he in fact sent a discovery request to the AUSA.

---

[2] Today is April 25, 2008, so it is unclear whether Mr. Brown is claiming that he previously served a document request on Defendant or whether he is planning to serve a document request on Defendant on April 30, 2008.

As to Mr. Brown's deposition, it has been noticed for April 30, 2008, and unless the parties can agree on an alternative date, Defendant expects that Mr. Brown will appear for his deposition on April 30. Defendant is willing to reschedule the date of the deposition, but at this point (with only two weeks left in the discovery period), the only dates other than April 30, 2008 that the AUSA has available prior to the close of discovery are May 1 and May 2. Please inform the AUSA by the close of business today whether Mr. Brown will appear for his deposition on April 30, May 1 or May 2. The AUSA can be reached by email at Christopher.Harwood@usdoj.gov or by phone at (202) 307-0372.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By:    _____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
Christopher.Harwood@usdoj.gov
(202) 307-0372



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

April 28, 2008

Thomas D. Brown, Sr.
3162 17th Street, N.W.
Washington, D.C. 20010
toobadblessingred@yahoo.com

Re: Brown v. Paulson
Civil Action No. 07-0509

Dear Mr. Brown:

In your April 25, 2008 email to me, you indicated that I should direct all communications to your "supervising Attor[n]ey Karl W. Carter Jr." I spoke to Mr. Carter earlier this afternoon, and he told me that you had expressed an interest in retaining him to represent you in the above matter, but that you had not yet done so. He further stated that until such time as he is formally retained by you, I should deal directly with you. Mr. Carter memorialized these statements in an email to me, which I am attaching to this letter. Thus, I am directing this letter to you.

To date, you have not responded to Defendant's written discovery requests or agreed to appear for your deposition. Defendant's written discovery requests were served on you by regular mail and email PDF on March 19, 2008, which means that your responses to those requests were due on April 21, 2008. In addition, on March 19, 2008, Defendant served on you by regular mail and email PDF a Notice of Deposition, which set your deposition for April 30, 2008. In letters dated March 19, 2008 and April 7, 2008, I stated that we could together select an alternative date for your deposition, but that if we are "unable to reach agreement on an alternative date, the deposition will proceed on April 30, 2008." In your April 25, 2008 email, you stated that you wanted to reschedule your deposition, but you did not propose any alternative dates. The only other dates that I am available prior to the current end date for discovery (May 12, 2008) are May 1, 2008 and May 2, 2008. Please let me know by Noon (12:00 p.m.) tomorrow whether you are available for a deposition on either of those dates, and whether I can expect to receive your responses to Defendant's written discovery requests by the end of this week. If I do not hear from you by Noon tomorrow (or if you are not available for a deposition on May 1, 2008 or May 2, 2008 and/or you refuse to respond to Defendant's written discovery



GOVERNMENT
EXHIBIT
E

requests by the end of this week), I plan to move the Court for an extension of the discovery period so that Defendant may obtain responses to its discovery requests and take your deposition.

In your April 25, 2008 email, you state that you will not respond to Defendant's written discovery requests until Defendant responds to your request for "production of certain documents." As I explained in my April 25, 2008 letter (which I sent in response to your April 25, 2008 email), your position is in direct conflict with Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), which provide you with 30 days to respond to written discovery requests. Moreover, to date, I have not received any discovery requests from you. If you in fact sent written discovery requests to me and, for whatever reason, they were not delivered, I would be more than happy to respond to them. But, to this point, you have not provided me with any evidence that supports your assertion that you in fact sent written discovery requests to me. During our telephone discussion last week, you indicated that you sent the requests by fax and by certified mail. Do you have a fax confirmation report or a certified mail receipt? If so, please provide me with that documentation along with a copy of your discovery requests.

I look forward to receiving your response to the issues addressed herein by Noon tomorrow. I can be reached by email at Christopher.Harwood@usdoj.gov or by phone at (202) 307-0372.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By:    ___/s/_____

CHRISTOPHER B. HARWOOD
Assistant United States Attorney
Christopher.Harwood@usdoj.gov
(202) 307-0372