UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THOMAS D. BROWN, SR., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action 07-0509 (RMU) |
| HENRY M. PAULSON, JR., Secretary, Department of the Treasury, | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MAY 14, 2008 MOTION

Defendant Henry M. Paulson, Jr., Secretary, Department of the Treasury, by and through the undersigned counsel, respectfully submits this response to Plaintiff's May 14, 2008 Motion to Set/Reset the Settlement Conference Date (the "Motion"). By Minute Order dated January 4, 2008, this Court scheduled a settlement conference in this action for May 9, 2008 at 10:00 a.m. before the Honorable John M. Facciola. Defendant appeared for that conference; Plaintiff did not. As a result, Judge Facciola entered a Minute Order on May 9, 2008 requiring Plaintiff "to show cause in writing on or before May 16, 2008, why he should not be sanctioned." On May 14, 2008, Plaintiff filed the instant Motion, which appears to be his response to the show cause order.[1] Whether Plaintiff has succeeded in showing cause as to why he should not be sanctioned for failing to appear at the May 9, 2008 conference is a matter between Plaintiff and this Court with respect to which Defendant takes no position. The undersigned counsel will

---

[1] The contents of the instant Motion are, for the most part, lifted verbatim from Plaintiff's September 21, 2007 Meet and Confer Statement. (Compare Docket No. 14 with Docket No. 34.) Thus, most of what is said in the instant Motion is irrelevant to the show cause order. However, Plaintiff does appear to try to justify his failure to appear at the May 9, 2008 conference on page four of the Motion. (See Docket No. 34 at 4.)

simply state for the record that at no time prior to May 9, 2008, did Plaintiff contact the undersigned counsel and inform the undersigned counsel that he was in pain and would not be able to participate in matters related to this litigation. To the extent that Plaintiff asserts in the instant Motion that he made the undersigned counsel aware of his purported health-related issues prior to May 9, 2008 (see Docket No. 34 at 4), he did not.[2]

Defendant takes no position on the instant Motion's request that this Court reschedule the May 9, 2008 settlement conference.[3] However, to the extent that Plaintiff is also requesting leave to amend his Complaint through the instant Motion (see Docket No. 34 at 19), that request should be denied for the reasons stated in Defendant's Response to Plaintiff's May 6, 2008 Motion.[4] (See Docket No. 35 at 4-5.)

Dated: May 21, 2008                                    Respectfully submitted,

                                                       /s/
                                                       JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                       United States Attorney

---

[2] On May 21, 2008, Plaintiff called the undersigned counsel to inform the undersigned counsel that he would not be able to attend his deposition—which the undersigned counsel had noticed for May 22, 2008 on May 9, 2008—due to alleged health-related issues. Plaintiff called the undersigned counsel in response to a voicemail message that the undersigned counsel had left him on May 20, 2008 confirming the deposition for May 22, 2008. Prior to May 21, 2008, Plaintiff had not discussed his purported health-related issues with the undersigned counsel.

[3] At this time, Defendant is not hopeful that a settlement can be reached, but is willing to attend a settlement conference if the Court determines such a conference to be appropriate. Defendant does, however, believe that it would be beneficial for this Court to schedule a status conference to ensure that Plaintiff understands that he is required to appear for a deposition in this matter and to respond to Defendant's written discovery requests. (See generally Docket Nos. 32 & 35 (describing the difficulty the undersigned counsel has had in getting Plaintiff to appear for a deposition and to respond to Defendant's written discovery requests (which were served in March 2008)).)

[4] As a final matter, Plaintiff attached to the instant Motion a set of document requests dated May 14, 2008. As Defendant has previously explained, those requests are untimely, as they were served less than 30 days prior to the close of the discovery period. (See Docket No. 35 at 3.) Nevertheless, Defendant will respond to them.

        /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

        /s/
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

Of Counsel:

Nichole Jenkins Washington
Office of the Chief Counsel
Department of the Treasury
Bureau Of Engraving and Printing

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 21, 2008, I caused a copy of the foregoing to be served upon Plaintiff via the Court's ECF system and via first class mail, postage prepaid, addressed as follows:

THOMAS D. BROWN, SR.,
3162 17th Street, N.W.
Washington, DC 20010-2748

                                                                      /s/
                                        Christopher B. Harwood