UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS D. BROWN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action 07-0509 (RMU) |
| ) | |
| HENRY M. PAULSON, JR., Secretary, ) | |
| Department of the Treasury, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO EXTEND THE DISCOVERY PERIOD *SOLELY* TO ALLOW DEFENDANT TO TAKE PLAINTIFF'S DEPOSITION AND OBTAIN RESPONSES TO ITS WRITTEN DISCOVERY REQUESTS**

Defendant Henry M. Paulson, Jr., Secretary, Department of the Treasury, by and through the undersigned counsel, respectfully submits this motion to extend the discovery period. This motion—like Defendant's April 30, 2008 motion to extend the discovery period (the "April 30, 2008 motion to extend") (see Docket No. 32)—is being filed because, despite his best efforts, the undersigned Assistant United States Attorney (the "AUSA") has been unable to get Plaintiff (who is appearing pro se) to: (1) appear for his deposition; or (2) respond to Defendant's written discovery requests. The current end date for discovery is June 2, 2008. Defendant requests an extension of the discovery period to June 30, 2008 solely to allow it to take Plaintiff's deposition and to obtain responses to its written discovery requests. Defendant further requests that the Court schedule a status conference at its earliest convenience at which the date for Plaintiff's deposition and the date by which Plaintiff must respond to Defendant's written discovery

requests could be formally set.[1]  On May 21, 2008, the AUSA discussed this motion with Plaintiff, and Plaintiff stated that he did not object to the relief requested herein.  However, the AUSA is not convinced that Plaintiff understood that, under the terms of the extension Defendant is seeking, he would not be permitted to pursue any additional discovery.[2]

Pursuant to this Court's September 10, 2007 Scheduling Order, discovery in this case was supposed to have closed on May 12, 2008.  However, in late April, it became clear to the AUSA that he would not be able to get Plaintiff to appear for his deposition (which the AUSA had noticed for April 30, 2008 on March 19, 2008) or to respond to Defendant's written discovery requests (which the AUSA had mailed and emailed to Plaintiff on March 19, 2008) prior to May 12, 2008.  Thus, the AUSA filed the April 30, 2008 motion to extend.  (See Docket No. 32.)  On May 1, 2008, this Court granted the April 30, 2008 motion to extend and extended the discovery period to June 2, 2008.

Shortly thereafter, on May 7, 2008, the AUSA left Plaintiff a voicemail message asking Plaintiff to call him back so that they could, inter alia, select a date for Plaintiff's deposition.  That same day, the AUSA sent Plaintiff an email inquiring whether Plaintiff was available for his deposition on either May 22, 2008 or May 23, 2008.  (See Docket No. 35 at Ex. A.)  Having received no response to those communications, on May 9, 2008, the AUSA sent Plaintiff a notice of deposition (by first class mail and email PDF), which set Plaintiff's deposition for May 22,

---

[1] The AUSA is presently available to take Plaintiff's deposition on any of the following dates in June:  June 4, 6, 9-11, 23-26, 30.

[2] On May 14, 2008, Plaintiff served on Defendant a set of requests for production.  Those requests are untimely, as they were served less than 30 days before the close of the discovery period.  (See Docket No. 35 at 3.)  Nevertheless, Defendant will respond to them.  However, Plaintiff should not be permitted to propound any additional discovery going forward, given that his refusal to engage Defendant in discovery is the sole reason why a further extension to the discovery period is necessary.

2008.[3]  (See Docket No. 35 at Ex. B.)  In a letter that accompanied the notice of deposition, the AUSA informed Plaintiff that he could also make himself available to take Plaintiff's deposition on May 21, 2008, May 23, 2008 or May 26, 2008.  (See id.)  The AUSA also stated that if Plaintiff does "not contact [him] by the close of business on May 14, 2008 to agree to an alternative date for [his] deposition, [the AUSA] will expect [Plaintiff] to appear for [his] deposition at 9:30 a.m. on May 22, 2008."  (Id.)

From May 9, 2008 through May 20, 2008, the AUSA did not receive any communications from Plaintiff.  On May 20, 2008, the AUSA left Plaintiff a voicemail message seeking confirmation that Plaintiff would be appearing for his deposition on May 22, 2008.  At approximately 10:30 a.m. on May 21, 2008, the AUSA received a telephone call from Plaintiff (the first communication that the AUSA had received from Plaintiff since April 25, 2008) during which Plaintiff stated that he would be unable to appear for his deposition on May 22, 2008.  Plaintiff said that he was not feeling well and that he was on his way to see his physician.  Plaintiff ended the telephone conversation before the AUSA could get him to commit to an alternate date for his deposition.  However, before ending the conversation, Plaintiff assured the AUSA that he would call the AUSA back later that same day.  He did not do so.  At approximately 5:30 p.m. on May 21, 2008, the AUSA called Plaintiff, but got his voicemail.  The AUSA left Plaintiff a voicemail message asking Plaintiff to return his call so that they could schedule Plaintiff's deposition.  As of the time of this filing, Plaintiff has not returned that call.

At approximately 1:00 p.m. on May 22, 2008, the AUSA sent Plaintiff an email in which the AUSA requested that Plaintiff call him by 11:00 a.m. on May 23, 2008 so that they could

---

[3] That same day, May 9, 2008, Plaintiff failed to attend a previously-scheduled settlement conference before the Honorable John M. Facciola.  Plaintiff's failure to appear at that settlement conference led Judge Facciola to issue an order to show cause "why [Plaintiff] should not be sanctioned."  (See May 9, 2008 Minute Order.)

schedule Plaintiff's deposition.  (See Ex. A (attached hereto).)  As of the time of this filing, Plaintiff has not responded to that email.

At this point, the AUSA does not believe that he will be able to get Plaintiff to appear for his deposition (or to respond to Defendant's written discovery requests) prior to June 2, 2008 or without the Court's assistance.  Thus, Defendant respectfully requests that the Court extend the discovery period to June 30, 2008 for the sole purpose of allowing Defendant to take Plaintiff's deposition and obtain responses to its written discovery requests.  Defendant further requests that the Court schedule a status conference at its earliest convenience at which the date for Plaintiff's deposition and the date by which Plaintiff must respond to Defendant's written discovery requests could formally be set.  Finally, assuming that the Court grants the instant motion, Defendant further requests that the Court extend the date by which it must file its post-discovery dispositive motion from July 11, 2008 to August 11, 2008 so that it will have sufficient time to obtain the transcript of Plaintiff's deposition and craft its dispositive motion following the close of discovery.  A proposed order is attached hereto.

Dated:  May 23, 2008                              Respectfully submitted,


                                                   /s/
                                                  JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                  United States Attorney

                                                   /s/
                                                  RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                  Assistant United States Attorney

/s/
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

Of Counsel:

Nichole Jenkins Washington
Office of the Chief Counsel
Department of the Treasury
Bureau Of Engraving and Printing

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 23, 2008, I caused a copy of the foregoing to be served upon Plaintiff via the Court's ECF system and via first class mail, postage prepaid, addressed as follows:

THOMAS D. BROWN, SR.,
3162 17th Street, N.W.
Washington, DC  20010-2748

                                                    /s/
                                      Christopher B. Harwood

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS D. BROWN, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action 07-0509 (RMU) |
| HENRY M. PAULSON, JR., Secretary, Department of the Treasury, | ) ) ) ) |
| Defendant. | ) ) |

**<u>ORDER</u>**

Having considered Defendant's Motion to Extend the Discovery Period Solely to Allow Defendant to Take Plaintiff's Deposition and Obtain Responses to its Written Discovery Requests, and the entire record herein, it is this _____ day of _____, 2008, hereby:

ORDERED that Defendant's Motion to Extend is GRANTED; and it is

FURTHER ORDERED that the parties are to appear for a status conference at _____ on _____ at which the date for Plaintiff's deposition and the date by which Plaintiff must respond to Defendant's written discovery requests will be scheduled; and it is

FURTHER ORDERED that Defendant's post-discovery dispositive motion shall be filed by August 11, 2008.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Copy to:  ECF Counsel

## Harwood, Christopher (USADC)

| | |
|---|---|
| **From:** | Harwood, Christopher (USADC) |
| **Sent:** | Thursday, May 22, 2008 12:49 PM |
| **To:** | 'thomas brown' |
| **Subject:** | Brown v. Paulson, No. 07-509 |

Dear Mr. Brown:

During our brief telephone conversation yesterday morning, you stated that you were not feeling well and wanted to postpone your deposition (which had been noticed for today, May 22, 2008) and that you would call me back yesterday afternoon so that we could discuss the discovery that still needs to be completed in this case. Specifically, we need to select a new date for your deposition, and you need to respond to Defendant's written discovery requests (your responses are at this point long overdue given that Defendant's written discovery requests were served in March 2008). Please call me by 11:00 a.m. tomorrow (May 23, 2008) so that we can select a new date for your deposition.

Sincerely,

Christopher B. Harwood
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

**Exhibit A**