UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS D. BROWN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action 07-0509 (RMU) |
| ) | |
| HENRY M. PAULSON, JR., Secretary, ) | |
| Department of the Treasury, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S JULY 15, 2008 MOTION

Defendant Henry M. Paulson, Jr., Secretary, Department of the Treasury, by and through the undersigned counsel, respectfully submits this response to Plaintiff's July 15, 2008 motion.[1] Plaintiff's July 15, 2008 motion is difficult to follow; indeed, it is not at all clear what relief Plaintiff is seeking through the motion. As best Defendant can tell, Plaintiff is seeking: (1) to have this Court alter or amend its April 1, 2008 Decision and Order pursuant to which it dismissed certain of Plaintiff's claims from this case, including his claims for disability discrimination; (2) the reopening of the discovery period in this case; and (3) leave to file an amended complaint. For the reasons set forth below, Plaintiff is not entitled to any of the relief

---

[1] The undersigned counsel received what he is referring to as Plaintiff's July 15, 2008 motion by mail on July 15, 2008. However, as of July 28, 2008, the July 15, 2008 motion has not yet been entered on the electronic docket of this case. The undersigned counsel assumes that the July 15, 2008 motion will eventually be entered on the electronic docket of this case and is, thus, submitting the instant response to that motion. For the Court's convenience, the undersigned counsel is attaching Plaintiff's July 15, 2008 motion as Exhibit A to this filing.

that he appears to be seeking through his July 15, 2008 motion.  As such, the July 15, 2008 motion should be denied.[2]

### A.  This Court Should Not Alter or Amend its April 1, 2008 Decision and Order

On April 1, 2008, this Court issued a Decision and Order pursuant to which it granted Defendant's motion for partial dispositive relief and held that "plaintiff is procedurally barred from litigating claims based on events that allegedly occurred prior to May 22, 2003, and that defendant is entitled to judgment as a matter of law on [Plaintiff's] claims [for disability discrimination] brought under the Rehabilitation Act."  (Docket No. 31 at 10.)  In the April 1, 2008 Decision and Order, this Court also dismissed the claims that Plaintiff had attempted to assert under the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA") and the Age Discrimination in Employment Act ("ADEA").  (Docket No. 31 at 1 n.1, 10 n.5.)

In his July 15, 2008 motion, Plaintiff appears to be asking this Court to alter or amend its April 1, 2008 Decision Order.  (Pl.'s Mot. at 1 ("[Plaintiff] . . . respectfully moves for reconsideration of the April 1, 2008 Court O[r]der Opinion . . . .").)  Pursuant to Federal Rule of Civil Procedure 54(b), this Court may alter or amend its April 1, 2008 Decision and Order "'as

---

[2] In his July 15, 2008 motion, Plaintiff states that he "attempted to reach out to Defendant" to discuss the substance of the motion before filing it.  (Pl.'s Mot. at 1.)  However, Plaintiff is silent as to the methods that he purportedly used to try to "reach out to Defendant."  If Plaintiff tried to "reach out to Defendant" by calling the undersigned counsel, he did not leave a voicemail message.  Nor did Plaintiff send the undersigned counsel an email message.  Nor did Plaintiff discuss the contents of his July 15, 2008 motion with the undersigned counsel during Plaintiff's July 3, 2008 deposition.  Moreover, Plaintiff's assertion that the duty to confer does not apply to him because he is appearing pro se (see id.) is incorrect.  (See Local Civ. R. 7(m).)  Notably, Plaintiff has been informed that the duty to confer applies to him on at least one prior occasion.  (See Docket No. 35 at 1 n.1.)

justice requires.'"³ Powell v. Castaneda, 247 F.R.D. 179, 181 (D.D.C. 2007) ("Reconsideration of an interlocutory decision is available under the standard, 'as justice requires.'" (quoting Childers v. Slater, 197 F.R.D. 185, 190 (D.D.C. 2000)). This Court has interpreted the standard "as justice requires" as follows:

> "As justice requires" indicates concrete considerations of whether the court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court. These considerations leave a great deal of room for the court's discretion and, accordingly, the "as justice requires" standard amounts to determining whether reconsideration is necessary under the relevant circumstances. Nonetheless, the court's discretion under 54(b) is limited by the law of the case doctrine and [is] subject to the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.

Id. (internal quotation marks and citations omitted) (first and second alterations in original) (emphasis added). In light of the above, Plaintiff must present this Court with a "concrete" justification for any alteration to or amendment of the April 1, 2008 Decision and Order that he is seeking.⁴ See id.; see also Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) ("While the phrase, 'as justice requires,' is somewhat abstract, it is a shorthand for more concrete considerations.").

Yet, in his July 15, 2008 motion, Plaintiff has failed to identify a single "concrete" reason why justice requires that this Court alter or amend the April 1, 2008 Decision and Order. Nor is

---

³ Plaintiff has styled his July 15, 2008 motion as one for, inter alia, reconsideration of this Court's April 1, 2008 Decision and Order. However, because this Court has not issued a final judgment in this case, Defendant is construing Plaintiff's motion as one to, inter alia, alter or amend the April 1, 2008 Decision and Order pursuant to Rule 54(b). See Stern v. Federal Bureau of Prisons, 537 F. Supp. 2d 178, 179 n.1 (D.D.C. 2008) (construing a motion "for reconsideration" as a "motion . . . to alter or amend pursuant to Federal Rule of Civil Procedure 54(b)").

⁴ It is not clear from Plaintiff's July 15, 2008 motion which part(s) of the April 1, 2008 Decision and Order he is seeking to have this Court revise.

3

there any reason why justice requires a revision to the April 1, 2008 Decision and Order.  For the reasons stated in the April 1, 2008 Decision and Order, this Court was entirely correct to:

- bar Plaintiff from litigating claims based on events that allegedly occurred prior to May 22, 2003 (Docket No. 31 at 4-7 (finding that Plaintiff could have litigated such claims in his prior district court action, Brown v. Snow, 407 F. Supp. 2d 61 (D.D.C. 2005), and that he is therefore precluded from litigating them now));

- grant Defendant judgment as a matter of law on Plaintiff's claims for disability discrimination (id. at 7-10 (holding that Plaintiff "is collaterally estopped from litigating the disability issue" and that, in any event, "no reasonable juror could find that defendant refused plaintiff a reasonable accommodation")); and

- dismiss the claims that Plaintiff attempted to raise under the ADA, the FMLA and the ADEA (id. at 1 n.1, 10 n.5 (observing that the ADA "does not apply to federal defendants," that "plaintiff has not pleaded any facts to state a claim under the FMLA" and that "Plaintiff does not invoke the ADEA in the complaint and has not opposed defendant's argument" that any ADEA claim that he may have intended to raise should be dismissed)).

Thus, to the extent that Plaintiff's July 15, 2008 motion is seeking an alteration to or amendment of this Court's April 1, 2008 Decision and Order, the motion should be denied.

### B. This Court Should Not Reopen the Discovery Period in this Case

Through his July 15, 2008 motion, Plaintiff appears to be seeking an order from this Court reopening the discovery period in this case.[5]  (See Pl.'s Mot. at 1.)  Plaintiff, however, is

---

[5] The discovery period in this case was initially to have closed on May 12, 2008.  (See Docket No. 12.)  However, in late April, it became clear to the undersigned counsel that he would not be able to get Plaintiff to appear for his deposition or to respond to Defendant's written discovery requests by May 12, 2008.  Thus, the undersigned counsel moved this Court for an extension of time to complete discovery.  (See Docket No. 32.)  On May 1, 2008, this Court granted that motion and extended the discovery period to June 2, 2008.  In late May, the undersigned counsel again moved this Court for an extension of time to complete discovery because, despite his best efforts, he had still been unable to get Plaintiff to appear for his deposition or to respond to Defendant's written discovery requests.  (See Docket No. 38.)  On June 24, 2008 (following a status conference during which the parties outlined the discovery that they believed still needed to be completed in this case), this Court issued an Order requiring "Plaintiff [to] appear . . . for the taking of his deposition on July 3, 2008, . . . at which time plaintiff [was to] produce his written responses to defendant's written discovery requests and defendant [was to] produce plaintiff's personnel folder."  (Docket No. 40.)  On July 3, 2008,

4

not entitled to such an order. As an initial matter, Plaintiff has failed to explain the basis for his apparent request that this Court reopen the discovery period and permit him to conduct additional discovery. Plaintiff has also failed to identify the additional discovery that he would conduct if this Court were to reopen the discovery period. Finally, Plaintiff has already had an ample opportunity to conduct discovery in this case. The discovery period in this case lasted more than six months, from mid-December 2007 to early July 2008. During that time, Plaintiff availed himself of his opportunity to conduct discovery by serving document requests on Defendant, to which Defendant responded.[6] There is no reason to further delay resolution of this case (note: dispositive motions are currently due August 11, 2008) by allowing Plaintiff to engage in additional, unspecified discovery.

### C. Plaintiff Should Not Be Permitted to Amend His Complaint at this Late Date

Plaintiff filed his Complaint in this action well over a year ago—on March 19, 2007. Since that time, Defendant has: (1) filed a dispositive motion as to certain claims raised in the Complaint (see Docket No. 16), which this Court recently granted (see Docket No. 31);

---

Plaintiff appeared for his deposition and Defendant produced to him his official personnel folder. Although Plaintiff did not produce his responses to Defendant's written discovery requests at his deposition on July 3, 2008, he has since done so. Thus, there is no discovery left to complete in this case. Moreover, although this Court did not expressly state in its June 24, 2008 Order that all discovery was to have been completed by July 3, 2008, that was the clear intent of the Order. The fact that the June 24, 2008 Order sets August 11, 2008 as the deadline for dispositive motions provides strong support for the conclusion that all discovery was to have been completed by July 3, 2008. (See Docket No. 40.)

[6] In his July 15, 2008 motion, Plaintiff appears to challenge the adequacy of Defendant's response to his document requests. (See Pl.'s Mot. at 4.) Specifically, Plaintiff appears to assert that Defendant's response was deficient because Defendant failed to produce: (1) his "whole and complete Personnel file"; and (2) documents concerning his claims of disability discrimination. (See id.) However, at Plaintiff's July 3, 2008 deposition, Defendant (through the undersigned counsel) handed Plaintiff his complete personnel folder. And, although Defendant did not produce to Plaintiff documents concerning his claims of disability discrimination, it was entirely justified in not doing so because all such claims have been dismissed from this case. (See Docket No. 31 at 7-10.) Thus, Plaintiff's apparent challenge to Defendant's response to his document requests is unavailing.

5

(2) served on Plaintiff a comprehensive set of written discovery requests based upon the claims raised in the Complaint; and (3) deposed Plaintiff based upon the claims raised in the Complaint. Now, after having litigated this case for more than a year, Plaintiff appears to be seeking leave to amend his Complaint. (See Pl.'s Mot. at 1.) Plaintiff, however, should not be permitted to amend his Complaint at this late date, particularly given that:

- he has not identified how he would amend his Complaint if he were given leave to do so;

- any new claim that he might add to his Complaint would necessarily relate to events that occurred prior to 2005,[7] and he has not provided this Court with any justification for his failure to raise any such claim before now; and

- adding a new claim to the Complaint at this juncture would require the reopening of the discovery period and the taking of additional written and oral discovery, and would thus significantly delay the resolution of this case.

See, e.g., Am. Society for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus, 246 F.R.D. 39, 44 (D.D.C. 2007) (denying a motion to amend the complaint where the amendment would "complicate and lengthen" the litigation and where the moving party "could have filed th[e] motion more than seven months ago and . . . failed to provide a reason for waiting until this late date to do so"); Hollinger-Haye v. Harrison Western/Franki-Denys, 130 F.R.D. 1, 2 (D.D.C. 1990) (denying a motion to amend the complaint that was filed at the end of the discovery period where (1) the plaintiff sought to add claims based on facts that were known to her long before she filed her motion to amend, (2) the new claims might lead to the taking of additional discovery and (3) the plaintiff failed to articulate a good reason for her delay in moving to amend).

Moreover, to the extent that Plaintiff is seeking to amend his Complaint through the July 15, 2008 motion, the motion is procedurally improper. Under this Court's local rules, "[a]

---

[7] Plaintiff has not been employed by Defendant since August 2004.

motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended." (Local Civ. R. 7(i).) Plaintiff's July 15, 2008 motion is not accompanied by a "proposed pleading as amended."

## CONCLUSION

For the reasons set forth above, this Court should DENY Plaintiff's July 15, 2008 motion.

Dated: July 28, 2008                    Respectfully submitted,

                                                             /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                                             /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

                                                             /s/
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

Of Counsel:

Nichole Jenkins Washington
Office of the Chief Counsel
Department of the Treasury
Bureau Of Engraving and Printing

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 28, 2008, I caused a copy of the foregoing to be served upon Plaintiff via the Court's ECF system and via first class mail, postage prepaid, addressed as follows:

THOMAS D. BROWN, SR.
3162 17th Street, N.W.
Washington, DC  20010-2748

                /s/
               Christopher B. Harwood

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                        )
THOMAS D. BROWN, SR.,                   )
                                        )
        Plaintiff,                      )
                                        )
            v.                          )    Civil Action 07-0509 (RMU)
                                        )
HENRY M. PAULSON, JR., Secretary,       )
Department of the Treasury,             )
                                        )
        Defendant.                      )
_____ )
```

**<u>ORDER</u>**

Having considered Defendant's Response to Plaintiff's July 15, 2008 Motion, and the entire record herein, it is this _____ day of _____, 2008:

ORDERED that Plaintiff is DENIED any and all relief that he is seeking through his July 15, 2008 Motion.

SO ORDERED.

                                                                               UNITED STATES DISTRICT JUDGE

Copy to:

ECF Counsel

THOMAS D. BROWN, SR.
3162 17th Street, N.W.
Washington, DC 20010-2748

UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THOMAS D. BROWN, SR., <br> 3162 17TH STREET N.W. <br> WASHINGTON, D. C. 20010-2748 <br><br> PLAINTIFF, <br><br> VS. <br><br> HENRY M. PAULSON, JR., SECRETARY OF THE <br> UNITED STATES DEPARTMENT OF TREAUSURY <br><br> DEFENDANT. | CASE NUMBER: 07-CV0509 (JMF) |

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF OPINION AND ENLARGEMENT OF TIME; ALSO, TO PROCEED WITH DISCOVERY ON THE ABOVE CAPTURED MATTER, BY AMENDING THE WHOLE COMPLAINT

Thomas D. Brown, Sr., Disable Journeyman, Photoengraver, Referred to as 'Plaintiff' for The United States Department of Treasury ("DOT"), through undersigned counsel, Pro-se Litigant hereby respectfully moves for reconsideration of the April 1, 2008 Court Oder Opinion by submitting the whole complaint in its entirety. The Court did not consider nor answered the 1964 Civil Right Act, for Civilians under the Family Medical Leave Act. Also, an enlargement of time of 30 days, up to and including the Discovery period in which to move, answer or otherwise respond to defendant request, and seeks leave of Court to submit this enlargement motion days prior to the current deadline for Defendant's answer or other responsive pleading. Plaintiff's response would otherwise be due July 10, 2008 Although the terms of Local Rule 7(m) do not require consultation with pro se parties, counsel for Plaintiff attempted to reach out to Defendant to seek his position in this deposition motion. However, Due to the Court Order July 3, 2008 Deposition Defendant was not responsive to plaintiff Medical Condition in reference to the prescribe medication and the effect it had on the Plaintiff. The kangaroo Court setting was illegal and recorded by the Court reporter, four Officials including the (AUSA) for the Defendant; and the undersigned Counsel for the agency and the intern graduate. Plaintiff therefore was unable to truly confer with Defendant in support of this deposition, 'Plaintiff' states as follows:

(1.)

This is an employment discrimination action, filed by The Plaintiff an employee of the Department of the Treasury. Plaintiff raises claims of retaliation and race, age, and disability discrimination under the umbrella of title 7 and the Family Medical Leave Act. (FMLA) To prepare an answer, or otherwise respond to Plaintiff's complaint. The Defendant did not properly consult with agency counsel concerning the factual allegations raised in plaintiff's complaint and the facts from the agency decision that supported Plaintiff's Complaint that was raise were not addressed according to original complaint filed around October of 2007. Also, The undersigned for the Defendant did not review the relevant portions of the record of the administrative proceedings. Therefore, The Defendant is in violating of his (Plaintiff) Civil Rights according to the rules and regulations of Title 7 and Statues .The Counsel for Defendant was granted additional time to complete that factual investigation and review of the record, and to prepare for his answer pleading. However, the April 1, 2008 Court Order Opinion prejudice the complaint's, of the Plaintiff. Therefore, limiting the complaint by dismissing the real issues of the whole complaint, in particular of the Original Complaint under jurisdiction on pg. 2 of Plaintiff's complaint.

The 'Plaintiff' also seeks leave of Court to submit this enlargement motion less than two business days in advance of the current deadline, of the July 3, 2008 deposition. The undersigned Assistant United States Attorney recently learned that Defendant's prior understanding of the relevant facts was partially incorrect, and that the agency counsel therefore would be unable to provide the information and materials necessary to submit Defendant's responsive pleading on the current deadline of May 12, 2008. Because the Plaintiff previously could not have submitted its responsive pleading by the Court order date because he was sick and under the doctors Orders; the undersigned 'Plaintiff' did not submit this enlargement motion until five business days after the fact of the current deadline 'Plaintiff' has previously requested that this Court enlarge the time for filing any pleading and was not granted.There are pending deadlines or court dates that this request for enlargement would affect. Granting

(2.)

Defendant an additional 30 days to answer any response to his Complaint, because the Defendant has prejudiced this case. Plaintiff asked for 60 days in the September 10th 2008 Court Order agreement. A Court Order granting the relief sought is attached hereto. To prepare an answer, or otherwise respond to Plaintiff's complaint, the Defendant did not properly consult with agency counsel concerning the factual allegations raised in plaintiff's complaint and the facts that support Plaintiff's Complaint that was raise. Also, The undersigned for the Defendant did not review the relevant portions of the record of the administrative proceedings. Therefore, The Defendant is in violating of his (Plaintiff) Civil Rights according to the rules and regulations of Title 7 and Statues .The Counsel for Defendant was granted additional time to complete that factual investigation and review of the record, and to prepare for his answer pleading.

The undersigned' Plaintiff,' also seeks leave of Court to submit this enlargement motion less than two business days in advance of the current deadline of the July 3, 2008 Deposition. The undersigned Assistant United States Attorney recently learned that Defendant's prior understanding of the relevant facts was partially incorrect, and that the agency counsel therefore would be unable to provide the information and materials necessary to submit Defendant's responsive pleading on the current deadline of July 10, 2008. Because the Plaintiff previously could not have submitted its responsive pleading by the Court order date of July 10, 2008 that was agreed upon on July 3, 2008 by the (AUSA) and counsel for the agency. ON July 3, 2008 because he the 'Plaintiff" was sick and under the doctors' care and Orders; the undersigned 'Plaintiff" did not submit this enlargement motion until four business days in advance of the current deadline 'Plaintiff' has previously requested that this Court enlarge the time for filing any pleading and was not answered or granted. There are pending deadlines or court dates that this request for enlargement would affect. Granting Plaintiff an additional 30 days to answer any response to his Complaint, because the Defendant has prejudiced this case. A Court Order granting the relief sought is attached hereto:

(3.)

Please note exhibit number 1 of The Original Complaint, Romans numeral I, II, III, and IV of Plaintiff file dated before or around October 25th 2007: Exhibit number 2 The Plaintiff's Opposition to Defendant's Motion for summary Judgment in October of 2007. Exhibit number 3 of Plaintiff's complaint, Memorandum of Points an Authorities in support of his Opposition to the Defendant's motion for Summary Judgment. Exhibit number 4 of complaint, Plaintiff's Motion to stay the Opposition Defendant's Motion for Summary Judgment, to produce Plaintiff request for production of documents. Pursuant to 5 C.F.R. Section 120172 (c) to request the agency and its representative produce the following request for production of documents. At his time the agency and Defendant has fail to produce any of the following documentation that was Ordered by the Court as well as the whole and complete Personnel file in accordance with the July 3, 2008 Court Order agreement in particular, The October 5, 2005 Disability Claims, History of prior Claims of dates, incidents of workman Compensation, and other related Claims of Discrimination about my Disability Claims. I ( Thomas D. Brown, Sr.) never ever received a copy of my October 5, 2005 Disability Claim of report from the agency in reference to form CSRS, Form 2801, Form OBM-3206-0228, also, the Supervisory statement form from the Agency. My signature was required as the undersign Counsel for the agency threaten to take away my 34 years of Annuity and Services for the United States Federal Government that was cited in her memorandum dated on or around the 29th day of August 2004 memorandum letter. I was force to sign this document under stress, duress, consistent and persistent pressure from the agency Counsel Ms. Nicole Jenkins, Washington, on or around August 19th day of 2004. Per the agency agreement plan, the agency is responsible for the Court Order agreement that is already established and in placed. However the agency in violation of the written code and procedure of the agreement, by not honoring my disability claim, agreement.

(4.)

_____ Date: July 10, 2008

Thomas D. Brown, Sr., Disable and Retired

Photoengraver/ IPS

Independent Paralegal Specialist

3162 17th Street North West,

Washington, District of Columbia, 20010-2748

(202) 518-5553

(301) 237-1590