UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

THOMAS D. BROWN, SR.,                                   )
3162 17TH STREET N.W.
WASHINGTON, D. C. 20010-2748

        PLAINTIFF,                                   :

                                          CASE NUMBER: 07-CV0509 (JMF) (RMU)

VS.                                   )

HENRY M. PAULSON, JR., SECRETARY OF THE        :
UNIITED STATES DEPARTMENT OF TREAUSURY

        DEFENDANT.

                          )

LET THIS BE FILED

DATE: 7/29/2008

JUDGE  RICARDO M. URBINA

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF OPINION AND ENLARGEMENT OF TIME; ALSO, TO PROCEED WITH DISCOVERY ON THE ABOVE CAPTURED MATTER, BY AMENDING THE WHOLE COMPLAINT

Thomas D. Brown, Sr., Disable Journeyman, Photoengraver, Referred to as 'Plaintiff' for The

United States Department of Treasury ("DOT"), through undersigned counsel, Pro-se Litigant hereby

respectfully moves for reconsideration of the April 1, 2008 Court Oder Opinion by submitting the whole

complaint in its entirety. The Court did not consider nor answered the 1964 Civil Right Act, for

Civilians under the Family Medical Leave Act. Also, an enlargement of time of 30 days, up to and

including the Discovery period in which to move, answer or otherwise respond to defendant request, and

seeks leave of Court to submit this enlargement motion days prior to the current deadline for

Defendant's answer or other responsive pleading. Plaintiff's response would otherwise be due July 10,

2008 Although the terms of Local Rule 7(m) do not require consultation with pro se parties, counsel for

Plaintiff attempted to reach out to Defendant to seek his position in this deposition motion. However,

Due to the Court Order July 3, 2008 Deposition Defendant was not responsive to plaintiff Medical

Condition in reference to the prescribe medication and the effect it had on the Plaintiff. The kangaroo

Court setting was illegal and recorded by the Court reporter, four Officials including the (AUSA) for the

Defendant; and the undersigned Counsel for the agency and the intern graduate. Plaintiff therefore was

unable to truly confer with Defendant in support of this deposition, 'Plaintiff' states as follows:

(1.)

This is an employment discrimination action, filed by The Plaintiff an employee of the Department of the Treasury. Plaintiff raises claims of retaliation and race, age, and disability discrimination under the umbrella of title 7 and the Family Medical Leave Act. (FMLA) To prepare an answer, or otherwise respond to Plaintiff's complaint. The Defendant did not properly consult with agency counsel concerning the factual allegations raised in plaintiff's complaint and the facts from the agency decision that supported Plaintiff's Complaint that was raise were not addressed according to original complaint filed around October of 2007. Also, The undersigned for the Defendant did not review the relevant portions of the record of the administrative proceedings. Therefore, The Defendant is in violating of his (Plaintiff) Civil Rights according to the rules and regulations of Title 7 and Statues .The Counsel for Defendant was granted additional time to complete that factual investigation and review of the record, and to prepare for his answer pleading. However, the April 1, 2008 Court Order Opinion prejudice the complaint's, of the Plaintiff. Therefore, limiting the complaint by dismissing the real issues of the whole complaint, in particular of the Original Complaint under jurisdiction on pg. 2 of Plaintiff's complaint.

The 'Plaintiff' also seeks leave of Court to submit this enlargement motion less than two business days in advance of the current deadline, of the July 3, 2008 deposition. The undersigned Assistant United States Attorney recently learned that Defendant's prior understanding of the relevant facts was partially incorrect, and that the agency counsel therefore would be unable to provide the information and materials necessary to submit Defendant's responsive pleading on the current deadline of May 12, 2008. Because the Plaintiff previously could not have submitted its responsive pleading by the Court order date because he was sick and under the doctors Orders; the undersigned 'Plaintiff' did not submit this enlargement motion until five business days after the fact of the current deadline 'Plaintiff' has previously requested that this Court enlarge the time for filing any pleading and was not granted.There are pending deadlines or court dates that this request for enlargement would affect. Granting

Defendant an additional 30 days to answer any response to his Complaint, because the Defendant has prejudiced this case. Plaintiff asked for 60 days in the September 10th 2008 Court Order agreement. A Court Order granting the relief sought is attached hereto. To prepare an answer, or otherwise respond to Plaintiff's complaint, the Defendant did not properly consult with agency counsel concerning the factual allegations raised in plaintiff's complaint and the facts that support Plaintiff's Complaint that was raise. Also, The undersigned for the Defendant did not review the relevant portions of the record of the administrative proceedings. Therefore, The Defendant is in violating of his (Plaintiff) Civil Rights according to the rules and regulations of Title 7 and Statues .The Counsel for Defendant was granted additional time to complete that factual investigation and review of the record, and to prepare for his answer pleading.

The undersigned'Plaintiff,' also seeks leave of Court to submit this enlargement motion less than two business days in advance of the current deadline of the July 3, 2008 Deposition. The undersigned Assistant United States Attorney recently learned that Defendant's prior understanding of the relevant facts was partially incorrect, and that the agency counsel therefore would be unable to provide the information and materials necessary to submit Defendant's responsive pleading on the current deadline of July 10, 2008. Because the Plaintiff previously could not have submitted its responsive pleading by the Court order date of July 10, 2008 that was agreed upon on July 3, 2008 by the (USADA) and counsel for the agency. ON July 3, 2008 because he the 'Plaintiff" was sick and under the doctors' care and Orders; the undersigned 'Plaintiff" did not submit this enlargement motion until four business days in advance of the current deadline 'Plaintiff' has previously requested that this Court enlarge the time for filing any pleading and was not answered or granted. There are pending deadlines or court dates that this request for enlargement would affect. Granting Plaintiff an additional 30 days to answer any response to his Complaint, because the Defendant has prejudiced this case. A Court Order granting the relief sought is attached hereto:

Please note exhibit number 1 of The Original Complaint, Romans numeral I, II, III, and IV of Plaintiff file dated before or around October 25th 2007: Exhibit number 2 The Plaintiff's Opposition to Defendant's Motion for summary Judgment in October of 2007. Exhibit number 3 of Plaintiff's complaint, Memorandum of Points an Authorities in support of his Opposition to the Defendant's motion for Summary Judgment. Exhibit number 4 of complaint, Plaintiff's Motion to stay the Opposition Defendant's Motion for Summary Judgment, to produce Plaintiff request for production of documents. Pursuant to 5 C.F.R. Section 120172 (c) to request the agency and its representative produce the following request for production of documents. At his time the agency and Defendant has fail to produce any of the following documentation that was Ordered by the Court as well as the whole and complete Personnel file in accordance with the July 3, 2008 Court Order agreement in particular, The October 5, 2005 Disability Claims, History of prior Claims of dates, incidents of workman Compensation, and other related Claims of Discrimination about my Disability Claims. I ( Thomas D. Brown, Sr.) never ever received a copy of my October 5, 2005 Disability Claim of report from the agency in reference to form CSRS, Form 2801, Form OBM-3206-0228, also, the Supervisory statement form from the Agency. My signature was required as the undersign Counsel for the agency threaten to take away my 34 years of Annuity and Services for the United States Federal Government that was cited in her memorandum dated on or around the 29th day of August 2004 memorandum letter. I was force to sign this document under stress, duress, consistent and persistent pressure from the agency Counsel Ms. Nicole Jenkins, Washington, on or around August 19th day of 2004. Per the agency agreement plan, the agency is responsible for the Court Order agreement that is already established and in placed. However the agency in violation of the written code and procedure of the agreement, by not honoring my disability claim, agreement.

(4.)

_____ Date: _____

Thomas D. Brown, Sr., Disable and Retired

Photoengraver/ IPS

Independent Paralegal Specialist

3162 17th Street North West,

Washington, District of Columbia, 20010-2748

(202) 518-5553

(301) 237-1590



CLERK
US DISTRICT & BANKRUPTCY
COURTS

2008 JUL 10 PH 5: 31

RECEIVED

## CERTIFICATE OF SERVICE

I (Thomas D. Brown, Sir). hereby certify that on this 9th day of July of 2008, I caused the foregoing Motion for Leave of Court for Electronic Filing of conduct Discovery as well as Amend 'Plaintiff' Complains was sent, Fax, served and Delivered to the Defendant by hand delivery and Certified Mail to Christopher B. Hardwood, Assistant United States Attorney at 555 Fourth Street, N.W. Washington, D.C. 20530. and Roberto M. Urbina at the United States Court for the District of Columbia at 333 Constitution Avenue, N.W. Washington D.C. 2003. Phone: 202-514-7198, Fax: 202-514-8780 and 202-307-0372

Respectfully submitted,

Date: _____

Thomas D. Brown, Sr. Photoengraver, 301-2371590

Email address toobadblessingred@yahoo.com

3162 17th Street, N.W. Washington, D.C. 20010-2748

CLERK
US DISTRICT & BANKRUPTCY
COURTS

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA** JUL 10 PH 5: 31

RECEIVED

| | | |
|---|---|---|
| THOMAS D. BROWN, SR.,<br>3162 17TH STREET N.W.<br>WASHINGTON, D. C. 20010-2748 | ) | |
| | : | |
| **PLAINTIFF,** | | **CASE NUMBER: 07-CV0509 (RMU)** |
| VS. | ) | |
| HENRY M. PAULSON, JR., SECRETARY OF THE<br>UNIITED STATES DEPARTMENT OF TREAUSURY | : | |
| | ) | |
| **DEFENDANT**. | : | |

## COURT ORDER

Upon consideration of Plaintiff's Motion for Leave of Court, for all Court Document and Proceedings, it is on this _____ day of _____ , 2008,

ORDERED that Plaintiff's Motion for Leave of Court and Electronic Filing of all and any Court Documents by Motion, Pleadings, Amendments, Discovery, and all other Procedure Proceedings of his Complaints to File an Answer or Otherwise Respond to Defendant's USDA Answer be and is hereby GRANTED.

It is further ORDERED that Plaintiff shall submit as well as except any correspondence by Electronic Filings and by(Emergency) Certified Mail receipt, Personal Mail Delivery, or First Class Mail receipt

SO ORDERED BY JUDGE:

_____
United States District Judge

Plaintiff's Opposition's Points and Authorities Motion to Dismiss Defendant's Motion
for Summary Judgment

# Table of Contents and Index of Exhibits

1.    Plaintiff's Opposition Motion  to Defendant's Motion for Summary Judgment
2.    Final Agency Decision
3.    EEO Counselor's Report Exhibit with Exhibits  from (1) through (32)
4.    Final Judgment in <u>Brown v. Rubin,</u> Civil Action No. 98-2318 (D.D.C.) (JR)
5.    United States office of Personnel Management Disability Approval 10/05/05
6.    Performance Appraisals Dated November 25, 1997 through November 4, 2004
7.    Letter to Judith Myers for reasonable Medical Accommodation, 12/05/2003
8.    March 24, 2004, Notice of Proposal Suspension from Manager Ross Morres
9.    March 30, 2004, Fitness for Duty Examination
10.    May 5, 2004, Notice of Proposed Removal
11.    May 26, 2004,  answer to Notice of proposed Removal for Thomas Brown
12.    June 17, 2004, Notice of Decision
13.    August 31, 2004, answer to Notice of Decision for Thomas Brown
14.    April 8, 2004, Requested for Medical Documentation 7/1/2003,12/11/2002
15.    August 13, 2004 from Hicks to S. Pulliam, Complaint of Discrimination for T.D.B.
16.    February 4, 2002, Order to report to report to Duty from Robert Bishop/AWOL
17.    Manual for chapter 630 Section 5 Absent  with out Leave (AWOL)
18.    May 23, 1996, Letter to from Dr. Laura Welch to Dr.. Canete
19.    July 11, 1996, Letter from Dr. Laura Welch to Dr. Canete
20.    October 4, 2001, Affidavit from Plaintiff for EEO complaint by BL investigator
21.    October 31, 2002, Dr. Laura Welch, Permanent Restrictions for "Plaintiff"
22.    April 26, 2004, from Dr. John Starr, Board Certified Orthopedic and Steven Taub
23.    Manual for Table of Offences (unwanted and unwelcome behavior)M.F. 1/15/03
24    September 10, 1998 Letter to Agency, from Dr. L. Welch, Director Occup. Med.
25.    December 15, 1998, Letter to Dr.OWCP, from Dr. L. Welch work conditioning Prg.
26.    February 12, 1999,Letter to Dr. Moskovitz, from Dr. L.Welch recurrence back pain
27.    February 17, 1999, Letter to Dr. L. Welch, M.D. to Dr. P .Moskovitz
28.    September 25, 1998, Letter to Ann Vick onset of back pain
29.    December 17, 1998, Letter to Dr. Borchering, from Dr. L. Welch restriction
30.    January 19, 1999, Letter ro Dr. Borchering from Dr. L. Welch release with Orders
31.    January 20, 1999, Letter from Dr. L. Welch to OWPC about back pain and suffering
32.    Accused of Time and Attendance fraud

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

2008 JUL 10 PM 5: 31

RECEIVED

| | | |
|---|---|---|
| THOMAS D. BROWN, SR.,<br>3162 17TH STREET N.W.<br>WASHINGTON, D.C. 20010-2748 | ) ) ) ) | |
| PLAINTIFF, | ) ) ) | |
| VS. | ) ) ) | Civil Action Case No. 1:07-cv-509 |
| HENRY M. PAULSON, JR.,<br>SECRETARY<br>UNITED STATES TREASURY<br>DEPARTMENT<br>1500 PENNSYLVANIA AVENUE,<br>NW, WASHINGTON, D.C. 20220 | ) ) ) ) ) ) ) | |
| DEFENDANT. | ) ) | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### I.

### INTRODUCTION

1. This is a complaint for injunctive and declaratory relief brought by the Plaintiff, for a violation of his civil rights under the provisions of Title VII. In particular Plaintiffs claim of reprisal arises out of the Defendant's acts of reprisal taken against him for filing a complaint of discrimination with the Office of Equal Employment Opportunity. Plaintiff also brings this action for the Defendant's failure to accommodate his disability in violation of his rights under the Americans with disabilities Act, and the Family Medical Leave Act (FMLA)

II.

## JURISDICTION

2. The jurisdiction of this honorable court is invoiced pursuant to the provisions of:

(a)  28 U.S.C.§ 1331 in that this case rises under the laws and constitution of the United States.

(b)  42 U.S.C.§ 2000e-16 in that this case is brought to preserve Plaintiffs civil rights under the provisions of the 1964 Civil Rights Act and one hundred and eighty days have lapsed since the filing of his EEO Complaint.

(c)  29 U.S.C. sec. in that this action is brought to preserve Plaintiff's civil rights under the provisions of American's with Disabilities Act...

(d)  5 U.S.C.-6381-6387 et seq. The statutory provisions are set fourth Regulations Promulgated 5 U.S. C .-6381 et seq. Regulations Promulgated by OPM. Are set fourth in 5CFR-630. 1201, 1202, 1203, (A)(4) 1205.... (FMLA) Family Medical Leave Act and LMR....

III.

## PARTIES

3. Plaintiff, Thomas D. Brown, Sr., is a black male employee who is employed as a Journeyman Photoengraver in the Engraving and Plating section of the United States Department of the Treasury,  Bureau of Engraving and Printing. Plaintiff was SEPERATED from service on June 18, 2004-October 5, 2005

4. Defendant, Henry M. Paulson, Jr., is the Secretary of the Department of the Treasury and in such position is responsible for all administrative and personnel decisions of the Department.

2.

Date

Thomas D. Brown, Sr., Disable and Retired

Photoengraver / IPS

Independent Paralegal Specialist

3162 17th Street North West,

Washington, District of Columbia, 20010-2748

(202) 518-5553

(301) 237-1590

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **THOMAS D. BROWN, SR.,**<br>3162 17TH Street N.W. | ) | |
| | : | |
| **PLAINTIFF,** | | **CASE NUMBER: 07-CV0509 (RMU)** |
| **VS.** | ) | |
| **HENRY M. PAULSON, JR., SECRETARY**<br>**UNIITED STATES DEPARTMENT OF TREAUSURY** | : | |
| | ) | |
| **DEFENDANT.** | : | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiff, Hereinafter referred to as the Plaintiff, and moves this honorable court to deny the Defendant's Motion for Summary Judgment on the grounds that defendants have not met their burden under the provisions of Rule 56 of the Federal Rules of Civil Procedure. Defendant bases ifs Motion for Summary Judgment on the grounds that there are no genuine issues of fact which this court need decide. However, it will be shown that there are factual issues which should be decided by the Trier of fact in the instant case. Plaintiff's position is more fully explained in the attached memorandum of points and authorities.

Date: July 10, 2008

Thomas D. Brown, Sr., Disable and Retired

P h o t o e n g r a v e r /  I P S

Independent Paralegal Specialist

3162 17th Street North West,

Washington, District of Columbia, 20010-2748

(202) 518-5553

(301) 237-1590

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS D. BROWN, SR.,                    )
3162 17TH Street N.W.
Washington, 20010-2748

                      :

           PLAINTIFF,                     CASE NUMBER: 07-CV0509 (RMU)
VS.                                      )

HENRY M. PAULSON, JR., SECRETARY         :
UNIITED STATES DEPARTMENT OF TREAUSURY

                      )

         DEFENDANT.

                    :

## PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS OPPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY

### INTRODUCTION

This is a case arising under Title VII of the 1964 Civil Rights Act and the Americans With Disabilities Act. Defendant in its motion for summary judgment seeks the entry of summary judgment on the grounds that the plaintiff can not prove he was discriminated against by the defendants. Defendant's motion did not covers the a ratings of "exceeded standards  from 1997 through 2000 until Plaintiff filed an EEO Complaint against the agency thereafter the "ratings were drop to fully sat they affected his grade  for potential promotions (See Ex.4 satisfactory performance evaluation for the period of November 20, 2002 through 2003, Plaintiff didn't receive 2004 rating ;(2) Whether Plaintiff was discriminated against when he was denied of reasonable Medical accommodations in temporally work hours from the of September through December; (2) whether Plaintiff was discriminated against when his request was denied for reasonable accommodation when Requested by Upper Management; (3) Whether Plaintiff was discriminated against on December 15, 2003 when he was issued a charge of leave with out pay; (4) Whether Plaintiff was Discriminated against when he was issued a letter of warning about an AWOL/ time and attendance on January 13, 2004; and

1

(5) Whether Plaintiff was discriminated against on January 13, 2004; when he was insulted and threaten by a co-worker; and (6)Whether plaintiff was discriminated on February 17 2004 when he was told by his supervisor his training request was denied; and he was no longer on light duty or retaliated against when his supervisor denied him disability; and(7) Whether Plaintiff was discriminated against and harassed, retaliated against and subject to hostile work environment when; and (8) Whether plaintiff was discriminated against due to his disability and subjecting him to hostile environment when the agency failed to accommodate his disability; and Whether Plaintiff was subject to a hostile work environment because he was subject to close supervision by his supervisor after he filed an EEO Complaint and (9) On March 5, 2004 and completing a assignment by March 9, 2004; Whether Plaintiff was subject to a hostile working environment when the agency failed to accommodate his disability. Also, he was falsely charged with AWOL time and attendance fraud. However, it will be shown below the defendants are mistaken. Plaintiff never changed Tour Duty Hours from 7:15am-3:15pm.

## I

## STANDARDS OF REVIEW

### A.

### STANDARDS FOR AN AWARD OF SUMMARY JUDGMENT

Under the provisions of Rule 56 of the Federal Rules of Civil Procedure the moving party bears the burden of establishing the absence of any genuine issue of material fact and the evidence must be viewed in the light most favorable to the non-moving party. Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986). In the instant case defendant have not to meet its burden of proof under the provisions of Rule 56(c) of the Federal Rules of Civil Procedure. Defendant's motion does not establish the absence of any genuine issues of material fact as required by Rule 56

Of the Federal Rules of Civil Procedure. Defendants' motion simply restates the

unsubstantiated and often self serving claims of Plaintiffs supervisors who have an

interest in the outcome of the litigation.

In <u>Sartor v. Arkansas Gas Co.,</u> 321 U.S. 62o (1944) the United States

Supreme Court stated the following concerning the use of opinion evidence:

> The rule has been stated "that if the court admits the testimony,
> when it is for the jury to decide whether any, and if any, what,
> weight is to be given to the testimony.... the jury, even if such
> testimony be uncontradicted, may exercise their independent
> judgment" ......................."the mere fact that the witness is
> interested in the result of the suit is deemed sufficient to require
> the credibility of his testimony to be submitted to the jury. 321
> U.S. at 628.

In the instant case the supervisors and agency personnel have an interest in

the result of this suit and their testimony should be heard by the jury. In

<u>Anderson v. Liberty Lobby, Inc.,</u> 477 U.S. 242 (1985) the United States Supreme

Court reached the conclusion that opinion evidence should be heard by a jury

stating:

> Our holding that the clear-and-convincing standard of proof
> should be taken into account in ruling on summary judgment
> motions does not denigrate the role of the jury. It by no means
> authorizes trial on affidavits. Credibility determinations, the
> weighing of evidence, the drawing of inferences from the facts
> are jury functions, not those of a judge whether he his ruling
> on a motion for summary judgment or for a directed verdict. The
> evidence of non moving party is to be believed, and all
> 'justifiable inferences are to be drawn in his favor, Adickles, 398
> U.S. at 158-159. Neither do we suggest that the trial courts
> should act other than with caution in granting summary
> judgment or that the trial court may not deny summary
> judgment in a case where there is reason to believe that the
> better course would be to proceed to a full trial. 477 U. S. at 235-
> 255 (Emphasis added).

**3**

being suspended for three days for the period of September 12-17 2001. Also On

or around February 17, 2003 the agency knew, was aware, submitted as well as

admitted to the fact that they were in contempt of this Court by Ross Morres's

Affidavit admitting, by saying, 'There is no documentation submitted to the

beginning or the end of a light duty period for the Plaintiff. See Ex.7 pg.24 1-9

Plus, the Defendant's claim that Plaintiff did not raise a claim that the issue of

failure to accommodate in his complaint. However, the matter was subject to

investigation by the Investigator and was referenced in the agency's final decision.

(See Ex.2 pg1-5). Moreover, Plaintiff in his EEO Complaint complained of being

discriminated against because of his disability. This claim arose out of the

determination by Mrs. Leone Gracely in her memorandum to Cheryl Molock, the

safety officer at the Agency. (See Ex.7 pg.1-5 and Ex. 21). The agency has been

aware of Plaintiffs physical condition and the need for some accommodations, it is

clear that the agency was aware of the need to accommodate Plaintiffs disability.

In fact Defendant has not established any basis for this court to conclude that

Plaintiff did not include in his EEO complaint information relating to the

Agency's failure to accommodate his disability See Ex.5 and7 and disciplinary

action being taken against him for alleged Time and Attendance Fraud. See Ex.31


## ARGUMENT

### II.

### PLAINTIFF SUBMITS THAT HE WAS SUBJECT TO REPRISAL BY THE AGENCY

In the instant case the Defendant claims that the Plaintiff can not establish a

prima facie case of reprisal under the provisions

**4**

Furthermore, in order for Plaintiff to make out a prima facie case of retaliation under Title VII she must show: (1) protected participation or opposition under Title VII known by the alleged retaliator; (2) An adverse employment action by his employer; and (3) Proof of a causal connection between the protected activity and the adverse employment action.Grant v. Bethlehem Steel Corp., 622 F.2d 43, 46 (2d Cir. 1980). Proof of the causal connection may be established indirectly by showing that the protected activity was followed closely by discriminatory treatment or directly through evidence of retaliatory animus directed against the plaintiff by defendant. Davis v. State University of New York, 802 F.2d 638, 642 (2d. Cir. 1986); Hochstadt v. Worcester Foundation for Experimental Biology Inc., 425 F. Supp. 318, 328-329 (S.D. Ohio 1983). Evidence of a retaliatory animus can be established by showing that the defendant did not comply with its polices and procedures. Sorrells v. Veterans Admin. 576 F. Supp 1264, 1265 (S.D. Ohio 1983). Moreover, an adverse personnel action taken after learning of the protected activities, to the extent that it varies from stated

procedures violate section 704(a) of Title VII. EEOC v. Locals 1

U. 0 eiflg,, 438 F. Supp. 876, 884 (¹977); Frances v. American Telephone 86 Tel. Co., Long Lines DePt., 55 F.R.D. 202, 207 (D.D.C. 1972). In the instant case the Agency and its representatives does not establish the facts that they should be entitled to judgment as a matter law.

of Title VII of the Federal Rules of Civil Procedures. Once again the Defendant's

claim that Plaintiff Wasn't treated differently than other similarly situated white

employees). In <u>Texas Dept. of Community Affairs v. Burdine,</u> 450 U.S. 248

(1981) the United States Supreme Court stated the following concerning the

shifting burden of proof in a disparate treatment case under Title VII:

> First, the plaintiff has the burden of proving by the
> preponderance of the evidence of a prima facie case of
> discrimination. Second, if the plaintiff succeeds in proving a
> prima facie case, the burden shifts to the defendant to
> "articulate some legitimate, nondiscriminatory reason for the
> employee's rejection". Third, should the defendant carry this
> burden, the plaintiff must then have an opportunity to prove by a
> preponderance of the evidence that legitimate reasons offered by
> the defendant were not its true reasons, but a pretext for
> discrimination. The nature of the burden that shifts to the
> defendant should be understood in light of the plaintiffs ultimate
> burden of persuading the Trier of fact that the defendant
> intentionally discriminated against the plaintiff remains at all
> times with the plaintiff ... The burden that shifts to the
> defendant.... is to rebut the presumption of discrimination by
> introducing evidence that the plaintiff was rejected, or someone
> else was preferred, for a legitimate nondiscriminatory reason...
> To accomplish this, the defendant must clearly set forth, through
> the introduction of admissible evidence the reasons for the
> plaintiff's rejection. The reason given must be legally sufficient
> to justify a judgment for the defendant.45o U.S. at 235-255.

Defendant in its motion seeks summary judgment on all of Plaintiff s

causes of action. As a basis for summary judgment defendant claims that he can

not prove that in any instance he was discriminated against by it. However, it is

the defendant who has the burden of proving the absence of any genuine issue of

fact and that it is entitled to summary judgment as a matter of law. In order to do

so the defendant must show that it did not intentionally discriminate against him.

Plaintiff submits that the defendant's motion for summary judgment is not legally

sufficient to justify an award of summary judgment,

5

Plaintiff claims that he was retaliated against by the defendant when he was evaluated as fully satisfactory in 2001/02 and in the rating year of 2002/03. In order to establish a prima facie case of retaliation, the plaintiff must show by a preponderance of evidence (1) that he engaged in protected activity; (2) that he was subject to an adverse action by his employer, and (3) that there is a causal connection between the adverse action and the protected conduct. McKenna v. Weinberger, 729 F.2d 783, 790 (D.C. Cir. 1984). Therefore defendant's motion should be denied.

## C

## STANDARDS FOR A MOTION TO DISMISS

Defendant seeks to have this court dismiss the complaint under the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure in that it allegedly fails to state a cause of action upon which relief can be granted. However, under Rule 12(b)(6) a complaint can be dismissed for failure to state a claim for relief only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Furthermore it is recognized that the factual allegations of the complaint must be presumed true and liberally construed in favor of the Plaintiff. Shear v. National Rifle Ass'n of Am., 606 F.2d 1251, 1253, (1979)

## D

## STANDARDS OF PROOF UNDER THE REHABILITATION ACT

In order for the Plaintiff to establish a prima facie case under the Rehabilitation Act (ADA) he must show the following:

In order for the Plaintiff to establish a prima facie case under the Rehabilitation Act (ADA) he must show the following: (1) he has a disability whose limitations are known to the Agency; (2) He is qualified to perform the essential functions of his position with or without accommodation; (3) he experienced an adverse job action and (4) the circumstances surrounding the adverse job action indicate that it is more likely than not that his disability was the reason for the adverse action.

## I.

## ARGUMENT

## 1.

## THE AGENCY'S TIMELESS CLAIM IS WITHOUT MERITS

Defendant claims, in its Motion to Dismiss and for Summary Judgment , that the Plaintiff did not raise the issues of failure to accommodate or being falsely charged with the time and attendance fraud.(See Defendant's Motion at pg. 4). Defendant claims that it is entitled to dismissal of Plaintiffs fifth, sixth and seventh claims of his complaint.' The basis for this claim is that Plaintiff did not timely raise these issues with

---

'Plaintiff s complaint laid out only four claims discrimination because of race, discrimination because of disability, hostile work environment and reprisal. Defendant has enlarged these claims to seven claims. Under the Defendant's system Plaintiffs fifth claim is that he was discriminated against on the basis of his disability and that the agency discriminated against him because of his race and subjected him to a hostile environment. Plaintiff's sixth claim is that he was subjected to Gloss supervision by his supervisor since the filing of his EEO complaint and his seventh claim is that he was falsely charged with time and attendance fraud. However, in the instant case there are only three claims discrimination based upon Plaintiffs disability, retaliation, and hostile work environment based on disability. Plaintiff concedes his claim of race discrimination as well as any issue relating to the annual evaluations of 1999 and 2000. (See Plaintiffs Complaint at pgs. 8-10)

the agency or file the claims with the Office of EEO prior to initiating this complaint.

However, because of the past pattern and practice of Discrimination, Plaintiff Amended his complaints please note the Defendants position is without merit. On or around January 14, 2003 the Plaintiff filed his informal EEO Complaint with the Agency alleging that he had been discriminated against on the basis of his disability. (See Ex.5 and 6). On or around January 26, 2004, Plaintiff filed his formal complaint of discrimination. See Ex.3 and 7 In fact Plaintiffs EEO complaint raised the issue of his disability and the issue of attendance fraud, please note on or around December 15, 2003. First of all Plaintiff raised the issue of his disability in his EEOC complaint stating that he had been discriminated due to his disability. See Ex.3 In during the time Plaintiff filed his EEO Complaint , the Defendant by issued a Memorandum dated March 24, 2004 30 days suspension in which it was rescinded and dismissed by the Manager Mr. Ross Moress See Ex.8 then I was removed 5/5/04 by Judith D. Myers, Chief, of Engraving Division See Ex.10 and the Allegations of insufficient Medical Documentation See Ex.7,14and fitness for duty examine See.Ex.9 That led to his suspension and removal from Fed. Service on June 17, 2004 (See Ex.10 This Report served as the basis for the recommendation that disciplinary action be taken against the Plaintiff. On or around May 5, 2004 the Agency issued a Memorandum recommending that Plaintiff be subject to disciplinary action in the form of a 30 day suspension and removal. On or around May 26, 2004 Plaintiff answered, please refer to the answer by Attorney Karl w. Carter to the agency See Ex.11. Agency issued Plaintiff a Notice of Proposed Suspension and removal. On August 18, 2004 the agency disrespected, and humiliated the Plaintiff in front of all Management and friends of the Plaintiff, took his badge then they terminated him on August 18, 2004 and escorted him out of the building by two Police Officers like he was a convicted criminal. Thus, the claim that the Agency did not have notice of Plaintiffs claim relating to Medical Documentation is without merit.(See Ex.14,

15pg.1-17                                    **9**

Thus, in Title VII case the plaintiff must set forth specific facts showing there is a genuine issue for trial. Skelton v. Acton,  668 F. Supp. 25, 29 (D.D.C. 1987). The establishment of a prima facie case helps the judge determine whether the litigants have created an issue of fact to be determined by the jury. Texas Dept. of Community Affairs v. Burdine,45o U.S. 248, 255 n.8. Thus, Plaintiff submits that the evidence will show not only are there questions of material fact which should be decided by a jury, but also if the evidence is viewed in the light most favorable to the plaintiff, it would show that the defendant discriminated against him. Plaintiff claims that he was retaliated against by the defendant when he was evaluated as fully satisfactory in 2001/02, 2002/03 ( See Ex.4 and Ex. 6 Civil Case No. 98-2318(JR). In order to establish a prima facie case of retaliation, the plaintiff must show by a preponderance of evidence that he engaged in protected activity; (2) that he was subject to an adverse action by his employer, and (3) that there is a causal connection between the adverse action and the protected conduct. McKenna v. Weinberger,  729 F.2d 783, 790 (D.C. Cir. 1984). Therefore defendant's motion should be denied.

### B.

## TITLE VII STANDARDS OF PROOF

This is a case arising under Title VII of the 1994 Civil Rights Act. Plaintiffs case is based upon the disparate treatment theory under Title VII (i.e., that he was discriminated against by the Agency 1964 Civil Rights when he was subject to the following adverse personnel actions by the Defendant: When he was placed on AWOL on March 20, 2001; (2) When he was suspended for three days on May 18, 2001: and (3) When he was suspended for three days on September 6, 2001.

**10**

On or around March 3, 2004 the supervisor harassed and retaliated on the Plaintiff for an assignment that he could not perform because his high blood pressure, high Sugar level was 377 and his lower back. In spite of doctor's Orders and recommendations the Supervisor Mr. Patrick Reidy told the doctor and myself on a three way conference called when he said,' 'If Mr. Brown comes back to the Photo section I will put him back on the computer.' March 9, 2004. At that point and time the residing doctor got afraid because Mr. P. Reidy was being difficult to work with, and insubordinate. I was told by the doctor to stay in the health unite until further notice BEP Form 8519 March 19, 2004 then suspended See Ex.7 and 21) In order for Plaintiff to make out a prima facie case of retaliation under Title VII he must show: (1) protected participation or opposition under Title VII known by the alleged retaliator; (2) An adverse employment action by his employer; and (3) Proof of a causal connection between the protected activity and the adverse employment Action . Grant v. Bethlehem Steel Corp., 622 F.2d 43, 46 (2d Cir. 1980). Proof of the causal connection may be established indirectly by showing that the protected activity was followed closely by discriminatory treatment or directly through evidence of retaliatory animus directed against the plaintiff by defendant. Davis v. State University of New York, 802 F.2d 638, 642 (2d. Cir. 1986); Hochstadt v. Worcester Foundation for Experimental Biology Inc., 425 F. Supp. 318, z that the defendant did not comply with its polices and procedures. Sorrells v. Veterans Admin. 576 F. Supp 1264, 1265 (S.D. Ohio 1983). Moreover, an adverse personnel action taken after learning of the protected activities, to the extent that it varies from stated procedures violates section 704(a) of Title VII. EEOC v. Locals 14 and 19 Intern. U. of Opera. Eng., 438 F. Supp. 876, 884 (1977); Frances v. American TelePhone 8v Tel. Co., Long Lines DePt., 55 F.R.D. 202, 207 (D.D.C. 1972).In fact there are three different instances which have given rise to the Plaintiffs claims of

**11**

reprisal by the Defendant. In the instant case defendant's claim that it did not

retaliate against plaintiff is a mere pretext and does not establish that they should

be entitled to judgment as a matter law.

## THE JANUARY 13, 2004 AWOL CHARGE

Defendant claims that Plaintiff cannot establish a charge of reprisal because

Plaintiff can not establish the second and third elements of a prima face case of

reprisal.' Those two elements are as follows (1) that Plaintiff was subject to an

adverse action and (2) that there was a causal connection between the adverse action

and the protected activity of March 19, 2004. First of all it is admitted by the

Defendant that Plaintiff was subject to an adverse action by his employer, that he was

charged AWOL for reporting (2 and ¾) in two and three quarter hours late. Also, on

the date of January 23, of 2002 - February 6, 2003 (See Ex.16 )once again Mr.

Robert Bishop and Mr. Patrick Reidy cause the Plaintiff to go to the Hospital. Also

not following Court Oder leave procedures. See Ex.16 pg.1-6, instead he was  AWOL

on 13th 14th of March 2002 . An AWOL is defined, under the understanding of the

provisions of Chapter 63o, the Bureau of Printing and Engravings Personnel

Manual, as an absence from duty not authorized by an employees' supervisor. It may

include absences from the work area without approval even though the employee is

present in the work building. AWOL may be used as the basis for disciplinary

action. (See Ex.17)

---

[2]In order for Plaintiff to make out a prima facie case of retaliation under Title VII he must show: (1) protected participation or opposition under Title VII known by the alleged retaliator; (2) An adverse employment action by his employer; and (3) Proof of a causal connection between the protected activity and the adverse employment action. Grant v. Bethlehem Steel Corp., 622 F.2d 43, 46 (2d Cir. 1980). In the Counselor's report she( Mrs. Renata Robinson) said,' ' First line Supervisor response was he did not have any thing to do with that situation. Second line supervisor gave the Plaintiff a letter of warning and suspension thereafter then his removal from the Federal Services at the Bureau of Engraving and Printing.

Moreover, AWOL should be charged under the following circumstances:(1) When an employee is absent without permission; (2) When the employee has not provided a satisfactory explanation or documentation for the absence from duty. In the instant case the agency did not follow the fist step as to when an AWOL should be charged. Plaintiff had informed his supervisor that he was late to work on the date in question due to the fact that he had been suffering from back pains. At the heart of this matter was the only going effort on the part of the Plaintiff to have the agency accommodate his disability. On May 23, 1996 the agency was informed by Dr. Laura Welch that Plaintiff could do his regular job but with certain restrictions.(Ex.18) On July 11, 1996 Dr. Welch informed the agency it had not accommodated Plaintiffs request for an altered work schedule in order to allow him access to physical therapy. (Ex.19). The failure to the agency to provide any form of accommodation to the Plaintiff was continued from the period of 1996 through 2005. (See Ex. 20). Plaintiff therefore provided a satisfactory explanation for his absence.

Furthermore, the Agency did not follow the applicable procedures in charging an AWOL. It did not issue and AWOL charge on a BEP form 8017 (AWOL Charge Notice), nor was any determination was made as to whether Plaintiff had provided a *satisfactory* explanation or documentation for the absence. Defendants offered to remove the AWOL if the Plaintiff agreed to follow the call in procedure and that his failure to accept the offer resulted in the institution of adverse action being the Plaintiffs decision. As a result of the continued harassment in the form of adverse actions and continued hyper supervision of Plaintiff work product, he was hospitalized twice once in January 23, 2002 and again in February 6, 2003 was clearly working in a hostile environment. On January 13, 04 Plaintiff was again insulted and threaten by a co-worker Ms. Marjorie Freeman. Ms. Freeman invited the Plaintiff to her backside by *saying to him kiss her black ass.* See Ex.16, 21 and 23

Plaintiff filed an EE Complaint relating to the above incidents and adverse action to Management. Mr. Bob Bishop approached me (Plaintiff) and said,' ' meet me in my office with your supervisor for a scheduled 1:00pm meeting with Ms. Marjorie Freeman.' On or around the 13th day of January of 2004. Management did nothing about the violations of Ms. Marjorie Freeman, nor the first line supervisor (Mr. Patrick Reidy) and this suit followed. The agency position is without merit, Moreover, as noted above the agency had not followed the proper procedure for an AWOL, and how to address an insult and threaten from a co-worker should be charged and procedure to be followed if an AWOL and threat is to be charged. Furthermore, in light of the fact that supervisor made the determination that the explanation to be offered was satisfactory; the offer made to the Plaintiff was illusionary. The decision always remained with the agency to discipline Plaintiff The AWOL was clearly in the imposition of adverse action. Also the claim that there is no causal connection because it was 17 months since the filing of Plaintiffs prior EEO complaints is without merit. Robert Bishop Plaintiff's second line supervisor admitted that he was aware of Plaintiffs EEO activity. At the heart of this matter was the only going effort on the part of the Plaintiff to have the agency accommodates his disability. On May 23, 1996 the agency was informed by Dr. Laura Welch that Plaintiff could do his regular job but with certain restrictions. On July 11, 1996 Dr. Welch informed the agency it had not accommodated Plaintiffs request for an altered work schedule in order to allow him access to physical therapy. The failure to the agency to provide any form of accommodation to the Plaintiff continued from the period of 1996 to 2004. (See Ex.7) Not only was it aware of Plaintiffs disability but had not accommodated his disability See Ex. 21 It was aware at the time of this incident that Mr. Brown was suffering from a disability and that required altered work schedule. While claiming that the imposition of the disciplinary action was the Plaintiffs fault it fails

to consider the fact that Plaintiff was suffering from a disability and that it (Agency) had failed to provide any accommodation to the Plaintiff (See Ex.21). While claiming that Plaintiff should have reported his health related situation to his supervisors, the agency had for a period of over five years been aware of Plaintiffs disability and had done nothing to accommodate it. During this period Plaintiff had pending before this court his suit Se Ex.4 and 5 against the agency for race discrimination.[3] Plaintiffs supervisor Mr. Robert Bishop was aware of the Plaintiffs prior EEO activity, he was a principle agency witness in one of the Plaintiffs EEO Complaints.' Thus there is a causal connection and Plaintiff was retaliated against when he was given an AWOL

## THE MAY 5, 2004 NOTICE OF PROPOSED  REMOVAL

Plaintiff was subject to a Thirty day suspension which was allegedly based upon the claim that he did not provide sufficient Medical documentation. Since 1996 until he was fired on June 18, 2004; Plaintiff Submitted to Judith D. Myers, Chief of Office of Engraving  his response. See Ex.22 in spite of the Medical evidence the agency continued to subject the Plaintiff to a hostile work environment by supporting and allowing Ms. Marjory Freeman on numerous occasions to violate the Plaintiff rights with unwelcome and unwanted behavior. (See Ex.23 Manual for table of Offences) Plaintiff reported the incident to his first line supervisor Mr. P. Riedy and second line supervisor Mr. R. Bishop, a Memorandum for Medical Documentation and that he failed to follow the instructions of his supervisors. In order for Plaintiff to make out a prima facie case of retaliation under Title VII he must show: OD protected participation or opposition under Title VII known by the alleged retaliator;(2) An adverse employment action by his employer; (3) Proof of a causal connection between the protected activity and the adverse employment action.

_____

See CA. No. 98-2318 the Agency paid the Plaintiff damages and settled any all claims of the Plaintiff on (See Ex.11)

Please take notice of the ongoing Pattern and Practice of Discrimination by the Agency Grant v. Bethlehem Steel Corp., 622 F.2d 43, 46 (2d Cir. 1980). In the instant case it is well established that the Plaintiff had engaged in protected EEO activity. Plaintiff, was subject to an adverse action, he was suspended for three days from work. On April 18, 2001 Plaintiff was given a Notice of Proposed Suspension. In connection with The Notice of Proposed Suspension raised three issues which served as a basis for the Plaintiffs Suspension the following claims: (1) Plaintiff was absent from his duty station without the permission of his supervisor on March 7, 2001; (2) That Plaintiff was unavailable for work at start of the work shift; and (3) That Plaintiff failed to follow the instructions of his supervisor.

Plaintiff submits that he was not absent from his duty station without the permission of his supervisor, on March 7, 2001. See ROI-, Ex.6 counselor report In fact Plaintiff had merely gone for a walk in order to relieve the pain in his lower back. Plaintiff had suffered an on the job injury which affected his ability to perform the duties of his position. .

On September 10, 1998 the agency was informed by Dr. Laura Welch that Plaintiff sustained a back injury and could not do his regular job (Ex.24) On December 15, 1998 Dr. Welch informed the agency it had not accommodated Plaintiffs request for the tens unit an altered work schedule in order to allow him access to physical therapy. (Ex.25. The failure to the agency to provide any form of accommodation to the Plaintiff continued from the period of 1996 to 2005. Please review Plaintiff Affidavit from 1996 through October 5, 2005 (See Ex.5 and 20). In fact the agency had been on notice for a period of five years that Plaintiff would need to be able to leave his work station in order to accommodate his disability.

**16**

During this period Plaintiff had pending before this courts his suit from the "Union" and the Fed. Courts against the agency for race discrimination.' Plaintiffs supervisor Mr. Robert Bishop was aware of the Plaintiffs prior EEO activity, he was a principle agency witness in one of the Plaintiffs EEO Complaints.° Thus there is a causal connection and Plaintiff was retaliated against when he was given an AWOL in each instance it is submitted that the reasons submitted by the agency are without merit.

Although, it was claimed that Plaintiff was running late the agency knew and its supervisors new well in advance of the Plaintiff's disability, the agency also claims that the Plaintiff failed to follow a direct order of his supervisor. As to the alleged claim that Plaintiff was already in route to his job. The next claim is that Plaintiff failed to follow a direct order of his supervisor and that he did not report to work and his supervisor until 2 ¾ quarter's of an hour . Plaintiff did not refuse to meet with his supervisor, in fact he went to meet with him as soon as he made confirmation with First line supervisor.

---

See CA. No. 98-2318 the Agency paid the Plaintiff damages and settled any all claims of the Plaintiff on (See Ex.4) Even though, Agency was on notice about Plaintiff's Disability. As a result of the continued harassment in the form of adverse Actions and Intentional Discrimination on the Plaintiff, in the form hyper supervision of Plaintiff work product, he was hospitalized twice once January 2002 and again in February of 2003. The Plaintiff was clearly working in a hostile working environment.

See Ex. 12

**17**

c.

## THE SEPTEMBER 6, 2001 THREE DAY SUSPENSION OF INTENTIONAL DISCRIMINATION BY THE AGENCY

Plaintiff was suspended for three days on September 6, 2001. The reason given the three day suspension because he had engaged in: (1) Conduct unbecoming a Federal Employee; Failure to Report to An Assignment in a Timely Manner and (3) Unauthorized Absences. In each instance it is submitted that the Defendants position is without merit. In order for Plaintiff to make out a prima facie case of retaliation under Title VII she must show: (1) protected participation or opposition under Title VII known by the alleged retaliator; (2) An adverse employment action by his employer; and (3) Proof of a causal connection between the protected activity and the adverse employment action. Grant v. Bethlehem Steel Corps, 622 F.2d 43, 46 (2d Cir. 1980). In the instant case it is well established that the Plaintiff had engaged in protected EEO activity. Plaintiff was subject to an adverse employment action by his employer he was suspended for three days. There was a causal connection between Plaintiffs protected activity and the adverse action. In the instant case Plaintiff had suffered on the job injury in March of 1996-2004-2005. Defendant's were aware of the limitations (accommodations necessary for the work) placed upon the Plaintiff by his doctors. In May of 1996, Dr. Canete was informed that the Plaintiffs condition had improved to the point that he could return to work and that he could at lease sit for an hour without spasm and perform activities of daily living around the house. See Ex. 25 and February 12, 1999 the Agency was again informed that the Plaintiff had had Some recurrence of leg pain and ridiculer symptoms since back at work and that he should avoid prolonged bending. (See Ex.26)

In September 10, 1998 the agency was again informed that Plaintiffs back injury limited his ability to lift any object and that he had limited forward flexion, lateral bend and that he was limited in his ability to sit for prolonged periods. (See Ex.27). On or about September 25, 1998, Plaintiff s physician sent a letter to the Agency, informing the Bureau that since the Agency was unable to accommodate the restrictions imposed upon the Plaintiff, of lifting no more than 5lbs; sitting for no longer than 2 hours, no bending, stooping, twisting, pushing, and pulling, he would not be able to return to work until she examined him again. Although he was unable to return to work the Agency demanded that he do so and his doctor released him back to limited duty under the following conditions: to alternate standing, sitting and walking. (Ex.28).

On December 17, 1998, Plaintiff was released to his regular job with the stipulation that he is able to take a 30 minute break from standing after 2 hours and that he is able to take a 3o minute break after sitting one hour. He did not have to stop work during the 3o minute break just work in a different position.(See Ex.29) On January 19, 1999, See Ex.30. The Agency was again informed of the limitations and restrictions placed upon the Plaintiff, these restrictions were in place when he was sent out on the assignment of June 20, 2001. (See Ex.31 and 32).

Plaintiff was suspended on September 6, 2001 for conduct unbecoming a Federal Employee, when he was sent on a photo shoots at the United States Capitol.

**19**

that day. The complaints involved Plaintiffs alleged unprofessional attitude which
concerned complaints by the Plaintiff of having to walk too much, that his back hurt.
These complaints were mixed with the usual concerns of a photographer such as
lighting, the effect of putting a $10.000.00 camera through an X-Ray Machine and full of
film in a camera as well as the location of the shoot. The mixture of the normal complaints
of a Professional Photoengraver with that of a man suffering from reoccurring pain due to
his back injury is clear in this case. What is clear the agency was well aware that if it
sent Plaintiff injury on such an assignment it would require prolonged periods of
walking, bending, standing, and stooping. These postures were strictly forbidden by his
Doctors in order to accommodate his disability. This is the true meaning of Intentional
Discrimination cause by the agency. ***Intentional Discrimination* by the Agency**

Moreover, the claims by the agency that Plaintiff had engaged in seven
occasions of unauthorized absences are likewise without merit. The dates in question
are as follows: (1) October 8, 1999 Plaintiff was allegedly late to work; (2) March 29,
2000, Plaintiff allegedly left early from work; (3) July 10, 2000, Plaintiff allegedly
arrived late and left early;(4) July 12, 2000, Plaintiff allegedly arrived late to work; (5)
August 22, 2000, Plaintiff allegedly left work early; (6) September 1, 2000, Plaintiff
allegedly left work early; and (7) November 30, 2000, Plaintiff allegedly arrived late for
work. To support its claim the Defendant used three documents: (1) the
Employee's Bi-Weekly Time Sheet; (2) The Supervisor' s Daily Calendar; and (3) The
Security Card Record. However, as will be shown below there is no evidence in

**20**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS D. BROWN, SR., *PHOTOENGRAVER* ) | |
| UNIITED STATES DEPARTMENT OF TREAUSURY ) | |
| ) | |
| PLAINTIFF, ) | **CASE NUMBER: 07-CV0509 (RMU)** |
| VS. ) | **MODAY, OCTOBER 1, 2007** |
| ) | |
| HENRY M. PAULSON, JR., *SECRETARY* ) | |
| UNIITED STATES DEPARTMENT OF TREAUSURY ) | |
| ) | |
| ) | |
| DEFENDANT. ) | |

## PLAINTIFF'S MOTION TO STAY THE OPPOSITION DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

To:

Comes now the Plaintiff, hereinafter referred to as T.D. Brown, Sr., or The Plaintiff, pursuant to 5 C.F.R. Section 120172 ( c ) and requests that the Agency and or its representative produce the following requests for Production of Documents. This request for production of documents is considered to be continuing in nature and is to be answered by you within 20 days of receipt thereof as stated in the Acknowledgment Order of Local Rule 56 of the Federal Rule of Civil Procedures. Plaintiff requests that the Agency answer, produce the dockets requested in accordance with the provisions of the applicable Rules of Discovery as stated in the Code of Federal Regulations.

These Requests for Production of Documents are to be considered continuing nature and are to be seasonally renewed from time to time as may be required from as this situation permits whatever, information, knowledge, or belief he now has concerning the unanswered portions.

If the Court Please take notice that you are required to answer each interrogatory separately in writing and under oath and to serve a copy of your answers upon counsel for the Plaintiff with thirty days after service of these interrogatories upon you.

II

If the Agency claims any privilege as to any facts or documents, please state the basis of the privilege and identify specifically the time; place, and all participants in any privileged conversations and the title, author, recipients, and general subject of all privileged documents.

### DEFINITIONS

1.  "Document" or "Documents" means the original or any copy regardless of location, of any writing or record of any tapes or description, including but not limited a, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, minutes, inter-office or intra-office communications, handwritten or other notes, papers, applications, tapes, discs, recordings, or any other written, printed, typewritten, recorded, transcribed, filed, or graphic matter, however produced or reproduced, to which Agency has or has had access.

2.  "Identify" means, when used in reference to:

    (a)  full name;

    (b)  present or last known home and business address

    (Including street number and name, city or town, state, and zip code)
    And telephone number; and

    (c)  Present or last known employer, position, job title,

    and job description.

## GENERAL INSTRUCTIONS

Each of the following Request for Production is intended to be continuing nature and the Plaintiff demands that the Defendant promptly and seasonally amend his answers to these interrogatories if at any later date it obtains any additional facts or obtains or makes any assumptions or contentions, or reasons, any conclusions, or makes any conclusions or opinions that are different form those provided in the answers to these interrogatories. Amended answers should set forth fully such different facts, assumptions, conclusions, opinions, or contentions.

Whenever, a Request for Production of Documents requests identification of a document no longer in the Defendant's possession, custody, or control, the answer should state, with respect to each particular document; when the document was most recently in Agency's possession, custody or control, the disposition made of the document, and the identity of the person currently in possession of such document. If the document has been destroyed, the Agency should state the reason for the destruction, the identity of the person who destroyed the document, and the identity of the person who directed that the document be destroyed.

In answering these interrogatories, Agency must furnish all information that is known to him or his agents, employees, and attorneys. If any of these interrogatories cannot be answer in full, or if Agency objects to some part of the interrogatory, the Agency, must furnish all information that is known to him or his agents, employees, and attorneys. If any of these interrogatories cannot be answered in full, or if Agency objects to some part of the interrogatory, Agency must answer them to fullest extent possible, specifying the reasons for its inability or refusal to answer the remainder and stating the progression of the documents.

IV.

## REQUEST FOR PRODUCTION OF DOCUMENTS REQUEST NO. 1

Please provide a copy of Plaintiff's complete Official personnel folder; please provide any and all exhibits and Medical documentation from the agency decision.

### REQUEST NO. 2

Please provide a copy of any and all documents relating to the Notice of Proposed Removal dated May 5, 2004, and for time attendance fraud.

### REQUEST NO. 3

Please provide a copy of any and all documents which supported the determination to remove the Plaintiff from the position of Photo Engraver in the Office of Engraving WE - 4425 level II for not providing and producing Medical documentation

### REQUEST NO. 4

Please provide a copy of any and all documents which support the statements in Charge Number 1, November 20, 2003 Performance Appraisal and mid-year performance rating.

### REQUEST NO. 5

Please provide a copy of any all of the personnel regulations and or manual for denial of the December 5, 2003 request for reasonable accommodations for his medical condition. Before and after the Plaintiff's medical injuries from 1996 thru 2004 work related injuries.

### REQUEST NO. 6

Please provide a copy of any and all documents relating to Charge 3, the Agency's charged the Plaintiff on December 15, 2003 for an unofficial AWOL by his supervisor.

### REQUEST NO. 7

Please provide a copy of any and all documents and or regulations governing or Relating to the agency's claim relating to the letter of warning for the AWOL. January 13, 2004 from his supervisor in charge 4 of the Agency decision.

## REQUEST NO.8

Please provide a copy of any and <u>all</u> documents and or regulations governing or relating to the agency's claim that the Plaintiff had CONTACTED Management and the office of EEO on January 13, 2003, along with shop delegate notes by Phillip Powell and notes from the meetings.

## REQUEST NO.9

Please provide a copy of any and all documents and or regulations which supported the agency's decision to harassed and retaliated on the Plaintiff by permitting unwelcome and unwanted conduct by Ms. Marjorie Freeman, when she insulted and threaten The Plaintiff on numerous occasions; Also, on (January 13, 2004) by violating the BEP Manual, table of Offence(s).`No' action was taken by the Agency in four stages of Management because they aloud (Unwarranted Behavior) and conduct by Ms. Marjorie Freeman and witnessed by Ms. Linda Gunter co-worker. Also, talked to Thomas Jefferson (shop delegate/2002) for advice on the matter of January13-04 about Ms. Marjorie Freeman behavior before the incident Of January 13, 2004.

## REQUEST NO.10

Please provide a copy of any and all documents relating to the Agency's policy concerning the Plaintiff request for training denied on February 17, 2004. This training includes Caucasian, White Employees and Black African Americans Black employees

## REQUEST NO.11

Please provide a copy of any and all documents relating to the Agency's policy Concerning light and limited duties.

## REQUEST NO.12

Please provide a copy of any and all documents which would support the Agency's decision to harassment and retaliation on the Plaintiff. On March 3, 2004, December when appellant was subjected to harassment and retaliation by his

Supervisor for not completing a job assignment Inspire of his disability High

blood Pressure, Sugar Diabetes, Low Back Pain, Physical and Mental Stress.

## REQUEST NO.13

Please provide a copy of any and all documents which would support the

agency's directive that the proper doctor to evaluate the Plaintiff's vision was Dr.

Coffins.

## REQUEST NO.14

Please provide a copy of any and all documents which would support the reason for requiring

the Plaintiff to submit to a Fitness for Duty Examination.

## REQUEST NO.15

Please provide any all doctors' reports which would support the

determination to require the Plaintiff to submit to a fitness for duty

examination.

Respectfully submitted

Date: _____

Thomas D. Brown, Sr., (IPS)
Independent    Paralegal    Specialist
Disable and Retired, Photoengraver
3162 17th Street NW
Washington,    20010
(202) 627-3419
(301) 237-1590

Subscribed and Sworn before me this_____ 2007

Name of Notary and Seal_____