UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Thomas D. Brown, Sr., :
:
        Plaintiff, :   Civil Action No.:   07-0509 (RMU)
:
v. :
:
:
Henry M. Paulson, Jr., :
:
        Defendant. :

## MEMORANDUM OPINION AND ORDER
### DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, FOR ENLARGEMENT OF TIME AND TO AMEND THE COMPLAINT

In this action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, plaintiff moves for reconsideration of the Order of April 1, 2008, which dismissed all claims except the Title VII claims for retaliation and hostile work environment based on events that allegedly occurred after May 22, 2003. *See* Mem. Op. of April 1, 2008 at 10. Upon consideration of the motion and defendant's opposition, the court denies plaintiff's motion in its entirety.

Rule 54 of the Federal Rules of Civil Procedure authorizes the court to revise its own interlocutory decisions "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," Fed. R. Civ. P. 54(b), as justice requires. *Powell v. Castaneda*, 247 F.R.D. 179, 181 (D.D.C. 2007) (Urbina, J.) (internal citation and quotation marks omitted). "As justice requires" indicates concrete considerations of whether the court "has patently misunderstood a party, has made a decision outside the adversarial issues presented to

the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court." *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004) (internal citation omitted). These considerations leave a great deal of room for the court's discretion and, accordingly, the "as justice requires" standard amounts to determining "whether reconsideration is necessary under the relevant circumstances." *Id*. Nonetheless, the court's discretion under 54(b) is limited by the law of the case doctrine and "subject to the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Singh v. George Wash. Univ.*, 383 F. Supp.2d 99, 101 (D.D.C. 2005) (internal citations omitted).

Agreeing with defendant's assessment that plaintiff's motion is "difficult to follow," Def.'s Opp. at 1, the court liberally reads the motion as seeking reconsideration of the dismissal of the claim brought under the Family Medical Leave Act ("FMLA"). *See* Mem. Op. at 1, n.1 (dismissing FMLA claim for failure to plead any supporting facts). The current motion presents no basis for reconsidering that decision. To the extent that plaintiff is seeking to amend the complaint to add a FMLA claim, he has not accompanied the motion with "an original of the proposed pleading as amended." LCvR 7(i). Compliance with this requirement is particularly needed here to assess whether allowing an amendment at this late, post-discovery stage of the proceedings would be a futile exercise, given that most of plaintiff's initial claims have already been dismissed by application of the doctrine of *res judicata* or collateral estoppel. *See* Mem. Op. at 4-7.

Accordingly, it is this 14th day of August 2008,

ORDERED that plaintiff's Motion for Reconsideration of Opinion and Enlargement of

Time; Also, to Proceed with Discovery on the Above Captured Matter, by Amending the Whole Complaint [Dkt. No. 42] is DENIED.

                          RICARDO M. URBINA
                        United States District Judge