UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| THOMAS D. BROWN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action 07-0509 (RMU) |
| | ) | |
| HENRY M. PAULSON, JR., Secretary, | ) | |
| Department of the Treasury, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF FILING

Yesterday, August 13, 2008, Defendant filed a motion to dismiss each of the claims that

remain in the above-captioned action.  In its memorandum of points and authorities in support of

its motion to dismiss, Defendant cited to, inter alia, the Declaration of Patrick Reidy.  Due to a

family emergency, Mr. Reidy was unable to provide the undersigned counsel with a signed copy

of his declaration prior to the filing of Defendant's motion to dismiss.  The undersigned counsel

has now received a signed copy of Mr. Reidy's Declaration, and is attaching the Declaration to

the instant filing.

Dated:  August 14, 2008                      Respectfully submitted,


                                             ___/s/_____
                                             JEFFREY A. TAYLOR, D.C. BAR # 498610
                                             United States Attorney


                                             ___/s/_____
                                             RUDOLPH CONTRERAS, D.C. BAR # 434122
                                             Assistant United States Attorney

                                        /s/
                                _____
                                CHRISTOPHER B. HARWOOD
                                Assistant United States Attorney
                                555 Fourth St., N.W.
                                Washington, D.C.  20530
                                Phone: (202) 307-0372
                                Fax: (202) 514-8780
                                Christopher.Harwood@usdoj.gov

Of Counsel:

Nichole Jenkins Washington
Office of the Chief Counsel
Department of the Treasury
Bureau Of Engraving and Printing

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2008, I caused a copy of the foregoing to be served

upon Plaintiff via the Court's ECF system and via first class mail, postage prepaid, addressed as

follows:

THOMAS D. BROWN, SR.
3162 17th Street, N.W.
Washington, DC  20010-2748


                                              /s/
                                    Christopher B. Harwood

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THOMAS D. BROWN, SR., <br> 3162 17th Street, N.W. <br> Washington, DC  20010-2748 <br> Plaintiff, <br><br> v. <br><br> HENRY M. PAULSON, JR., Secretary, <br> Department of the Treasury, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action 07-0509 (RMU) |

## PATRICK REIDY DECLARATION

I, Patrick Reidy, declare the following to be a true and correct statement of facts based on my personal knowledge:

1.  I am an Assistant Supervisor, Photoengraving, at the Department of the Treasury's, Bureau of Engraving and Printing ("Bureau"). I have been employed at the Bureau since May of 2000.

2.  I have over thirty-eight years experience in the pre-press and printing industry. I have been a supervisor in the pre-press/printing industry for over 20 years, and I owned my own pre-press business for nine years. The bulk of my experience in the industry is in color (multi-color and single-color) printing.

3.  In my current position at the Bureau, and during the time period in question in the above-captioned case, I am/was the primary overseer of the preparatory portion of manufacturing printing plates as it relates to color printing and photography. In carrying out my duties, I supervise employees who perform color-correcting functions, color printing, and film output for color reproductions.

4.  I stand by the affidavit that I submitted on October 4, 2005, to the EEO investigator in the complaint filed by Mr. Thomas D. Brown, Sr., and I incorporate by reference the contents of that affidavit. During the time period in question, I was Mr. Brown's second line supervisor.

5.  On or about March 5, 2004 I issued a memo to Mr. Brown concerning a project that had been assigned to him (in final form) on February 25, 2004. The

due date for the project, as stated in the March 5, 2004 memo, was March 9, 2004. The assignment should have taken no more than three or four hours to complete.

6. I issued the March 5, 2004 memo to Mr. Brown because it was important that the assignment referenced therein be completed as quickly as possible, and by no later than March 9, 2004, so that the Bureau could fulfill its production obligations to its client. I also issued the March 5, 2004 memo to Mr. Brown because I wanted to convey to him the importance of completing the assignment in an expedited fashion. The purpose of the March 5, 2004 memo was to follow up with Mr. Brown concerning the project and to reiterate the importance of its completion by March 9, 2004. I verbally told Mr. Brown to focus on the above-referenced particular project. I did not assign him any other projects during the time period in question because I did not want anything to interfere with the completion of the assignment.

7. Prior to December 2003, in an attempt to standardize work hours for each employee within the Bureau (and to address the fact that employees had been reporting to work at irregular hours), I drafted and circulated to all employees who worked within Mr. Brown's section—including Mr. Brown—an excel spreadsheet that listed each employee's daily start and finish time in order to remind all employees of their official duty hours. Mr. Brown's official duty hours, as indicated on that spreadsheet (which is attached hereto as Exhibit 1), as well as on his official timecards, was 7:00 am – 3:30 pm.

8. Mr. Brown was advised on several occasions that if he needed to report to duty later than his normal work hours, then he should seek prior approval from a supervisor. He was further advised that he was not permitted to take it upon himself to report to duty at any time he wished, but that he was required to report during his official duty hours unless otherwise instructed. Mr. Brown was well aware that he was not working a flexible work schedule, but a more consistent one (with a start time of 7:00 am) based on the needs of the Photoengraving section. All other employees within the Photoengraving section were given similar instructions.

9. Employee time cards were due to be submitted to the timekeeper on December 15, 2003. As of that date, Mr. Brown had not submitted a leave slip for his late arrival on December 8, 2003 reflecting his 7:00 am start time (despite having received repeated instructions to do so). Consequently, I contacted Mr. Brown and told him that if he wished, he could resubmit a leave slip reflecting a start time of 7:15 am (as he had done originally) and that he would be charged one hour of leave (7:15 am to 8:15 am) and ¼ hour of AWOL (7:00 am to 7:15 am). Thereafter, on December 15, 2003, Mr. Brown resubmitted a leave slip covering the period 7:15 am to 8:15 am, which I signed. Later that same day, I issued Mr. Brown an AWOL charge notice for the period 7:00 am to 7:15 am. The AWOL charge notice was issued solely because Mr. Brown had refused to

submit a leave slip for his late arrival on December 8, 2003 that reflected his 7:00 am start time. The AWOL charge notice requested that Mr. Brown furnish me with "any explanation which [he] believe[d] might justify a change in the recording." Mr. Brown did not respond to the AWOL charge notice. As a result, he was charged with 15 minutes of AWOL in connection with his late arrival on December 8, 2003.

10. I did not consider Mr. Brown's race or prior involvement in the EEO process when I took the actions that are at issue in the above-captioned case.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed in the District of Columbia, this 14th day of August, 2008.

_____
Patrick Reidy

3

| | Start | Finish | Lunch | Comments/Notes |
|---|---|---|---|---|
| Armstrong, Robert | 6:00 | 3:30 | 12:15-12:45 | AWS 5/4-9. |
| Babel, Robert | 6:00 | 2:30 | 11-11:30 | |
| Brown, Thomas | 7:00 | 3:30 | 11-11:30 | |
| Burch, Sidney | 6:00 | 2:30 | 12-12:30 | |
| Freeman, Marjorie | 6:00 | 3:30 | 11:30-12 | AWS 5/4-9. Off 2nd Friday, 8 hr on 1st Friday |
| Gunter, Linda | 6:30 | 3:00 | 11:30-12 | |
| Jefferson, Thomas | 8:00 | 2:30 | 12-12:30 | |
| Keeler, Marion | 6:00 | 3:30 | 12-12:30 | AWS 5/4-9. Off 1st Friday, 8 hr on 2nd Friday |
| Krajecki, Phillip | 7:00 | 3:30 | 12:15-12:45 | |
| Maktos, Glenn | 6:00 | 2:30 | 11-11:30 | |
| Pappadoulis, George | 6:00 | 2:30 | 11-11:30 | |
| Powell, Phillip | 6:15 | 2:45 | 11-11:30 | |
| Sorsdal, Retta | 6:30 | 3:00 | 11-11:30 | |
| Spriggs, Linda | 6:00 | 2:30 | 12:15-12:45 | |
| Stubbs, Richard | 6:00 | 2:30 | 12:15-12:45 | |
| Wiedenhoeft, Louis | 6:00 | 2:30 | 11-11:30 | |



GOVERNMENT
EXHIBIT
1

154